IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America** | * |
| | * |
| v. | * Case No. 21-cr-0386-2 (TNM) (ZMF) |
| | * |
| **Pauline Bauer,** | * |
| Defendant. | * |
| | ******* |

**MEMORANDUM OF LAW REGARDING CONTEMPT**

The Court should lift the Summary Contempt punishment and release Ms. Bauer as there is no compelling reason for imposing the immediate remedy of detention. Ms. Bauer appeared as directed by the Court. She provided the Court with all information required to allow the Court to make a determination on pretrial release. She was not disruptive, disrespectful or otherwise obstreperous. The basis for her objections to answering certain of the Court's questions were based on her assertion of rights protected by the First and Fifth Amendments. There is therefore no need for the Court to exercise its summary contempt authority to jail her overnight or for any additional time.

**I.      Procedural History**

On May 19, 2021, Ms. Bauer was arrested in Pennsylvania, where she resides on a Criminal Complaint arising out of her alleged presence in the United States Capitol on January 6, 2021. Complaint (ECF 2); Warrant Return (ECF 10). On that same date, Ms. Bauer appeared before Magistrate Judge Richard A. Lanzillo in the Western District of Pennsylvania, for an initial appearance. At the time, she declined the appointment of counsel. She was released pretrial on an unsecured bond.[1]

---

[1] *United States v. Bauer*, No. 1:21-mj-00057-RAL-2, docket entries 8-12.

On June 4, 2021, an Indictment was returned in this district charging Ms. Bauer with obstructing an official proceeding in violation 18 U.S.C. § 1512(c)(2), a felony; and four misdemeanor offenses related to her alleged presence in the Capitol in violation of 18 U.S.C. §§ 1752(a)(1) and (2); 40 U.S.C. § 5104(e)(2)(D) and (G). Indictment (ECF 11). As directed by the District Court in the Western District of Pennsylvania, Ms. Bauer appeared in this district for a virtual initial appearance on June 11, 2021.

On June 11, this Court terminated Ms. Bauer's virtual hearing "due to her inability to show qualm and decency to the Court" and scheduled an in-person hearing, originally scheduled for June 18, 2021. The hearing had to be continued to June 21, 2021 due to the recently declared federal holiday. Ms. Bauer appeared in Court on June 21, 2021 as directed.

**II.      Factual Background**

At the hearing on June 21, 2021, Ms. Bauer stated that she was making a "divine special appearance" as a "free living soul" and "a woman."[2] Ms. Bauer also cited several passages from religious scripture as the basis for her statements. Ms. Bauer also sought to read a document into the record. The Court accepted the document, indicating that it would enter it into the record but rejected Ms. Bauer's request that she be allowed to read the 37-page document during the hearing. Upon information and belief, that document sets out various references to God, citations to Bible passages, and Constitutional Amendments as the basis for Ms. Bauer's statements to the Court.

---

[2] Counsel does not have a transcript of the proceedings that were held on June 11 or June 21, 2021 before this Court. The citations are based on notes taken by counsel at the time.

The Government indicated that it was not seeking detention but asked the Court to impose what it termed the standard conditions of detention, which included that she not commit other offenses, not possess a firearm, not travel to the District of Columbia except for court appearances, not travel outside the Western District of Pennsylvania without advance notice to Pretrial Services, not travel outside the country without approval of hte Court, and contact Pretrial Services as directed.

Among other things, Ms. Bauer asserted her rights under the Bill of Rights. She also stated to the Court that no conditions of release should be imposed as she was innocent of the charges, had not harmed anyone, and had not caused any damage. She also told the Court that she was the owner of a business, which she has operated for 18 years. She objected to conditions of release because she had an upcoming planned vacation and seminar to attend. She explained to the Court that she would agree not to possess a firearm in her home but required a firearm at her place of business. She reiterated that she was not a danger to the community and that she in fact engaged in a number of volunteer activities in her community. Ms. Bauer indicated that she would not speak to Pretrial Services.

When Ms. Bauer declined to answer a number of questions that the Court posed to her including whether she would be willing to be placed under oath and swear to abide by the conditions of pretrial release, the Court suspended the hearing, directed the Marshals to detain her and indicated that it would reconvene the hearing later in the day to give her time to reconsider. The Court also told Ms. Bauer that it would hold her in contempt if she continued to refuse to answer questions and abide by the procedures for the hearing.

