IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

United States of America,    ) Criminal Action
                             ) No. 1:21-cr-00386-TNM
              Plaintiff,     )
                             ) **Initial Appearance and**
vs.                          ) **Arraignment**
                             )
Pauline Bauer,               ) Washington, D.C.
                             ) June 21, 2021
              Defendant.     ) Time:  1:24 p.m.
_____

Transcript of **Initial Appearance and Arraignment**
Held Before
The Honorable Magistrate Judge Zia M. Faruqui
United States Magistrate Judge

_____

A P P E A R A N C E S

For the Plaintiff:      **Jacob Steiner**
                        U.S. ATTORNEY'S OFFICE FOR THE
                        DISTRICT OF COLUMBIA
                        Major Crimes Section
                        555 Fourth Street, Northwest
                        Washington, D.C. 20530

Also Present:           **Carmen D. Hernandez**
                        7166 Mink Hollow Road
                        Highland, Maryland 20777

                        Andre Sidbury, Pretrial
                        Services Officer

Proceedings reported by FTR Gold Electronic Recording Software.
_____

Transcribing Stenographic Court Reporter:
                        Nancy J. Meyer
                        Registered Diplomate Reporter
                        Certified Realtime Reporter
                        United States Courthouse, Room 6509
                        333 Constitution Avenue, Northwest
                        Washington, D.C. 20001
                        202-354-3118

P R O C E E D I N G S

1

2          THE COURTROOM DEPUTY:  All rise.  All rise.  Ma'am, I

3     need you to stand.

4          THE COURT:  That's all right.

5          THE COURTROOM DEPUTY:  This court is now in session.

6     Magistrate Judge Zia M. Faruqui presiding.  Please be seated

7     and come to order.

8          Your Honor, this is in Criminal Case 21-386, Defendant

9     No. 2:  The United States of America v. Pauline Bauer.  The

10    defendant is present in the courtroom.  This matter is set for

11    an in-person initial appearance and arraignment.

12         Parties, please introduce yourselves for the record,

13    starting with the government.

14         We're having so many issues today.

15         Mr. Steiner, can you hear me?  I don't know what's going

16    on today, Judge.

17         THE COURT:  You can just dial him in, if you want to.

18         Mr. Steiner, can you hear me?

19         THE COURTROOM DEPUTY:  Let's try this.  I'll try

20    this.

21         Hello, Mr. Steiner.  Can you hear us?

22         MR. STEINER:  I can, yes.

23         THE COURTROOM DEPUTY:  Okay.

24         THE COURT:  Thanks so much.  If you can please enter

25    your appearance.

1       MR. STEINER:  Your Honor, this is Jacob Steiner for

2   the United States.  I'm standing in for Vivien Cockburn this

3   afternoon.

4       THE COURT:  Great.

5       And Ms. Bauer is proceeding pro se, as we discussed

6   before.  Ms. Bauer, I'm going to tell you a little bit about

7   what I think are the choices and road, kind of, ahead of you

8   today and then give you an opportunity to speak, and then we

9   will see how it goes.

10      I'm hopeful that given the path before you there is one

11  that's fairly straightforward in which I go through your

12  rights, you make your decisions about how you want to go

13  forward.  I believe that you want to proceed pro se, which

14  means representing yourself.

15      THE DEFENDANT:  I do not represent myself.

16      THE COURT:  Okay.

17      THE DEFENDANT:  I am here in divine special

18  appearance as a living soul, a woman.

19      THE COURT:  Thank you, Ms. Bauer.

20      So I'll speak and I'll give you an opportunity to speak.

21  If you aren't able to follow those rules, then I will have to

22  hold you in contempt, and it is the last thing that I want to

23  do is see you taken back and detained, because the goal of this

24  proceeding today is to just get your initial appearance done,

25  advise you of your rights, enter the conditions of release.

1      The government is not asking that you be detained.  So

2   if you're able to get through this hearing today, you'll walk

3   through those doors, go home, and I would think, hopefully, be

4   able to then proceed with your case however you choose to.

5   You'll next be before Judge McFadden.  He is the district judge

6   in this matter who's handling your case.  You'll have the

7   opportunity to litigate, argue that he does not have

8   jurisdiction because you are a sovereign citizen in front of

9   him.  Unfort- --

10      THE DEFENDANT:  I'm not a sovereign citizen.  I'm a

11   sovereign people.

12      THE COURT:  Sovereign person.  Thank you.

13      THE DEFENDANT:  I'm not a person.

14      THE COURT:  People.  You're a sovereign people.

15      THE DEFENDANT:  People.

16      THE COURT:  You'll have the opportunity in front of

17   Judge McFadden to make all of those arguments, and he will rule

18   however he wants to, and you'll then be able to react.  But

19   you're going to be stuck with me unless we can get through this

20   proceeding today.  So that will be up to you how you want to go

21   ahead.

22      I want to first tell you I am not appointing anyone to

23   be your lawyer.  I just want to tell you the three options, and

24   then I'll hear what you have to say.  The first is the

25   traditional, which we talked about at the last hearing, which

1   you're very clear you do not want, which is that someone would

2   represent you as your lawyer.  And you said you don't want

3   that.  That's your right.

4         The second is called standby counsel, which is where a

5   lawyer is just there on standby; right?  You know, if you've

6   been on a flight, you know, you're kind of there and you're

7   waiting.  If someone calls you, you get the call.  If not, then

8   you don't.  And so normally for all cases what we do is that we

9   have standby counsel who's just there, and if you want help

10   from them, then you say:  Standby counsel, actually, I want to

11   talk to them.  I'm not going to listen to them necessarily, but

12   I want to hear what they have to say.  Maybe it's useful.

13   Maybe it's not.  That's what Ms. Hernandez is willing to do.

14         And the third option is just you pro se, no lawyer, even

15   on standby.

16             THE DEFENDANT:  I'm not pro se.

17             THE COURT:  Okay.  Well, you're on your own, however

18   you the people -- however you want to proceed.  Those are the

19   three options.

20         So I first want to know -- because I don't want to do

21   anything, Ms. Bauer, within my power and within the rules of

22   the Constitution that's going to frustrate how you perceive

23   this should go forward.  And so given those three options, I

24   think it's very clear you do not want to have me appoint

25   counsel; correct?

