IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  Case No. 21-cr-0386-2 (TNM) |
| | * |
| PAULINE BAUER, | * |
|     Defendant | * |
| | * |

## STATUS REPORT

Pauline Bauer has asserted her right to represent herself in the instant case. *See Faretta v. California*, 422 U.S. 806, 812 (1975) ("In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation."); 28 USCA § 1654.[1] Undersigned counsel was appointed to serve as standby counsel. *See* Minute Entry, 6/11/2021.

### A.   Discovery Production

The United States has produced discovery to undersigned counsel. *See* Notice of Discovery by USA as to Pauline Bauer (ECF 37). The discovery was produced by means of USAfx, a secure, password-protected cloud-based file-sharing platform used by the United States Attorney's Office ("USAO"). To review materials on USAfx, the USAO must first authorize access to the platform.

The discovery produced consists of 11 videos, including body-worn camera videos of Metropolitan Police Department officers relating to the events at the United States Capitol on January 6, 2021.

---

[1] 28 U.S.C. § 1654. Appearance personally or by counsel.

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Counsel has sent an email to Ms. Bauer advising her of the discovery production.[2] However the videos themselves are too large to email. Accordingly, there are several options for providing Ms. Bauer with the discovery. Either the government could grant access to Ms. Bauer to the USAfx platform; or it could upload the videos and other discovery onto an external hard drive or USB flash drive and mail these directly to Ms. Bauer. Alternatively, undersigned counsel could undertake the responsibility of delivering the materials to Ms. Bauer by mail or by uploading the discovery to a secure cloud based platform similar to USAfx but whose access is not controlled by the USAO.[3]

Counsel awaits the Court's direction on the role it wishes standby counsel to undertake on discovery and other pretrial issues.[4]

**Role of Standby Counsel**

At her initial appearance before Magistrate Judge Faruqui, Ms. Bauer objected to the appointment of standby counsel. In addition, she has filed a document captioned "Notice: Correct the Record, Fire the Actors" (ECF 32, 6/28/21) that appears to request that the Court dismiss standby counsel.

---

[2] In the email, counsel also attached a copy of the Government Discovery Notice (ECF 37), FED. R. CRIM. PROC. 16, and Local Criminal Rule 5.1.

[3] The Administrative Office of the United States Courts, National Litigation Support provides provides a Box Enterprise that is authorized and accredited to process federal data for use in CJA cases. Data is encrypted both in transit and at rest in compliance with National Institute of Standard and Technology (NIST) standards. Security on these Box folders match what the Department of Justice and the US Courts use with their Box enterprise.

[4] At the Status Hearing on June 28, 2021, the Court inquired whether undersigned counsel could accept discovery from the government on Ms. Bauer's behalf. Counsel indicated that she was prepared to do so if the Court so directed. However, at that point, the person with Ms. Bauer objected and the Court did not in fact return to the issue to direct undersigned counsel to accept discovery.

The Supreme Court has made clear that

> A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – *even over the defendant's objection* – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense.

*McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (emphasis added).

The Supreme Court further explained the role of standby counsel:

> Faretta affirmed the defendant's constitutional right to appear on stage at his trial. We recognize that a pro se defendant may wish to dance a solo, not a pas de deux. Standby counsel must generally respect that preference. But counsel need not be excluded altogether, especially when the participation is outside the presence of the jury or is with the defendant's express or tacit consent.

*Id.*, 465 U.S. at 187–88.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that the instant Status Report was served this 16th day of July, 2021 via ECF on all counsel of record and a copy was emailed to Pauline Bauer.

                                                /s/ *Carmen D. Hernandez*
                                                **Carmen D. Hernandez**