UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| PAULINE BAUER | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION
TO DEFENDANT BAUER'S MOTION CHALLENGING JURISDICTION

The United States of America by and through undersigned counsel, files this response to

the following document filed by defendant Pauline Bauer: Motion to Dismiss Case (ECF No.

51).

While the Court has not ordered a response, and the government questions the need for

such a response, we nevertheless ask for appropriate relief – a summary denial of the defendant's

motion. At the outset, the government notes that the defendant's motion consist largely of

frivolous assertions well-calculated to waste the Court's time.   The pleading consists of loosely

referenced case law, constitutional, and other citations that do not support a legal basis to dismiss

the indictment.   Confronted with similar claims by Sovereign Citizens about the tax system, the

Fifth Circuit observed that "we perceive no need to refute these arguments with somber

reasoning and copious citation of precedent; to do so might suggest that these arguments have

some colorable merit . . .   [Petitioner's argument] is a hodgepodge of unsupported assertions,

irrelevant platitudes, and legalistic gibberish." *Crain v. Commissioner*, 737 F.2d 1417, 18 (5th

Cir. 1984).   That being said, defendant Bauer's motion to dismiss seems to boil down to her

claim that she does not recognize the authority of the Court so *ipso facto* the Court has no

jurisdiction over her.   In filing her motion, defendant ignores 18 U.S.C. § 3231 which clearly

vests this Court with jurisdiction over "all offenses against the laws of the United States."

# FACTUAL BACKGROUND

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.   The charges stem from her presence and conduct inside the United States Capitol on January 6, 2021.   *See* Complaint and Statement of Facts, *United States v. Bauer*, Case 1:21-cr-00386-TNM Document 2-1.   Among other conduct, defendant Bauer entered the U.S. Capitol at approximately 2:43 p.m. past uniformed officers attempting to stop the crowd from entering the building.   *Id*., at 9. At approximately 2:57 p.m., one of the body-camera videos recorded another individual saying words to the effect of "This is where we find Nancy Pelosi . . . ."   Defendant Bauer is then recorded saying words to the effect of "Bring that fucking bitch out here now.   Bring her out. Bring her out here. We're coming in if you don't bring her out." *Id*., at 12.   At approximately 3:02 p.m., defendant Bauer was involved in a brief skirmish with law-enforcement.   *Id*. at 11.   In another body-worn camera video, defendant Bauer is recorded stating words to the effect of the following: "Bring them out. We want them out here…You bring them out or we're coming in. Bring them out now. They're criminals. They need to hang.. Bring her out.. Bring Nancy Pelosi out here now. We want to hang that fucking bitch. Bring her out. We're coming in if you don't bring her out.. What are you trying to protect a fucking Nazi. Is that what you're protecting? "   Id., at 13.   All of these events violated federal law and took place at the United States Capitol, federal property.


# ARGUMENT

As an initial matter, the government requests that the Court reject and deny defendant Bauer's "disconnected, rambling, and nonsensical" motion to dismiss.   The motion has many of the hallmark characteristics of "sovereign citizen" pleadings which, although they superficially

cite to legal authority, make no coherent claim addressable by the Court.    Courts have repeatedly rejected these baseless "sovereign citizen" theories of jurisdiction.    *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir.2011) ("Regardless of an individual's claimed status ... as a 'sovereign citizen,' a 'secured-party creditor, or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *cert. denied*, 132 S. Ct. 1051, 181 L. Ed. 2d 772 (2012); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (the defense that "he is a free, sovereign citizen and as such not subject to the jurisdiction of the federal courts . . . has no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir.1992) (defendant claimed he was outside the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion");    *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (stating that the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority is frivolous); *Gaskins v. South Carolina*, 2:15-cv-2589-DCN-MGB, 2015 U.S. Dist. LEXIS 144979 (D. S.C., Sep. 15, 2015) ("Even liberally construing the complaint, it is not possible to discern any cause of action, much less any coherent supporting facts. Plaintiff's allegations are disconnected, rambling, and nonsensical); *Charles v. Parker*, No. 18-cv-0696 (DLF), 2019 U.S. Dist. LEXIS 48435 (D. D.C., Mar. 21, 2019) ("Federal courts have repeatedly held that claims based on the sovereign citizen theory are frivolous").

Reading defendant Bauer's 114 page motion to dismiss[1], it is hard to discern any understandable or coherent claim in the pleading.    Boiled to its "legal essence," defendant

---

[1] The motion also violates the District Court Rules concerning page limitations.

Bauer seems to argue that the Court has no jurisdiction over her because (1) it has never been her intent to be a "U.S. Citizen"[2]  and (2) defendant Bauer never intended to live in the District of Columbia.[3]

In any event, defendant Bauer's motion to dismiss is meritless.   *See* 18 U.S.C. § 3231. 18 U.S.C. § 3231 provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Defendant Bauer is charged with federal offenses: 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).   Accordingly, this Court plainly has jurisdiction over defendant Bauer.

Similar type claims have been made by many sovereign citizen tax protesters before and these claims have been universally scorned by the courts.   When faced with a similar issue more than thirty years ago, the Tenth Circuit opined as follows:

> [Defendant] blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed. *See United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798) (Chase, J.). Article I, section 8 and the sixteenth

---

[2]  "Again, I am not a U.S. Citizen, but I am a State National, as described in USC 8 § 1101 (a) 21 with limited diplomatic immunity as one who created government as per Geneva Conventions." Motion to Dismiss, pg. 24. "[I] it has never been my intent to be a 'U.S. citizen' as defined in 8 U.S.C. §1401 while it has always been my intent to be a 'national' per 8 U.S.C. §110l(a)(21) but not a STATUTORY 'U.S. citizen' per 8 U.S.C. § 1401."   *Id.* at pg. 26.

[3] "[N]or has it ever been my intent to be listed as domiciled in The DISTRICT OF COLUMBIA, and being treated as a resident of the State of Pennsylvania "temporarily to do business. Nor treated as a minor, by merely not claiming the minor account even after exceeding the age of 18." Motion to Dismiss, pg. 24.

amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant . . . For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct non-apportioned tax upon United States citizens throughout the nation, not just in federal enclaves, *see Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 12-19 (1916); efforts to argue otherwise have been sanctioned as frivolous . . .

*United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (citations omitted); *accord United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. Mich. 1994).   The First Circuit rejected this similar baseless "territorial jurisdiction" claim as raised by defendants convicted of providing material support for tax protesters/terrorists Edward and Elaine Brown in New Hampshire.   *See United States v. Gerhard*, 615 F.3d 7,41 (1st Cir. 2010) ("Congress has chosen to vest jurisdiction and venue over federal crimes in the federal courts. Congress has given the U.S. district courts exclusive original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. That jurisdiction is not limited to crimes which occur on federally owned property, nor is a state's permission needed for federal prosecution.")   Accordingly, defendant's motion should be denied.

WHEREFORE, the government respectfully requests that this Court reject and deny defendant Bauer's motion to dismiss.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:     */s/ James D. Peterson*
        AMANDA FRETTO

JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov