IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. 21-cr-0386-2 (TNM) |
| | * | |
| **PAULINE BAUER,** | * | |
| **Defendant** | * | |
| | * | |

**SECOND STATUS REPORT**
**FILED BY STAND-BY COUNSEL**

Pauline Bauer has asserted her right to represent herself in the instant case. *See Faretta v. California*, 422 U.S. 806, 812 (1975) ("In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation."); 28 USCA § 1654.[1] Undersigned counsel, was appointed to serve as standby counsel. *See* Minute Entry, 6/11/2021. In that capacity, stand by counsel submits this Second Status Report.

### A.  Discovery Production

1.  The United States has produced eleven body worn camera videos by uploading them to the USAFx cloud based file-sharing platform that is password-protected. *See* Notice of Discovery by USA as to Pauline Bauer (ECF 37), filed 7/8/21. As the government has not allowed Ms. Bauer access to the USAFx platform, undersigned counsel downloaded the videos onto a flash drive and mailed them to Ms. Bauer. Those videos were not subject to any Protective Order.

---

[1] 28 U.S.C. § 1654. Appearance personally or by counsel.

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

1

2.  Since that first production, the government has not produced any additional discovery. However, in response to an email inquiry sent by undersigned counsel on 9/14/2021, the government indicated that it had "compiled additional discovery that is not designated as sensitive or highly sensitive and hope to share the file in short order."

3.  The government is withholding "Sensitive and Highly Sensitive" discovery from Ms. Bauer and also from undersigned counsel for transmittal to Ms. Bauer based on what it describes as "the Defendant's clear statement that she will not agree to the terms of the Protective Order and the Government's concerns about the highly sensitive nature of these materials." United States Status Report Regarding Protective Order Non-Compliance (ECF 49, filed 8/19/21) at 2.

4.  In particular, the government has produced Capitol building video surveillance that it has classified as "highly sensitive" to co-defendant Blauser:

> The enclosed video-surveillance footage is designated as "Highly Sensitive," and is subject to the conditions set forth in the signed protective order, dated June 28, 2021, for "Sensitive" and "Highly Sensitive" materials. Please provide a copy of your client's signed Attachment A form to the government.
>
> • Rotunda Door Interior/Camera 7029 (x2)
> • Rotunda Door Interior/Camera 0686 (x2)
> • Rotunda Door North/Camera 0960 (x2)
> • Rotunda Door South/Camera 0959 (x1)

Notice of Filing Discovery Correspondence, (ECF 36-1, filed 07/08/21) at 2.

5.  In its Status Report relating to Ms. Bauer, the government also indicated that it "will provide the materials after it receives the Defendant's signed Attachment A to the Protective Order." Status Report Regarding Protective Order Non-Compliance (ECF 49, filed 8/19/21) at 2-3.

6.      Notably the government has produced highly sensitive discovery to co–defendant Blauser although it appears that his "fully executed copy of Attachment A" has not been filed with the Court, as required by the Blauser Protective Order (ECF 24) at 6, ¶13.

    **B.**    **Protective Order**

7.      On July 27, 2021, the Court granted the Government's Motion for Protective Order:

> MINUTE ORDER granting Government's [ECF] 46 Motion for Protective Order. In a hearing before the Court on July 19, 2021, Defendant Bauer orally agreed to the protective order. In any event, there is good cause to grant the motion. *See United States v. Cudd*, 1:21-CR-00068 (TNM), 2021 WL 1564493 (D.D.C. April 21, 2021) (finding good cause to issue a protective order in comparable case). SO ORDERED. Signed by Trevor N. McFadden on 7/27/2021. (lctnm3) (Entered: 07/27/2021).

8.      On July 19, 2021, when Ms. Bauer "orally agreed to the protective order" at the status conference, she had not actually seen the Protective Order.

9.      The Bauer Protective Order contains a provisions unique to her, which limits the persons who may be designated as members of the "legal defense team."

> "Defense counsel" does not include Pauline Bauer. The "legal defense team" does not include the Defendant Pauline Bauer, Robert-Lee Lawrence Jr., or other persons or individuals.

Bauer Protective Order (ECF 46-3) at 2, ¶ 3. Counsel is not aware of any other case where the government sought to exclude any persons from serving as members of the defense team. No similar limitation is found in the Blauser Protective Order (ECF 24) or in the *Cudd* Protective Order, Case No. 21-cr-00068-TNM (ECF 40, filed 4/21/21), referenced in the Court's Minute Order.

### C. Role of Stand-By Counsel

10. Ms. Bauer has filed a document in this Court captioned "Notice: Cease and Desist Carmen Hernandez Esquire" (ECF 50, filed 8/26/21) in which she appears to request that undersigned counsel be removed from the case.

11. At the same time, in counsel's professional opinion, Count One of the Indictment, which charges obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) is void for vagueness under Supreme Court and D.C. Circuit precedent. Counsel has filed a Motion to Dismiss on that basis in an unrelated case involving the events of January 6, 2021 that is pending before Judge Mehta. After oral argument, Judge Mehta has directed counsel and the government to file supplemental briefing on the motion.[2] Counsel is aware of at least two other cases pending in this district where motions to dismiss § 1512(c)(2) charges on the same grounds are pending.[3]

12. In light of Ms. Bauer's assertion of her Sixth Amendment rights to represent herself and the limited nature of counsel's stand-by representation, it is unclear whether counsel is authorized to file such a motion unless the Court directs the filing of such motion. *McKaskle v. Wiggins*, 465 U.S. 168, 187-88 (1984) (*"Faretta* affirmed the defendant's constitutional right to appear on stage at his trial. We recognize that a pro se defendant may wish to dance a solo, not a pas

---

[2] *See United States v. Crowl,* No. 21-cr-0028-2 (APM), Motion to Dismiss (ECF 288) and Reply to Gov' Omnibus Opp (ECF 400); Omnibus Order (ECF 415) at 2, n. 6 ("The court also defers ruling on Defendant Crowl's Motion to Dismiss Counts One and Two for Failure to State an Offense and for Vagueness, ECF No. 288, in its entirety pending supplemental briefing.")

[3] *See, e.g., United States v. Montgomery,* No. 21-cr-0046-RDM, Judge Moss, sua sponte, raised the issue of the statute's vagueness and ordered the parties to file supplemental briefs on the subject, *see* Minute Order, 8/3/21; Minute Order, 9/3/21 (extending deadlines for supplemental briefing); *United States v. Nordean*, Case No. 21-cr-00175-TJK, where the same issue is pending before Judge Kelly raised in a Motion to Dismiss (ECF 94, 113, 135).

de deux. Standby counsel must generally respect that preference. But counsel need not be excluded altogether, especially when the participation is outside the presence of the jury or is with the defendant's express or tacit consent.").

WHEREFORE, stand-by counsel would respectfully request that the Court (1) resolve the dispute regarding the requirement that Ms. Bauer execute and file Attachment A to the Protective Order before the government produces additional discovery; and (2) inquire of Ms. Bauer whether she wishes undersigned counsel to file a Motion to Dismiss Count One of the Indictment, or whether she waives the assistance of counsel in the filing of such a Motion, where the motion may result in the dismissal of the sole felony count charged in the Indictment.

                Respectfully submitted,

                /s/ Carmen D. Hernandez
                **Carmen D. Hernandez**
                Bar No. MD 03366
                7166 Mink Hollow Rd
                Highland, MD 20777
                240-472-3391
                chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant Status Report was served this 14th day of September, 2021 via ECF on all counsel of record and a by email to Pauline Bauer.

                /s/ Carmen D. Hernandez
                **Carmen D. Hernandez**