### III.     Legal Analysis

In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Bail Reform Act of 1984 falls within that carefully limited exception.

> Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a person awaiting trial on a federal offense may either be released on personal recognizance or bond, conditionally released, or detained. *See* 18 U.S.C. § 3142(a). The Act establishes procedures for each form of release, as well as for temporary and pretrial detention. Detention until trial is relatively difficult to impose. *First, a judicial officer must find one of six circumstances triggering a detention hearing. See* 18 U.S.C. § 3142(f). Absent one of these circumstances, detention is not an option.

*United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (emphasis added).

### A.     No Detention Hearing Should Have Been Held In This Case

As a threshold matter therefore, no detention hearing should be held in this case. *Singleton; United States v. Gloster,* 969 F.Supp. 92, 94 (D. D.C. 1997)("The threshold question, however, is whether detention is available at all for one of the six enumerated reasons; if not, then no matter how dangerous or antisocial a defendant may be, Congress has concluded that such a defendant must be released, either on personal recognizance or on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of any other person and the community."); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir.1992) ("A hearing can only be held if one of the[se] six circumstances ... is present; detention can be ordered only after a hearing is held pursuant to § 3142(f).").

As the charges pending against Ms. Bauer do not fall within one of the "six circumstances" that trigger a detention hearing under 18 U.S.C. § 3142(f) in the first place, no detention hearing should be held.  Under the Bail Reform Act, the Court must therefore release Ms. Bauer pending trial on personal recognizance or on an unsecured appearance bond only "subject to the condition that the person not commit a Federal, State, or local crime during the period of release." 18 U.S.C. § 3142(b).[3]

### B.    Ms. Bauer Should Be Released On Personal Recognizance With No Additional Conditions

In order to impose any further conditions, the Court would be required to find that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." *Id.*  But there is no basis for making such a finding.

Ms. Bauer voluntarily appeared before this Court on June 11, 2021 and again on June 21, 2021.  She did so despite the fact that the Court had threatened to hold her in contempt if she did not respond to various questions, which she asserted she had a constitutional and religious right to refrain from answering.  On June 21, 2021, Ms. Bauer traveled approximately 300 miles from her home to the District of Columbia on short notice when the Court had to reschedule the hearing to accommodate a federal holiday that was declared for June 18, 2021.

---

[3]   The other condition set out in § 3142(b) – that "the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a)" – does not apply in this case.

Moreover, Ms. Bauer has no prior convictions. And, Ms. Bauer has led an exemplary and productive life. As Ms. Bauer told the Court, she has been a business owner for 18 years. Her sister submitted a letter to the Court in the Western District of Pennsylvania that further describes that Ms. Bauer is a responsible member of her community. Letter attached as Ex. 1.

> Pauline is the hardest working woman I know who always puts others before herself. She has successfully operated her restaurant business for over 15 years and works 13-14 hour days right alongside her employees. She has employed many young adults throughout the community and has mentored them through graduation making sure that they are accountable for their responsibilities. She has helped with homework at times, provided volunteer opportunities, catered school evesnts and has even provided financial assistance and basic essentials to those in need in order to advance them. Shew has volunteered her time and services to many events throughout the community and is always willing to help others in need when asked and sometimes when not even asked. I know this as being fact because I have personally helped in many of those events and have witnessed her generosity.

Only if the Court were to find that personal recognizance or an unsecured appearance bond is insufficient, may the Court consider imposing the additional conditions sought by the Government. It is those conditions that led to the impasse that resulted in the Court holding Ms. Bauer in contempt. If those conditions are not necessary, then no additional inquiry of Ms. Bauer is necessary.

### C. Even Were Additional Conditions Deemed Necessary, the Court May Impose Them Without Additional Action from Ms. Bauer

Even were the Court to determine that it must impose additional conditions, it may do so without requiring Ms. Bauer to submit to be sworn in. The Bail Reform Act only requires the Court to set the conditions out in writing in a sufficiently clear manner and advise Ms. Bauer of the conditions and the consequences of her failure to abide by them. *See* 18 U.S.C. § 3142(h).[4] The Act does not require Ms. Bauer to take an oath and swear to abide by the conditions. *See also United States v. Mitchell*, 405 F. Supp.2d 602 (D. Md. 2005) (denying motion filed by defendants who challenged court's jurisdiction over their persons as "sovereign citizens" without requiring defendants to accede to the Court's jurisdiction or take any other action).