1        THE DEFENDANT:  Correct.

2        THE COURT:  Great.

3     Can you just tell me about standby counsel?  They're not

4  going to do anything.  They're not going to say anything, and

5  they're just there in the background.  You still don't want

6  that?

7        THE DEFENDANT:  No.

8        THE COURT:  You're sure?

9        THE DEFENDANT:  Yes.

10        THE COURT:  Okay.  Ms. Hernandez, at this point I

11  think Ms. Bauer has indicated she does not want to have standby

12  counsel.  I think that, understandably, it's her life and she

13  should be able to make decisions about who does or does not

14  represent her.  And so I appreciate that you want to help, even

15  in the standby role, but I think that that will only inflame

16  how things are going forward.  So at this point, Ms. Hernandez,

17  I will relieve you as standby counsel.

18     If Ms. Bauer decides in the future that she wants

19  someone on standby, perhaps we will come back to you, but if

20  you have any concerns about that, I'm happy to hear from you,

21  Ms. Hernandez.

22        MS. HERNANDEZ:  I'll do what the Court orders,

23  Your Honor.  I'm happy to leave the hearing right now.

24     Were the Court to hold her in contempt, I -- I would ask

25  that the Court stay its order; but, again, I --

1        THE COURT:  Understood.

2        MS. HERNANDEZ:  I'm sorry.  I'm hearing a lot of echo

3    in the background.

4        THE COURT:  Okay.  Thank you, Ms. Hernandez.

5        MS. HERNANDEZ:  So if the Court were to consider

6    holding her in contempt, I would ask that the Court stay that

7    and -- and -- so she can appeal it to Judge McFadden.

8        THE COURT:  Thank you.  That makes sense.

9        So I will at this point relieve you.  If for some reason

10   things do not progress and we're unable to get this proceeding

11   done today -- I don't believe that'll be the case.  I think

12   Ms. Bauer does not want to be in custody.  I do not want to put

13   her in custody.  I think we're on -- on the same wavelength

14   here.  And so I am hopeful we will not get to a contempt

15   proceeding.

16       But if you could please just stay on as a public

17   participant on the line, I would appreciate that, just because

18   this is open court.  It's open to the public, and it is an

19   official record that will be listed and -- for future purposes

20   as the district court.

21       MS. HERNANDEZ:  So, I'm sorry, you want me to get off

22   and call in on the public line?

23       THE COURT:  No, no.  I'm sorry.  You can just stay on

24   the line now as a public participant --

25       MS. HERNANDEZ:  Okay.

1          THE COURT:  -- if you don't mind.

2          MS. HERNANDEZ:  I -- I don't mind.  Thank you, Your

3   Honor.

4          THE COURT:  Thank you, Ms. Hernandez.

5          So, Ms. Bauer, there's various simple things we have to

6   do today.  I've advised you of the right to counsel.  You have

7   chosen -- I think you are -- made a knowing, intelligent, and

8   voluntary waiver.  We spoke previously, and it's clear to me

9   that you do not want outside representation, which is your

10  right to do so.  The Constitution guarantees you that.  That's

11  in the Sixth Amendment.  And so you have exercised that right,

12  and that is your right to do so.  So we'll go forward with that

13  right having been exercised.

14         The next is the right to remain silent.  I just have to

15  warn you that anything that you say can be used against you in

16  future proceedings, and so I want to be careful that whatever

17  we say here, you don't say something that could jeopardize

18  your -- whatever you want to do in the next proceeding in front

19  of Judge McFadden.  You've been advised of that at our previous

20  proceeding, but I just wanted to remind you because it's

21  important.

22         The government, Mr. Steiner, is on the line.  Anything

23  that you say now or at a future point, they could try to use

24  that against you.  And so it's my job that -- make sure that

25  you hear that.

1    The next thing I want to do is talk about the conditions

2    of release.  Mr. Steiner represents the United States as the

3    prosecutor.  He has a right to ask for you to be detained prior

4    to trial or that you are out on release conditions.

5    So, Mr. Steiner, I want to hear what you're asking in

6    terms of the conditions of release for Ms. Bauer or if you're

7    seeking to have her detained.

8    MR. STEINER:  Your Honor, the government is

9    requesting what I'll refer to as the standard or baseline

10   conditions of release.  That would include that Ms. Bauer stays

11   away from the District of Columbia unless for court

12   appearances, pretrial service appointments, or attorney

13   consultations; that Ms. Bauer report to pretrial services from

14   her home jurisdiction as directed; and that she verify her

15   address, if she has not already done so.

16   And Ms. Bauer notify pretrial services in advance of any

17   travel that is within the United States or outside her home

18   federal court jurisdiction; that Ms. Bauer may travel outside

19   the continental United States only after first obtaining Court

20   approval; that Ms. Bauer participate in all future proceedings

21   as directed; and Ms. Bauer not possess any firearms,

22   destructive devices, or other dangerous weapons; and that

23   Ms. Bauer not commit any local, state, or federal crimes.

24   THE COURT:  All right.  Thank you.

25   And, Mr. Sidbury, you're on the line there?

1      THE DEFENDANT:  I do not consent to those terms.

2      THE PRETRIAL SERVICES OFFICER:  I am, Your Honor.

3      THE COURT:  Yeah, I'll give you a chance, and

4  Mr. Sidbury will go next.  He's -- so Mr. Sidbury is the

5  pretrial services officer.  He represents the Court.  That's

6  who represents people -- who represents the Court in

7  supervising people on pretrial release, those who are not being

8  detained.

9      So sorry.  Mr. Sidbury, if you could introduce yourself

10  and let us know what you have to add.

11      THE PRETRIAL SERVICES OFFICER:  Andre Sidbury for

12  pretrial services.

13      Your Honor, at this time we would request that she

14  report to our office by telephone to have an interview done,

15  but all of the other conditions that would -- that were

16  presented by AUSA Steiner are -- are okay release conditions.

17      THE DEFENDANT:  I can't hear him at all.

18      THE COURT:  Okay.  That's all right.  I can repeat it

19  for him.

20      So, Mr. --

21      THE DEFENDANT:  That's okay.  I don't need to hear

22  it.

23      THE COURT:  Well, I have to make the record.

24      THE DEFENDANT:  Oh.  Consent --

25      THE COURT:  Mr. Sidbury just said that he wants --

1    THE DEFENDANT:  Consent makes law.  Contract --

2    (Indiscernible simultaneous cross-talk.)