---

[4] Section 3142 provides:

(h) Contents of Release Order.—In a release order issued under subsection (b) or (c) of this section, the judicial officer shall—

> (1) include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and
>
> (2) advise the person of—
>
> (A) the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release;
>
> (B) the consequences of violating a condition of release, including the immediate issuance of a warrant for the person's arrest; and
>
> (C) sections 1503 of this title (relating to intimidation of witnesses, jurors, and officers of the court), 1510 (relating to obstruction of criminal investigations), 1512 (tampering with a witness, victim, or an informant), and 1513 (retaliating against a witness, victim, or an informant).

In analogous situations where a Court imposes conditions of probation or supervised release on a convicted person, the person is similarly not required to swear that he or she will abide to such conditions.

In addition, the Court could also proceed as the Magistrate Judge in Pennsylvania did. In that district, it appears that the Magistrate Judge signed the Appearance Bond and the Release Order himself on behalf of Ms. Bauer. *See* Ex. 2. This Court could similarly do the same if Ms. Bauer refused to sign the documents. Significantly, Ms. Bauer appeared in this district as directed by the Court in the Western District of Pennsylvania.

### D. Summary Contempt Is Not Warranted in This Case

While the Court has the power pursuant to 28 U.S.C. § 636(e) to "punish summarily" a person who misbehaves in the Court's presence "so as to obstruct the administration of justice," Ms. Bauer's conduct did not rise to that level.[5]

As noted above, Ms. Bauer conduct did not rise to the level of "misbehavior" subject to summary punishment. She was not disrespectful of the Court. She answered a number of the questions that the Court posed to her. She appeared as ordered.

She refused to answer certain questions not as a function of obstreperous disrespect of the Court. She asserted religious and constitutional reasons for her decision to refuse to answer. Even if the Court determined that the basis of her objections lacked merit that is not a basis for summarily punishing Ms. Bauer particularly where she was appearing pro se. *See Harris v. United States*, 382 U.S. 162 (1965) where the Supreme Court held that summary

---

[5] The Court may not otherwise hold Ms. Bauer in contempt but would be required to certify the facts to the district judge for further proceedings pursuant to 28 U.S.C. § 636(e)(6)(B).

contempt proceedings in aid of a grand jury probe did not constitute contempt "in the actual presence of the court" for purposes of Rule 42(a). The absence of a disturbance in the court's proceedings or of the need to immediately vindicate the court's authority made the witness' refusal to testify an offense punishable only after notice and a hearing.

The additional questions that the Court asked of Ms. Bauer were not necessary for the Court to carry out its obligations and thus did not "obstruct the administration of justice" as required for the exercise of summary criminal contempt authority under 28 U.S.C. § 636(e)(2). The Court may issue a Release Order without requiring that Ms. Bauer be sworn and agree to abide by the conditions. Indeed, Ms. Bauer submits that the Bail Reform Act does not authorize the Court under the facts and circumstances of this case to impose additional conditions.

Lastly, there is no need to impose a condition that Ms. Bauer subject herself to be interviewed by Pretrial Services. Pretrial Services has all the information necessary for them to carry out their duties. The Pennsylvania Pretrial Services Office has Ms. Bauer's address, the location of her business and her phone number. In addition, the letter from Ms. Bauer's sister contains all the confirmation that Pretrial ordinarily generally requires and seeks in order to provide supervision. If additional confirmation is necessary, Pretrial may contact Ms. Bauer's sister for that information.

## CONCLUSION

The Court should release Ms. Bauer on the least restrictive conditions as required by the Bail Reform Act. In this case, release should therefore be on "personal recognizance . . . subject to the condition that [she] not commit a Federal, State, or local crime during the period of release." 18 U.S.C. § 3142(b). Under the facts of this case, no additional conditions are necessary to assure her appearance. Under § 3142(f), there is no basis for holding a detention hearing or finding that she presents a risk of danger to the community. Were the Court to determine that additional conditions are necessary, the Court may impose them without requiring that Ms. Bauer answer any questions, swear to abide by said conditions or taken any other action.

Accordingly, the Court should lift the contempt and release Ms. Bauer.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
MD Trial Bar No. 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the instant Memorandum was served this 22nd day of June, 2021, via ECF on all counsel of record.

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**