3    THE COURT:  Again, you're going to wait for me to

4    speak.  If you don't [sic] give me my turn, I will give you

5    your turn.  I promise.

6    Mr. Sidbury simply said that he, as a pretrial services

7    officer, needs you to call in, as is every other person who is

8    on pretrial release, and just do an interview where you give

9    your name and your information and how they can contact you.

10   Next, I am going to turn to you to hear any objections

11   that you have as to the conditions of release.  I'm only

12   talking about the conditions of release now.  Go ahead.

13   THE DEFENDANT:  I would like to give a -- a copy to

14   him.

15   THE COURT:  So you can give it to Ms. Lavigne-Rhodes

16   to hand to me, or I can just take it.

17   Thank you.

18   THE DEFENDANT:  Since you have not uploaded my notice

19   of special appearance, I'm going to read it into the court.

20   Created by, semicolon, capital letter, Pauline, lower

21   case --

22   THE COURT:  Ms. Bauer, I can simply just enter this

23   on the record now by order.  We haven't done anything because

24   we did not conclude our previous proceeding.  So I will hereby

25   order that Ms. Bauer --

1      THE DEFENDANT:  Sir, if you keep interrupting me,

2  I'll consider it as trespassing.

3      THE COURT:  Okay, ma'am.  It's only a one-way street

4  here right now.  Only I can hold you in contempt.  You cannot

5  hold me in contempt.  So I'm -- I'm following your request.

6      THE DEFENDANT:  Are you railroading me again?

7      THE COURT:  No.  I'm following your request.  I'm

8  going to put this into the record.  You'd like this into the

9  record.  There is no court proceeding that we have had where

10  we're going to go through a 37-page plea and it's not relevant

11  to what we're asking.

12      I want to make sure you can leave this room out through

13  those doors.

14      THE DEFENDANT:  I am going to read this into the

15  record.

16      THE COURT:  Ma'am, you're not going to do that.  I'm

17  going to enter it into the record.

18      THE DEFENDANT:  I'm going to read this into the

19  record.

20      THE COURT:  It's not relevant to what we're doing.

21  So now this is your last chance, Ms. --

22      THE DEFENDANT:  It is relevant to what we're doing.

23      THE COURT:  Ms. Bauer, why don't you summarize.

24      THE DEFENDANT:  A de facto corporation has no

25  authority over me.

1          THE COURT:  Do you have any -- you have clear

2    concerns about the conditions of release.  Do you want no

3    conditions?  I just need to know what you want.

4          THE DEFENDANT:  I want no conditions of release.

5          THE COURT:  Thank you.

6          THE DEFENDANT:  No.

7          THE COURT:  Great.

8       And so I'm going to one at a time go through them, and

9    if you can help me understand what you think of them.  If I

10   have questions, some of them will be self-evident.

11      So let's start with the travel outside the

12   United States.  You have to just notify pretrial and ask for

13   their permission.  Is that something you don't think you can

14   do?

15         THE DEFENDANT:  I would be happy to do that if you

16   could bring on burden of proof that I am a danger to society.

17         THE COURT:  Okay.  And so that's actually a flight

18   risk.  So that's only if you're leaving the country that you

19   have to then get permission.  If you're not leaving, you don't

20   have to ask for permission.  So --

21         THE DEFENDANT:  I don't have to ask permission at

22   all.

23         THE COURT:  Okay.

24         THE DEFENDANT:  I have not done any damage to anyone

25   or have harmed any- -- anything.

1        THE COURT:  Ms. Bauer, you're -- you're correct.

2   You're, in fact, innocent right now.  That's what I believe.

3   That's what Judge McFadden believes, because that's what the

4   Constitution guarantees you, a right to be presumed innocent.

5   However, you have been charged with a crime.  So there's two

6   options:  There's one where you're detained and one where you

7   are out on release.

8        THE DEFENDANT:  I would be happy to accept the

9   charges, sir, if you could bring on burden of proof.  The

10  burden of proof comes from the accuser, not the one being

11  accused.

12       THE COURT:  And that's exactly what will happen in

13  front of Judge McFadden is that the government will have the

14  burden.  If they can't meet that burden, your case will be

15  dismissed.  Absolutely.  You are right.  You don't have to do

16  anything there because it's their job to show that whatever

17  they've alleged, which I believe that you're innocent of,

18  because that's what the Constitution says, they need to prove

19  beyond a reasonable doubt that it's true.

20       But we can't get there if you don't get conditions of

21  release set.  Because if you don't have conditions of release,

22  I can't hand off your case to Judge McFadden.

23       THE DEFENDANT:  I want no conditions of release.

24       THE COURT:  Okay.  And so I just want to know --

25       THE DEFENDANT:  Under my bill of rights, I am not

1    accused of any- -- I am not convicted of anything.

2              THE COURT:  That's correct.

3              THE DEFENDANT:  Therefore, that is against my

4    rights --

5              THE COURT:  Okay.

6              THE DEFENDANT:  -- to give me a condition of release.

7    I'm not convicted.

8              THE COURT:  Conditions of release are permitted by

9    the Bail Reform Act.  That's the law that determines whether or

10   not you're under -- in custody or out of custody.  And so I

11   understand that you do not want the conditions of release

12   any --

13             THE DEFENDANT:  Under God's law I did not harm anyone

14   nor did any damage to anything.

15             THE COURT:  Ms. Bauer, I just want to be -- and I'm

16   going to tell you again, it's up to you.  Every time you say

17   you didn't do something, that could imply that you could have

18   been at a place where someone might have done something

19   criminal.  I don't want you to say that because I want you to

20   have a successful defense when you get to Judge McFadden.

21        So any time you talk about anything that might be

22   happening --

23             THE DEFENDANT:  Under God's law --

24             THE COURT:  Mr. Steiner, is --

25             THE DEFENDANT:  -- I did no harm to anyone --

1      THE COURT:  Great.

2      THE DEFENDANT:  -- or any damage to anything.

3      THE COURT:  I think that's why Mr. Steiner is not

4  asking for you to be detained, whereas other people have been

5  detained in these proceedings.  He's asking for the standard

6  conditions of release.

7      I understand that you objected to all the conditions of

8  release.  I can't see a basis to do so, which is why I'm trying

9  to ask you if you're -- you can help me see why they are so

10  burdensome.  I understand that you're innocent, and so you feel

11  you shouldn't have any, but this is where maybe you can help me

12  understand if there's -- for instance, there are people who,

13  you know, are supposed to stay in your [sic] home district.

14      And so we had a defendant who was in Florida, but he was

15  a truck driver and he needed to drive through multiple

16  jurisdictions.  And so I did not include the conditions of the

17  release that he had to seek permission to go to another

18  district because that's burdensome.  And it is not helpful to

19  him.

20      THE DEFENDANT:  I am a business owner.

21      THE COURT:  Okay.

22      THE DEFENDANT:  And I don't get to take vacations

23  very often, and I have a vacation planned, plus I have seminar

24  plans.  And I do not understand -- I do not see why I am being

25  put into any of these conditions.  You let me go for five

1    months.  I was not a harm to anyone under God's law.

2            THE COURT:  So, Ms. Bauer, I have signed orders to

3    allow people who are on conditions of release to travel for

4    vacations.  You -- because you're presumed innocent, as you

5    said; that doesn't mean -- because there are -- there are

6    formal charges that have been brought against you -- that you

7    lose your rights to have and enjoy your life.  You absolutely

8    do get that.

9            And so I want to work with you to make sure that you can

10   operate your business, that you can go on vacation, that you

11   can do all the things that are within the system of what our

12   laws permit, the Bail Reform Act permits.  I think that that's

13   very reasonable, everything that you're requesting, but I need

14   you to help me figure out what are the things you're asking

15   for.

16           If it's just you don't want any of them, it's going to

17   be really tough because everyone else is getting them and

18   that's what's considered fair.  If you can show me:  Hey,

19   here's a reason why.  Like, do you have a firearm?

20           THE DEFENDANT:  It's my Second Amendment right to

21   have my firearm.

22           THE COURT:  Great.  So you do have a firearm.  And

23   you don't want to give that up; is that fair to say?

24           THE DEFENDANT:  That is.

25           THE COURT:  Okay.  Great.

```
 1               So one of the reasons why people have to give up
 2       their --
 3               THE DEFENDANT:  I am a business owner.
 4               THE COURT:  Uh-huh.
 5               THE DEFENDANT:  I can get robbed at any time.
 6               THE COURT:  Do --
 7               THE DEFENDANT:  I need to be able to defend myself.
 8               THE COURT:  Okay.  Do you keep your firearm in your
 9       business, or do you keep it at your home?  Because the concern
10       only primarily, I'll say -- Mr. Sidbury, we'll hear from him --
11       is that when pretrial services, if they ever have to come to
12       your home to check if there's an issue or anything --
13               THE DEFENDANT:  Pretrial services has no jurisdiction
14       over me.  It's a de facto corporation.
15               THE COURT:  Pretrial services is part of the Court.
16       It's part of what the Constitution established.
17               THE DEFENDANT:  It's a part of your de facto
18       corporation, and you have no jurisdiction over me.
19               THE COURT:  I'm --
20               THE DEFENDANT:  I am a free living soul, a woman, a
21       fiduciary, a trustee --
22               THE COURT:  So we're --
23               THE DEFENDANT:  -- a creation of God.
24               THE COURT:  -- we're going to have trouble getting
25       forward if you refuse to acknowledge that you'll have to
```

1    listen.  You don't have to agree that they have jurisdiction.

2              THE DEFENDANT:  I would like to read into the

3    court --

4              THE COURT:  We're -- I've already --

5              THE DEFENDANT:  My special appearance.

6              THE COURT:  I've already entered --

7              THE DEFENDANT:  I would like to read into the court

8    my notice of special appearance.

9              THE COURT:  I have already entered it onto the

10   record.  We don't need things that are already on the record.

11             THE DEFENDANT:  I would like to read into the

12   court's --

13             THE COURT:  I understand you would like that.

14             THE DEFENDANT:  -- my special appearance.

15             THE COURT:  But I don't think that that -- reading

16   that document is relevant.

17             THE DEFENDANT:  I am going to read --

18             THE COURT:  No, Ms. Bauer, you're not.

19             THE DEFENDANT:  -- my special appearance.

20             THE COURT:  Ms. Bauer, I don't -- please do not --

21   you have the keys to your jail cell.  Do not open it and put

22   yourself in it.  Let's focus on the conditions of release.

23             THE DEFENDANT:  Do not railroad me.

24             THE COURT:  Ma'am, I'm not railroading you.  I'm

25   trying to make sure that you can leave this courtroom today and

1    continue to maintain your business --

2              THE DEFENDANT:  I can leave this courtroom today when

3    I read my notice of special appearance.

4              THE COURT:  Let's get through the conditions of

5    release first, set those, and then we can talk about that.

6              THE DEFENDANT:  You don't have jurisdiction over me,

7    the free living soul, a woman.

8              THE COURT:  I don't need to argue with you about

9    that.  You are entitled to believe that, and you will be

10   entitled to argue that in front of Judge McFadden, but he's the

11   only person who can agree with you.  I don't have the ability

12   to say yes or no to that.  What I am trying to do is get you to

13   Judge McFadden so that you can make that argument, and he may

14   believe you and agree with you and say:  You're right.  The

15   case is dismissed.

16        But if you don't agree with moving this case forward,

17   you can't get there.  And so I just need you to understand the

18   conditions of release.

19        On the firearm, do you think that you would be

20   willing -- I can't even say.  I have to hear from the

21   government.  They may object and Mr. Sidbury may object, but

22   could you just leave the firearm at your place of business,

23   outside of your home?

24              THE DEFENDANT:  Yes.

25              THE COURT:  Okay.  Thank you.

1          Mr. Sidbury, the defendant has a business, and she's

2     concerned for her safety.  Given that pretrial typically makes

3     home visits, what do you think about having the condition

4     modified that the firearm has to be only at the business and

5     not in her residence?

6               THE PRETRIAL SERVICES OFFICER:  Your Honor, if we

7     could, they also do employment visits.  We also request that

8     she not have a firearm at her employment as well.

9               THE COURT:  Okay.  Thank you.

10          And, Mr. Steiner?

11          MR. STEINER:  Your Honor, I would join in pretrial's

12     request that we continue with the standard conditions here;

13     that the defendant not be allowed to possess a firearm either

14     at her home or her business or on her person.  I think the

15     condition of pretrial's interest, the defendant's demonstrated

16     lack of compliance with pretrial's conditions that have been

17     posted so far.

18          I think counsel perhaps is creating a little bit wider

19     zone here than may otherwise be necessary in a case for a

20     defendant who presents some reason to be able to possess --

21     possess a firearm.

22               THE COURT:  Okay.  Thank you.

23          Do we know where all the parties are?  I want to go one

24     at a time to see if we can get through them all and then come

25     back to any place where there's a disagreement.

1          So here we have a disagreement.  The defendant has asked

2     that -- and I'll say to her credit, she is trying to work with

3     the Court, a Court that she does not recognize the jurisdiction

4     of, and that she is trying to find a path forward that

5     accommodates what I am asking.  And so I appreciate -- thank

6     you, Ms. Bauer, for trying to do that.

7          I'm not going to rule on that request yet.  I'm going to

8     go one at a time to see what all we have and how -- if we can

9     get to a point where we can --

10          THE DEFENDANT:  I would be happy to consider your

11     pretrial services if you could bring to me where I am proven to

12     be a danger to society.

13          THE COURT:  So the government is not -- the reason

14     that you're not having a detention hearing in terms of going

15     into custody is that they don't believe you're a danger to

16     society.  Mr. Steiner has not alleged that, nor has he alleged

17     that you're a flight risk.

18          There are conditions or a combination of conditions,

19     they believe, that can both reasonably assure your

20     appearance -- so flight risk -- and that reasonably assure that

21     you're not a danger to the community.

22          So Mr. Steiner agrees with you.  The government agrees

23     you're not a danger.  The government agrees you're not a flight

24     risk.  These are the conditions.

25          THE DEFENDANT:  I would be happy to agree to your

1    conditions if you can prove to me that I am a danger to my

2    community.  I've been running a business for 15 years in my

3    community.  I volunteer in my community.  I volunteer within

4    the U.S. Forest Service.  I volunteer with everything.  I am

5    not a danger to my community.

6              THE COURT:  I think we all agree with you; that --

7    first of all, your volunteer service is commendable.

8              THE DEFENDANT:  I do not agree to your pretrial

9    services.

10             THE COURT:  The problem is is that if you --

11             THE DEFENDANT:  I do not consent to your pretrial

12   services.

13             THE COURT:  So you're saying that -- under no

14   condition you'd be willing to speak to pretrial services; is

15   that right?

16             THE DEFENDANT:  That is correct.

17             THE COURT:  And that --

18             THE DEFENDANT:  No conditions.

19             THE COURT:  And -- sorry.  I want to be very clear.

20   I'm not talking about conditions of release.

21        So even if there are no conditions of release, that you

22   can do whatever you want to, pretrial is still who will be

23   supervising you.

24             THE DEFENDANT:  Pretrial services does not have

25   jurisdiction over me.

```
1              THE COURT:  Okay.  And so --
2              THE DEFENDANT:  It's a de facto corporation.
3              THE COURT:  Are you --
4              THE DEFENDANT:  Part of the de facto corporation.
5              THE COURT:  You're unwilling to call into pretrial
6      services, a phone number, to do the interview then; is that
7      right?
8              THE DEFENDANT:  I do not consent to pretrial
9      services.
10             THE COURT:  Okay.  Ms. Bauer, you're leaving me no
11     choice.  It's the only thing I can do then is hold you in
12     contempt.  And so if you're unwilling to have a phone call
13     interview with pretrial services, what we can do is re- --
14     reconvene -- I'll give you two options.  One is in -- it's 1:48
15     now.  I have a series of other hearings.
16             We can reconvene at 2:30, if you want to take some time
17     to think about it and think about the conditions of release.  I
18     will tell you these are the ones in the -- about two- to three
19     hundred other cases we've set.  I'm inclined to set the same
20     conditions of release because those people are doing the same
21     things that you're doing.  It would be incredibly unfair to
22     them that you would get some special treatment.  I don't think
23     you seem like a person who wants special treatment.  I think
24     you want to be treated fairly and evenly, just like everyone
25     else is.
```

1        And so if you are willing to abide by the conditions of

2    release and follow them, you get to leave this court today, go

3    home, continue to run your business.  But if you're not willing

4    to be supervised by pretrial, the only path for me forward is

5    to hold you in contempt and we can try to meet again later

6    today after you've been confined to a cell.

7            THE DEFENDANT:  I would like to read my notice of

8    special appearance into the court.

9            THE COURT:  Ms. Bauer, I've already told you, that's

10   not something we're going to do until --

11           THE DEFENDANT:  I am going to --

12           THE COURT:  -- until --

13           THE DEFENDANT:  -- read my notice of special

14   appearance.

15           THE COURT:  Ms. Bauer, until we have the conditions

16   of release, I will not consider that.  That is a reason for you

17   to get through the conditions of release.  But if you can't get

18   through the conditions of release, we can't get through your

19   special appearance.

20           THE DEFENDANT:  Are you claiming to derive your

21   authority from your uncle's office?  Are you claiming to --

22           THE COURT:  Ms. Bauer, this is your last chance.

23           THE DEFENDANT:  -- authority over me from the --

24           THE COURT:  Okay.  U.S. Marshal, I hereby hold the

25   defendant in contempt.  She's to be remanded to the custody of

1        the U.S. Marshals Service.

2               We will reconvene at, let's say, 3:00 p.m. with the

3        defendant, Ms. Bauer, then, and we'll try to attempt again.

4               Mr. Steiner, are you available then?

5               MR. STEINER:  I am, Your Honor.  Thank you.

6               THE COURT:  Okay.  Ms. Hernandez, I'd ask -- I will

7        stay my excusable view.  If at that time you want to make

8        argument, I will hear from Ms. Bauer first again and then hear

9        from you, but we will reconvene at that time and attempt to see

10       if we can get through the initial appearance.

11              MS. HERNANDEZ:  Yes, sir.

12              THE COURT:  Okay.  Parties are excused.

13              (Recess taken at 1:50 p.m.)

14              THE COURTROOM DEPUTY:  Recalling Criminal Case

15       21-386, Defendant No. 2, the United States of America --

16              MS. HERNANDEZ:  Are we waiting for the judge to come

17       back on?

18              THE COURTROOM DEPUTY:  I'm sorry, Ms. Hernandez?

19              THE COURT:  I'm here, Ms. Hernandez.

20              MS. HERNANDEZ:  Are we waiting for the judge --

21              THE COURT:  I'm here.

22              THE COURTROOM DEPUTY:  Okay.

23              MS. HERNANDEZ:  Are we waiting for the judge to come

24       back on?

25              THE COURTROOM DEPUTY:  No, we're starting.  No, we're

```
 1    starting.
 2              MS. HERNANDEZ:  Oh.
 3              THE COURTROOM DEPUTY:  Recalling Criminal Case
 4    21-386, Defendant No. 2:  The United States of America v.
 5    Pauline Bauer.  This matter is set for an initial appearance
 6    and arraignment.
 7              THE COURT:  Mr. Steiner, are you able to enter your
 8    appearance to begin with.  I think they --
 9              MR. STEINER:  Yes, Your Honor.  This is Jacob Steiner
10    for the United States.  I'm appearing on behalf of Vivien
11    Cockburn this afternoon.
12              THE COURT:  Thank you.
13         And Ms. Bauer is here, again, in person.  Again,
14    Ms. Bauer has chosen not to have counsel represent her, which I
15    understand.  I think she made a knowing, voluntary, and
16    intelligent waiver and has chosen to exercise her Sixth
17    Amendment rights.  Ms. Hernandez is merely observing right now.
18    She is not in any form representing the defendant.
19         So, Ms. Bauer, I just want to see again if we can talk
20    about the conditions of release.  I can only begin with one
21    question, which is:  You have the right to not like the system.
22    You have the right to object to the jurisdiction of this Court.
23    You will get to do that with Judge McFadden.
24         My goal is to get the conditions of release set today so
25    you can go home, you can manage your business, you can go on
```

1    vacation, what -- I want to work those things out, if we can do

2    that, and then -- it has to be -- involve part of the Court,

3    the judiciary, Article III of the Constitution, pretrial

4    services.  And so if we can do that, then we can go forward.

5         If we can't, then I'll have to remand you again and we

6    can try again tomorrow.  I don't think that's in your best

7    interest.  I don't think that you should be back there.  I'm

8    hoping we can get this across the finish line, but it's up to

9    you.

10        So do you think you can preserve your right?  You can

11   have what's called a standing objection; say I object to the

12   jurisdiction of this Court, I object to the existence of

13   pretrial services.  And I'll note that for the record, if

14   that's something you want me to do, but once your standing

15   objection is there, we have to go on.  And you've preserved

16   that right.

17        So it's a right that you have in front of Judge McFadden

18   and a right you have before the next court, which is the

19   D.C. Circuit, and then the Supreme Court.  So if that's

20   something that we can do, you feel like you get to make your

21   objection to the Court's authority and pretrial, but then we go

22   on and you can follow my directions, we can close this up

23   pretty quickly and have you on the road.

24        Now, again, I have to resolve the conditions of release.

25   They may not be conditions that you like.  Again, my word is

1    not final.  You have the opportunity before Judge McFadden at

2    your next hearing to say:  Judge McFadden, Judge Faruqui was

3    totally out of line.  First, you don't have jurisdiction over

4    me.  Second, he made me turn over my firearm or he made me have

5    to tell pretrial that -- before I go out of the district.  All

6    of this doesn't make any sense.

7         And Judge McFadden can say:  Ms. Bauer, you're right.  I

8    totally agree with you.  That's totally unfair.  You have a

9    Second Amendment right or you have the right to a freedom of

10   association, your First Amendment right, and he could say that.

11   And then after that you have the opportunity to have those

12   conditions removed.

13        But today I have to set the conditions before you can

14   then have the opportunity to be reheard on them, and I may

15   agree with you on some of them.

16        So that's where we are.  Do you feel like you can go

17   forward?

18        Ms. Bauer, it's a yes or no.  Do you feel like you can

19   go forward with what I've described?

20        Okay, Ms. Bauer.  It's the last chance.  I need you to

21   answer yes or no.  If you don't, then I'm going to have to

22   remand you back to custody.  What do you think?  Yes or no; can

23   you go forward with what I've suggested?

24             THE DEFENDANT:  I am Pauline Bauer.  I am a free

25   living soul, a sui juris, a fiduciary.

1          You have my name in all capital letters.  That is not

2     who I am.  This Court has no jurisdiction over me.

3          THE COURT:  So as I hear it, Ms. Bauer, you're

4     unwilling to go forward.  So I'm going to, again, remand you

5     back to custody.

6          Ms. Lavigne-Rhodes, do you want to pick a time for a

7     hearing tomorrow?  We can try again in the afternoon.

8          Do you want to say 3:00 p.m., Ms. Lavigne-Rhodes?

9          THE COURTROOM DEPUTY:  Yes.

10          THE COURT:  Okay.  We'll recall this case tomorrow at

11     3:00 p.m.

12          In the interim, I'm going to continue to keep --

13     Ms. Hernandez, we'll keep you on the hook.  If you want to file

14     any paperwork that you think contempt is inappropriate, I'll

15     have your limited appearance simply for that purpose, to object

16     to any of the contempt or detention proceedings.  Is that

17     something that works for you?

18          MS. HERNANDEZ:  Yes, Your Honor.  May I be heard

19     (indiscernible)?

20          THE COURT:  Yes.  Yep.

21          I'll just note for the record the defendant is not

22     present at this time.  I think that she's already stated that

23     she's unwilling to answer yes-or-no questions about even going

24     forward.  I think having her in the courtroom would be -- only

25     inflame what is already a tense situation.

1    So I'll hear you for the limited purpose we've

2    discussed; is that I am appointing you to just be standby

3    counsel in terms of -- you can file anything in regards to

4    contempt proceedings or anything else ancillarily related to

5    that.

6        Go ahead, Ms. Hernandez.

7        MS. HERNANDEZ:  Your Honor, the only thing I was

8    going to suggest -- and, again, under my limited role -- is

9    perhaps the Court could impose whatever conditions it feels are

10   appropriate.  If Ms. Bauer violates those, pretrial services

11   can file a notice of violation and the matter would go in front

12   of Judge McFadden to determine whether (indiscernible), in

13   fact, a violation and if there is (indiscernible) limited to

14   (indiscernible) violation and (indiscernible) the person on the

15   same condition.  And that would avoid her having to spend the

16   night, I guess, at D.C. jail tonight.

17       THE COURT:  Well, I'm going to try that tomorrow.  I

18   mean, she's hopefully heard from one of my astute law clerks --

19   Ms. Weiant; I think we have to figure out -- she's not going to

20   be willing, from what I can tell, to be sworn into the

21   conditions of release.

22       So what do you think about that, Mr. Steiner?  I know --

23   not one, but two former law clerk positions, I'm sure you have

24   the active (indiscernible) tonight for us and not just stick us

25   with the research assignment.  So if you can look into that,

1    see if you have any thoughts on that.  And if -- how we can

2    proceed if someone refuses to go forward with conditions of

3    release, even acknowledging the -- I guess the existence of the

4    authority of the Court.

5           I mean, I -- I agree with Ms. Hernandez that I can

6    simply -- and I will ultimately make a decision and enter

7    conditions of release.  And then once I do, it's up to the

8    person to comply.  There's nothing immediate, other than

9    swearing to agree to them; but, you know, when we're not in

10   person and on Zoom, we do, in fact, have, you know, the

11   defendant -- but as would be here today, they would sign the

12   conditions of release.

13          And I -- setting aside whether or not she's going to be

14   sworn into that, I'm quite confident she will not sign those

15   given where we are today.  Perhaps that will change tomorrow.

16   So if she's unwilling to be sworn in and unwilling to sign the

17   conditions of release, I think we're still kind of stuck.

18          But I'd be happy, Ms. Hernandez, if you can provide me

19   with any authority or any, you know, court that has acted in

20   such fashion.  I mean, I do understand what you're suggesting,

21   is that perhaps we can give this to Judge McFadden.  I don't

22   want to set the defendant up to fail, though, and that's what I

23   feel like I'm doing, or just delaying the inevitable, so...

24          But I am unhappy that someone who the government has

25   asked and pretrial has asked to be out in the community is

1   instead being detained now.  I will note -- as I will tell her

2   again tomorrow -- and I said earlier today -- she has the keys

3   to her jail cell, as with all contempt cases.

4        And I hope that she exercises the sound discretion to

5   decide to do what is needed to move this forward; but I'm happy

6   to hear from you both tomorrow at the appointed time if you

7   have any thoughts as to creative ways we can move this forward.

8        Mr. Sidbury, are you on the line?

9        THE PRETRIAL SERVICES OFFICER:  Yes, Your Honor, I

10  am.

11       THE COURT:  Okay.  Have you had a situation, or maybe

12  you can speak to your colleagues, of something like this where

13  you've been able to resolve and the person feels like they're

14  able to maintain their, sort of, legal argument but still be

15  supervised?

16       THE PRETRIAL SERVICES OFFICER:  No, Your Honor.  I

17  personally have never experienced this, and I don't know of

18  anyone else that has experienced this.

19       THE COURT:  Thanks, Mr. Sidbury.

20       THE PRETRIAL SERVICES OFFICER:  The other --

21       MS. HERNANDEZ:  Your Honor -- I'm sorry, Your Honor,

22  the other --

23       THE PRETRIAL SERVICES OFFICER:  The other --

24       THE COURT:  Go ahead, Mr. Sidbury.  We'll come to you

25  in a minute, Ms. Hernandez.

1          Go -- go ahead, Mr. Sidbury.

2          MS. HERNANDEZ:  Sorry.

3          THE PRETRIAL SERVICES OFFICER:  So especially when

4     we're requesting courtesy supervision from another

5     jurisdiction, we've never experienced that before; and that

6     other jurisdiction indicated that they can't supervise the

7     defendant because they have been uncooperative.

8          THE COURT:  All right.  Thank you, Mr. Sidbury.

9          Go ahead, Ms. Hernandez.

10         MS. HERNANDEZ:  Right.  Your Honor, the other thing I

11    was going to request is that Ms. Bauer was willing to

12    (indiscernible) court today, as the Court directed her to do a

13    week ago, even though the schedule was changed.  So rather than

14    (indiscernible) overnight, I would ask the Court to continue

15    the hearing for a day or two so that I can do some research on

16    whether the Court can impose conditions without her swearing in

17    or admitting the jurisdiction of the Court; let her go home or

18    come back for another date later this week.  I mean, she showed

19    her willingness to do -- subject herself to the Court's

20    jurisdiction by showing up today.

21         So I -- instead of imposing -- instead of holding her

22    in, I guess, contempt and detaining her overnight, I would ask

23    that alternatively the Court determine that -- to hold a

24    hearing on the contempt, have us brief the issue, and have her

25    come back on a date -- I would say in a couple of days

1  (indiscernible) tomorrow, but if tomorrow is what the Court

2  (indiscernible) tomorrow.

3       That way she can (indiscernible).  I don't know whether

4  she drove to town and her car is parked on the street and if

5  they'd be towed (indiscernible), kind of, start to get a little

6  bit burdensome for her.

7       I think that -- she's shown herself (indiscernible) to

8  subject (indiscernible) of the Court by returning today.  She

9  also, at least at the beginning of the hearing (indiscernible),

10 was willing to modify her (indiscernible) to the firearm.

11      So (indiscernible) some flexibility.  So rather than

12 hold her overnight, I would see if she would be willing to come

13 back Friday or tomorrow (indiscernible) or today, some day this

14 week.

15           THE COURT:  Thank -- thank you, Ms. Hernandez.

16      Mr. Steiner, I'm happy to hear from you.

17      MR. STEINER:  Your Honor, I -- I certainly understand

18 Ms. Hernandez's concerns and -- and her argument.

19      I think the real concern here is based on the -- the two

20 proceedings we had before Your Honor.  I think it's very clear

21 that Ms. Bauer is -- is not going to comply with the -- with

22 the Court's direction or agree to any conditions of release,

23 from what I can tell.  I think that holding her in contempt and

24 ordering her detained overnight does serve the purpose of

25 hopefully instructing her as to the -- the Court's jurisdiction

1    over her and the penalties that do accompany contempt.

2         I also note, I would be a little concerned about

3    allowing Ms. Bauer to remain in the District for a large period

4    of time.  Obviously one of the conditions the government

5    requested today was that she stay away from the District of

6    Columbia.  I'm not sure if we were to reschedule the hearing,

7    if she would stay in the District or leave the District.  But

8    given her inability to agree to any conditions of release and

9    combined with the allegations in the complaint, I would be

10   concerned about her remaining in the District and potentially

11   posing a danger to residents in the District of Columbia,

12   including members of Congress and their staff.

13             MS. HERNANDEZ:  So, Your Honor, I'm --

14             THE COURT:  Go ahead, Ms. Hernandez.

15             MS. HERNANDEZ:  -- not suggesting (indiscernible)

16   stay overnight in the District.  I'm just (indiscernible) home.

17   And also my response is twofold.  Either she's (indiscernible)

18   subject to the jurisdiction of the Court, and then it would

19   make sense for the Court to just (indiscernible) hearing, allow

20   us to (indiscernible), allow me to research.  (Indiscernible)

21   the Court could just impose conditions (indiscernible),

22   doesn't -- not willing to swear to (indiscernible).

23         Alternatively, if the government is saying or if what

24   the Court is (indiscernible) determining is that she's not

25   willing to subject herself to the jurisdiction of the Court,

1   I'm not sure if contempt is appropriate under those

2   circumstances.

3          I -- my limited (indiscernible) at the point if the

4   Court determines -- that a Court determines that someone who's

5   held in contempt (indiscernible) not going to change their

6   position, then contempt is not an appropriate remedy at that

7   point.  My understanding is (indiscernible) witnesses are held

8   in contempt for refusing to testify, but at some point the

9   Court determines that (indiscernible) further contempt is not

10  going to change the witness' mind, then contempt should end at

11  that moment.

12         So if -- if what -- I don't think she should be held in

13  contempt just to punish her or coerce her.  The theory I

14  (indiscernible) is that she would change her mind

15  (indiscernible) the document.  I just think it's not necessary

16  to detain her.  If the Court could -- given her (indiscernible)

17  willing to -- to (indiscernible) to some extent to the Court's

18  jurisdiction, the Court could just schedule a hearing tomorrow,

19  two days from today, to go home to Pennsylvania and return in

20  two days or -- those are my alternatives (indiscernible) to

21  avoid a jail sentence.

22         I'm not sure that that's -- I'm trying to avoid having

23  her (indiscernible) give her some time.  I'm not sure it's

24  going to change her mind.  I think it will make it worse.

25             THE COURT:  Well, I appreciate -- Ms. Hernandez, you

1   should be commended.  It's very easy for you to just throw up

2   your arms and not care, and I appreciate how much you do care.

3   I think that's the mark of a true -- not only a great attorney,

4   but of a great person.  So thank you.

5        I hear what you're saying.  Contempt -- when contempt is

6   futile -- futile, when it cannot prompt a response from the

7   person -- and so if I believe that the defendant will under no

8   circumstances accept the jurisdiction of this Court, then I

9   believe the law is pretty clear.  I do have to release them.

10   So here intransigence, if it's a ten out of ten, then they --

11   in fact, after a period of time of demonstrating that

12   intransigence, I think, they are generally, I think, as --

13   criminal contempt as opposed to civil contempt, the law is

14   clear that they are to be released.

15        I don't think we're there yet.  I think -- I think

16   criminal contempt is where we are right now.  So I think that

17   the defendant is not a danger of flight risk so great that that

18   is a reason to hold her.  I think, however, the defendant has

19   refused to answer my questions.  I've given her multiple

20   chances, both last week in the video hearing and then today at

21   the prior proceeding.

22        And -- and, in fact, at this proceeding, she's now taken

23   steps backwards.  So she was un- -- unwilling even to answer a

24   yes-or-no question.  And so for that reason I think criminal

25   contempt is appropriate.  I think her behavior overall shows

1  that she is of sound mind and that the whole purpose of

2  contempt in -- criminal contempt is that it is to correct

3  behavior that is correctable.

4       I agree that when it's -- cannot be corrected, then it

5  is hopeless, but I have nothing at this point to demonstrate to

6  me we're there.  I think in typical contempt proceedings,

7  that's after someone has been in custody for months.  When it's

8  a grand jury investigation, it's when the grand jury is about

9  to expire, and that's typically when contentious witnesses are

10  then released from jail if they've expired and outlived the --

11  the grand jury's pendency.

12       Here I -- I am with you, Ms. Hernandez.  I am very

13  unhappy that the defendant has to spend a night in jail.

14  That's not something I feel will be good for her, and I am

15  concerned that it might make her more frustrated with the

16  system, but I don't -- I think it's the least bad choice that I

17  have in front of me.  I think that if I continue to go forward

18  after she has engaged in con- -- contentious behavior, I don't

19  think the contempt will change unless there is some

20  consequence.  That's why contempt exists and why criminal

21  contempt exists.

22       And so I will be eager tomorrow at 3:00 p.m. to, again,

23  find a path in which we can do what the government had

24  requested and pretrial, which is release her on conditions of

25  release.  If that's -- somehow we can do it without -- over her

1    objection, I'm all ears.  I'd love to hear that, but I need

2    some guidance.  But in the near term, I agree with the

3    government that contempt is appropriate -- criminal contempt at

4    this time -- and that we'll revisit it tomorrow to see if there

5    is a path forward to get the defendant to a place where she can

6    just agree to the -- the baseline that we need so that her case

7    can move forward to Judge McFadden.  So I'll note your

8    objection.

9          I look forward to hearing from you-all again tomorrow.

10          Thank you, Ms. Hernandez.  I really do appreciate it.

11          That's it.  The parties are excused.

12          (The proceedings concluded at 3:32 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          CERTIFICATE

2              I do hereby certify that the foregoing is a true,

3       correct, and complete transcript of the audio-recorded

4       proceedings in this matter, audio recorded on June 21, 2021,

5       and transcribed from the audio recording to the best of my

6       ability, and that said transcript has been compared with the

7       audio recording.

8              Dated this 1st day of July, 2021.

9

10                              /s/ Nancy J. Meyer
                                Nancy J. Meyer, Official Court Reporter
11                              Registered Diplomate Reporter
                                Certified Realtime Reporter
12                              United States Courthouse, Room 6509
                                333 Constitution Avenue Northwest
13                              Washington, DC 20001
                                202-354-3118
14                              nancy_meyer@dcd.uscourts.gov

15

16

17

18

19

20

21

22

23

24

25