<pre>
 1                     UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2
     * * * * * * * * * * * * * * *    )
 3   UNITED STATES OF AMERICA,        )      Criminal Action
                                      )       No. 21-00386
 4               Plaintiff,           )
                                      )
 5      vs.                           )
                                      )
 6   PAULINE BAUER,                   )      Washington, DC
                                      )      June 11, 2021
 7               Defendant.           )      1:43 p.m.
                                      )
 8   * * * * * * * * * * * * * * *    )

 9

10        TRANSCRIPT OF INITIAL APPEARANCE CONDUCTED VIA ZOOM
            BEFORE THE HONORABLE ZIA M. FARUQUI,
11               UNITED STATES MAGISTRATE JUDGE

12

     APPEARANCES:
13
     FOR THE GOVERNMENT:      JACOB STEINER, ESQ.
14                            UNITED STATES ATTORNEY'S OFFICE
                               FOR THE DISTRICT OF COLUMBIA
15                            555 Fourth Street, NW
                              Eleventh Floor
16                            Washington, DC 20530

17
     FOR THE DEFENDANT        CARMEN D. HERNANDEZ, ESQ.
18   (AS STANDBY COUNSEL):    LAW OFFICES OF CARMEN D. HERNANDEZ
                              7166 Mink Hollow Road
19                            Highland, Maryland 20777

20
     FOR PRETRIAL SERVICES:   CHRISTINE SCHUCK
21

22   REPORTED BY:            LISA EDWARDS, RDR, CRR
                             Official Court Reporter
23                           United States District Court for the
                              District of Columbia
24                           333 Constitution Avenue, NW
                             Room 6706
25                           Washington, DC 20001
                             (202) 354-3269
</pre>

1              THE COURTROOM DEPUTY:  Good afternoon, your Honor.

2    We have five initial appearances before you today.  We have

3    Criminal Case 21-386, Defendant No. 2; Magistrate Case

4    21-458; Criminal Case 21-386, Defendant No. 1; Magistrate

5    Case 21-454; and Magistrate Case 21-465.

6              THE COURT:  Thank you so much, Ms. Lavigne-Rhodes.

7              Good afternoon, everybody.

8              Before we begin, I have a joint hearing for all

9    the cases Ms. Lavigne-Rhodes has called.  Once that's done,

10   I'll then go to each one of your individual cases.

11             I want to remind everybody of the Chief Judge's

12   standing order and Rule 2020.  That order forbids you from

13   recording or rebroadcasting any court proceeding held by

14   videoconference, such as today's hearing.  Violation of that

15   rule may result in sanctions, including a loss of media

16   credentials, removal from this court proceeding, restricted

17   or denied access to hearings or other sanctions as decided

18   by the presiding judge.

19             I want to talk to you about the goal of this joint

20   session.  The idea is that we have, as you see, five

21   parties.  Normally, if we were in court, we would all be

22   together.  We're here on Zoom.  We're trying to be efficient

23   so I don't have to repeat myself in each one of your cases.

24   That goal is to just have one joint session here, where a

25   lot of the general information that applies to your cases

1   you'll hear.  Both defense counsel and the Defendants will

2   hear it.

3          When your individual case is then called after

4   that, I will ask both of you questions.  You've heard it,

5   hopefully, in group session and you'll be ready to go.  But

6   if you didn't understand something or have questions, we'll

7   cover it then.  It's not a pass/fail test.  There's no test

8   at all, frankly.  All I'm trying to do is give you the

9   information in a fair and efficient way so that you

10  understand what's going on.

11         But the most important thing you understand is

12  that we're not in a rush.  This is your life.  It's your day

13  in court.  And I need to make sure that your questions get

14  answered and that you understand what's going on.  So that's

15  absolutely what we'll be doing, but we'll try to be doing it

16  in an efficient way.

17         To defense counsels, please pay attention, because

18  I will guide you through what will happen as your cases are

19  individually -- your clients' cases are individually called.

20  I'd like you to state your name, who you represent and that

21  the Defendant is present.

22         Next, you'll state that the Defendant waives the

23  right to an in-person hearing and consents to appearing by

24  video because of the pandemic.  If that is not the case,

25  please let me know.  We'll then handle it.

1          Next, please identify whether you are retained or

2     the Defendant is seeking counsel.  If they're seeking

3     appointment of counsel and a financial affidavit has been

4     submitted, please let me know.  Or else I'll conduct an

5     eligibility inquiry.  You're welcome to proffer facts.  My

6     inquiry will be limited initially to just asking whether or

7     not your client has income as of today greater than $75,000

8     a year.

9          For retained or out-of-town CJA defense counsel or

10    the Federal Public Defender, if you have not entered your

11    appearance, I'd ask that you please -- there's an email in

12    the chat box.  Please send an email to that email address

13    with your name, your client's name, case number and your

14    contact information.

15         This will ensure that, if applicable, you will

16    receive a copy of release conditions or a detention order if

17    that is the case after today's hearing.  We will endeavor to

18    get that to you within 24 hours.  I would ask that you as

19    soon as possible get that to your client.

20         For the Defendants, this matter is something for

21    you to talk to your counsel about offline, not something

22    that we'll get into today, but it is a legal issue that you

23    need to speak to him about, which is that if you are charged

24    in a Class A misdemeanor, then that's what you need to talk

25    to your attorney about, a Class A misdemeanor.

1          You have the right to a jury trial, a bench trial,

2     judgment and sentencing with the district judge unless you

3     consent to proceed before a magistrate judge.  In either

4     case, the judge will be randomly assigned.  Again, that's

5     something for you to do offline.  Talk to your lawyer, go

6     through your charges, and he can explain if you are subject

7     to a Class A misdemeanor.  Not necessarily will you be

8     limited to that.  The information or indictment will

9     ultimately be filed in your case if the Government goes

10    forward and you are charged with a lesser or greater

11    offense.  But that's something for you to talk to your

12    counsel about.

13          I next want to give a warning to the Government

14    about advising you of your rights.  For the Defendants, you

15    have a right to exculpatory evidence.  That means evidence

16    that's helpful to your case.

17          Government, I now order you pursuant to Federal

18    Rule of Criminal Procedure 5(f) to produce all exculpatory

19    evidence to the Defendant pursuant to *Brady versus Maryland*

20    and its related cases.  Not doing is in a timely matter may

21    result in sanctions including adverse jury instructions,

22    exclusion of evidence, dismissal of charges and contempt

23    proceedings.

24          I anticipate, although I cannot promise, that the

25    Government will not be seeking your detention and instead

1    will seek your release under conditions.  A hearing will

2    resolve any objection made by your counsel to those

3    conditions and we'll set your conditions of release.  We'll

4    hear from Pretrial Services, which is a court-appointed

5    independent authority that oversees you while you're on

6    conditions of release.

7           Defense counsels, it is your job as officers of

8    the Court and attorneys to go and resolve any conditions in

9    the arresting jurisdiction.  The arresting jurisdiction may

10   have greater or lesser conditions of release than what I am

11   setting.  Your client must comply with both set conditions

12   while they're still operative.  If the other court has

13   greater conditions, they absolutely must follow that.  You

14   must go and have those other conditions dismissed by

15   demonstrating that there are conditions of release here.

16          Written release conditions set by the Court, as I

17   said, will be sent to your counsel immediately after the

18   proceedings are over.

19          I'll ask Mr. Steiner on behalf of the Government

20   to outline what the standard conditions of release are.

21   These are not necessarily the conditions that you will have

22   in your case.  It's a baseline.  It could be higher or

23   lower.  But Mr. Steiner will tell you what they will be.

24          And to the Defendants, please listen, because I

25   will ask each one of you:  Did you hear the conditions of

1    release?  And then we will modify them to your case.

2           Mr. Steiner, please go ahead.

3           THE COURT REPORTER:  Judge, I apologize for the

4    interruption.  I'm getting a lot of static on the line.

5    Perhaps people could mute their microphones.

6           THE COURT:  If everybody can please mute if you're

7    not speaking.  That's all I ask.

8           MR. STEINER:  Your Honor, the standard conditions

9    of release will serve as a baseline for all the Defendants

10   today.

11          They include that the Defendant stays away from

12   the District of Columbia except for court, Pretrial Services

13   appointments or attorney consultations; the Defendant

14   reports to Pretrial Services from their home jurisdiction as

15   directed and they verify their address if they have not

16   already done so; the Defendant notifies Pretrial Services in

17   advance of any travel that is within the United States, but

18   outside of the Defendant's home federal court jurisdiction;

19   that the Defendant travel outside the continental United

20   States only after first obtaining court approval; that the

21   Defendant participate in all future proceedings as directed;

22   that the Defendant not possess any firearms, destructive

23   devices or other dangerous weapons; and that the Defendant

24   not commit any local, state or federal crimes.

25          THE COURT:  Thank you, Mr. Steiner.

1        So you've heard the standard conditions of

2   release.  I want to now warn you as to what will happen if

3   you do not follow the conditions of release, the

4   consequences.

5        If you violate any condition of release, you'll be

6   facing a bench warrant, revocation of your release.  You may

7   be held pending trial and face additional contempt charges.

8   If you commit a crime while on release, you may face all of

9   those penalties as well as a longer sentence for committing

10   a crime while on release in another case.

11        If you fail to appear at a future hearing, you may

12   face a bench warrant, revocation of your release conditions,

13   be held pending trial and you could face additional charges

14   for failure to appear.

15        After conditions of release are set, at the next

16   date in the case I will ask defense counsel again,

17   [indiscernible] from before at your preliminary status

18   hearing whether the Defendant is seeking to exclude time

19   from the Speedy Trial Act.  Defense counsel should indicate

20   whether the Defendant is waiving the preliminary hearing or

21   the date within which the preliminary hearing must occur,

22   i.e. 21 days.

23        The next date shall be selected in consultation

24   with the Government.  If you do not have a chance to do so,

25   that's fine.  We'll be on the record together with

1    Mr. Steiner.  Every hearing will be scheduled for 1:00 p.m.

2    on the dates like today before the criminal duty magistrate

3    judge.

4            I will note that all requests for continuance must

5    be electronically filed with the Court in writing 48 hours

6    in advance to the hearing.  We have a very busy docket, as

7    you can imagine, with these cases and other cases.  If you

8    are not ready or need additional time or your case is not

9    going to be called at the next hearing date, simply file

10   something 48 hours in advance.

11           Mr. Steiner, if you could next make your speedy

12   trial motion, after which I will explain for the benefit of

13   the parties what your request is.

14           MR. STEINER:  Your Honor, the Government will be

15   moving in each of the individual cases today that the time

16   from today until the next hearing date be excluded pursuant

17   to the Speedy Trial Act.

18           First of all, Chief Judge Howell's Standing Order

19   2110 tolls time through August 31st, 2021, recognizing the

20   slowdown and stoppage in jury trials that occurred for

21   roughly a year due to the COVID-19 pandemic as well as the

22   ongoing health and safety limitations that are necessary due

23   to the pandemic.

24           The second is the Defendants that are appearing

25   today are charged in what is likely the largest criminal

1    investigation and prosecution in American history.  It's one

2    involving hundreds of Defendants that have been charged to

3    date, and enormous amounts of evidence have been collected

4    that will consist of discovery for this case.

5          The evidence and eventual discovery consists of,

6    as a few examples, over 14,000 hours of surveillance video

7    from the Capitol; over 200,000 tips that were submitted by

8    members of the public; and over 2,000 digital devices that

9    were seized.

10          The Government is working every day to investigate

11    that evidence for additional leads, to review it and to

12    begin producing it in discovery to Defendants consistent

13    with the Government's constitutional and statutory discovery

14    obligations.  But all of those steps will take time and

15    continued efforts.  Therefore, the ends of justice served by

16    tolling the time outweigh the best interests of the public

17    and the Defendants in a speedy trial.

18          THE COURT:  Thanks so much.

19          So you've heard a motion from the Government to

20    exclude time under the speedy trial clock.  I want to tell

21    you briefly what that means.  Again, it's something for you

22    to talk to your counsel about.

23          There's a constitutional and statutory right to a

24    speedy trial.  The Government has stated that they are

25    seeking to pause that clock between now and whenever your

1    next hearing date will be, because they have a clock under

2    which they have to formally charge you as well.  Some of

3    your cases have been formally charged; others have not.  If

4    your case has been formally charged, they're asking to pause

5    the time to go to trial.  You heard from Mr. Steiner the

6    reasons.  I cannot tell you how I will rule until I get to

7    your individual case.

8             But the Government has asked that that right be

9    paused for now; and that's all they can get.  If we pause

10   the rights until the next hearing, at that point I or your

11   district judge or another magistrate judge will hear again

12   the Government's request and any objections from defense

13   counsel and make a determination as to whether or not to

14   pause the speedy trial clock.

15            If we can get Pretrial Services to please make its

16   appearance.

17            THE PRETRIAL SERVICES OFFICER:  Good afternoon,

18   your Honor.  Christine Schuck, Pretrial Services.

19            THE COURT:  Thank you, Ms. Schuck.

20            Ms. Lavigne-Rhodes, if you can now swear in each

21   one of the Defendants.

22            Please, everybody listen to Ms. Lavigne-Rhodes.

23            THE COURTROOM DEPUTY:  Defendants, please raise

24   your right hands.

25            (Whereupon, the oath was duly administered to the

1   Defendants.)

2            DEFENDANT PAULINE BAUER:  I am here by special

3   divine appearance, a free living soul, and I stand by my

4   notice of special appearance.

5            THE COURT:  Ms. Lavigne-Rhodes, can you go ahead

6   and call Ms. Bauer's case, please.

7            THE COURTROOM DEPUTY:  Yes, your Honor.

8            This is Criminal Case 21-386, Defendant No. 2, the

9   United States of America versus Pauline Bauer.

10           The Defendant is present by video.  This matter is

11   set for initial appearance and arraignment.

12           Will the parties please introduce yourselves for

13   the record, starting with the Government.

14           MR. STEINER:  Good afternoon, your Honor.  Jacob

15   Steiner for the United States.  I'm standing in for Vivian

16   Cockburn this afternoon.

17           THE COURT:  Thank you so much.

18           And Ms. Bauer has made her appearance.

19           Ms. Bauer, so I want to speak to you.  I've

20   received your special appearance request.  I want to talk to

21   you about what we're hoping to do in this individual

22   proceeding today.  And then we can talk about what you're

23   comfortable or willing to do and whether or not that meets

24   what is required by law.

25           To begin with, I have in every other case, as I

1   always do, first made an inquiry about counsel.  As you were

2   advised at your previous proceeding, you have a right to

3   counsel.  And I want to know if you would like one to be

4   appointed for you at this time.  And if not, then I'd like

5   to understand why not.

6           THE DEFENDANT:  I'm here, your Honor, in special

7   divine appearance, a free living soul, a woman.  I stand by

8   my notice of special appearance.

9           THE COURT:  Thank you, Ms. Bauer.

10          So I asked you a yes-or-no question.  So I just

11  need to know if you are interested in having counsel

12  appointed for you or if not.  If you're unable to answer my

13  question, then it's going to make it difficult for us to go

14  forward with the proceeding today, which --

15          THE DEFENDANT:  I am Pauline Bauer, a free living

16  soul, a woman, and I stand by my notice of special

17  appearance.

18          THE COURT:  Ms. Bauer, I'm going to give you one

19  more opportunity and then we're going to talk about what I

20  don't want to do, which is talk about the consequences of

21  your unwillingness to follow directions.

22          You have every right to hold the beliefs that you

23  do; and I respect your beliefs, Ms. Bauer.  I believe you

24  are entitled to have them.  That is one of the beautiful

25  things about this country, that we are --

1      THE DEFENDANT:  Your Honor, I am here by special

2  divine appearance, a free living soul --

3      THE COURT:  Ms. Bauer, Ms. Bauer --

4      THE DEFENDANT:  -- and I stand by my notice of

5  special appearance.

6      THE COURT:  Ms. Bauer, I'm going to give you one

7  more chance.  You do not interrupt me when I am speaking.  I

8  will not interrupt you.  That is a simple courtesy that

9  everyone gives each other.  And I --

10      THE DEFENDANT:  I am not a part of your all-caps

11  name.  I am not a part of your corporation.  I am a free

12  living soul, and I stand by my notice of special appearance.

13      THE COURT:  Okay, Ms. Bauer.  Given your

14  unwillingness to follow the authority of this Court, I am

15  going to issue a show-cause order which says that you have

16  one week to come forward to the District of Columbia and

17  submit -- to come here.  We'll have a hearing here in

18  person.  If at that time --

19      THE DEFENDANT:  Are you [indiscernible] me and

20  sending me down the narrow path of free medicated

21  self-destruction, sir?

22      THE COURT:  Ms. Bauer, I am speaking.  Ms. Bauer,

23  you're going to have one week.  Today is June 11th.  I will

24  give you until next Friday.  So you will have until June

25  18th at 1:00 p.m. to appear in court here in Washington,

1    D.C.  If you do not show up, as you have heard, a failure to

2    appear will result in a bench warrant to be issued.

3            If when you come here you refuse to answer my

4    questions, which allow you to hold your deeply held beliefs,

5    but still, the beauty of our constitutional system is that

6    people of a diverse fabric and beliefs are able to come

7    forward in a court of law as presumed innocent people --

8    because that's what I believe you are, is innocent -- and

9    state their case.  If you are unwilling to do that, I will

10    then --

11            THE DEFENDANT:  I am not part of your corporation

12    and your all-caps name.

13            THE COURT:  Ms. Lavigne-Rhodes, if you can mute

14    the Defendant.

15            Ms. Bauer, that is it for today.  You are now

16    going to be excused from the proceedings.  And again, you

17    have one week, next Friday at 1:00 p.m.  If you are not here

18    in person, a bench warrant for your arrest will be issued.

19    If you show up here and continue to disrespect the Court,

20    you will be held in contempt and --

21            THE DEFENDANT:  This is railroading, sir.

22            THE COURTROOM DEPUTY:  I apologize, your Honor.

23    It is not muting.

24            THE COURT:  Ms. Bauer, I am not interested in --

25            THE DEFENDANT:  We run down a narrow path --

```
 1              THE COURT:  You have to answer my questions.

 2              THE DEFENDANT:  -- of self destruction.

 3              THE COURT:  Ms. Bauer, if you answer my questions,

 4     we can go forward.  However, if you can't answer my

 5     questions, you leave me no choice but to lead you down the

 6     path that you will be detained, which is not what I want to

 7     do for someone who I believe to be innocent.  That's what

 8     the law dictates.

 9              So again, I will give you another opportunity.  Do

10     you want to answer my questions?  Yes or no.

11              THE DEFENDANT:  (No response.)

12              THE COURT:  Okay.  In this matter, we are done

13     with Ms. Bauer.

14              You have an opportunity to come in person here

15     next week at your own expense and appear in person.  I will

16     ask standby counsel again to be present.

17              THE DEFENDANT:  If you tell me where I need to

18     appear, then...

19              THE COURT:  We will issue a show-cause order

20     today.  We can issue an order for -- I'll make it easier.

21     We'll issue an order for you to be here at 333 Constitution

22     Avenue, Northwest, Washington, D.C., Courtroom 4.

23              We'll see you in person next week, Ms. Bauer.

24     Again --

25              THE DEFENDANT:  And if I do not appear, sir?
```

1    THE COURT:  If you do not appear, then a bench

2    warrant will be issued for your arrest.  Or we can have the

3    hearing right now by video and you don't have to come here.

4    THE DEFENDANT:  You're railroading me, sir.  You

5    can't let me [indiscernible] and speak.  Are you railroading

6    me?

7    THE COURT:  You can speak now, Ms. Bauer.  Go

8    ahead.

9    THE DEFENDANT:  Are you railroading me, sir?

10    THE COURT:  Ma'am, that is not a way to talk to a

11    judge.  I'm not here to --

12    THE DEFENDANT:  You are a federal judge and you

13    are for we the people under the Constitution of the United

14    States of America.  You took an oath to the Constitution.

15    THE COURT:  And I am trying to help preserve your

16    constitutional rights, Ms. Bauer, by making sure you have

17    the Sixth Amendment right to counsel.  That's there in the

18    book.  Check it out.  You also have other rights.

19    THE DEFENDANT:  My Sixth Amendment right to

20    counsel.  I have refused right to counsel, sir.  I am here

21    by special divine appearance as Pauline Bauer, a living

22    soul, and I stand by my notice of special appearance.

23    THE COURT:  And I respect your special appearance,

24    Ms. Bauer.  I want to go forward and find out if you have an

25    interest --

1    You don't need to mute her.  Thank you.

2    I want to find out if you have an interest in

3    answering my questions by the video proceeding so we do not

4    have to force you to come here in person.  Or, if you're

5    unwilling to, then we have to have an in-person proceeding.

6    So it's up to you.  Would you like to answer my questions?

7    THE DEFENDANT:  Yes.

8    THE COURT:  Thank you, Ms. Bauer.  I appreciate

9    it.  Thank you for doing that.

10    To start with, you already answered my first

11    question, which is:  Would you like counsel to be appointed

12    for you?

13    THE DEFENDANT:  I am here by special divine

14    appearance, a free living soul, a woman.  And I stand by my

15    notice of special appearance.

16    THE COURT:  And I understand that that is your

17    special appearance.  But even people who make special

18    appearances, all the time they waive certain rights or they

19    don't waive certain rights.  They still have to decide

20    whether or not they want counsel.

21    So would you like me to appoint counsel for you?

22    THE DEFENDANT:  I am Pauline Bauer, a free living

23    soul, and I stand by my notice of special appearance.

24    THE COURT:  This is the last chance, Ms. Bauer,

25    that I'm going to give you.  All you have to say is yes or

1    no.  So if you're not willing to say that, we can't go

2    forward.

3              (The Defendant's cellular telephone rings.)

4              THE DEFENDANT:  Excuse me, sir.

5              THE COURT:  No problem.

6              THE DEFENDANT:  I am Pauline Bauer, a living soul,

7    and I stand by my notice of special appearance.

8              THE COURT:  We've tried, Ms. Bauer.  We really did

9    try.  I've given you multiple opportunities.  But if we

10   can't get through the first question, which is whether or

11   not you want appointment of counsel, the Constitution

12   guarantees your right to counsel.  The laws of Congress as

13   well as the procedure of the Court have an --

14             THE DEFENDANT:  I do not want counsel, sir.

15             THE COURT:  Okay.  Thank you, Ms. Bauer.

16             I now have to explain to you -- the Constitution

17   requires me to explain to you why the Constitution

18   guarantees you a right to counsel.  And all you need to do

19   is explain to me and tell me no, you don't want it.

20             I will tell you from my experience as an attorney

21   in this courthouse of many years, it is important to have

22   counsel so they can explain things to you like what are your

23   trial rights, how you fight a bench warrant if one is issued

24   in your name, how you ensure that you are able to suppress

25   evidence, how you're able to use and litigate your standing

1    and your special appearance to ensure that you can defeat

2    the Government in its charges that they have brought against

3    you, because this is a very serious proceeding.  If the

4    Government goes to trial in this matter and you are

5    unwilling to mount a defense, it is possible that you could

6    face jail time.  I imagine that that is not something that

7    you want.  Certainly that is your right.

8            So the Constitution requires me to make what's

9    called a *Faretta* inquiry -- that is what I am doing here --

10   to ensure that you knowingly, intelligently and voluntarily

11   are waiving your right to counsel.

12           So are you certain, in spite of the consequences

13   that you might face from a guilty verdict in a criminal

14   trial, that you want to waive your right to counsel?

15           THE DEFENDANT:  I want to waive my right to

16   counsel, sir.

17           THE COURT:  Thank you.

18           And you understand that you have the --

19           THE DEFENDANT:  I do not understand, sir.  To

20   understand is to stand under the law.  I do not stand under

21   the law.  Under Genesis 1:  26 through 28, God gave man

22   dominion over the law, the land, the air and the water.

23           THE COURT:  And do you understand that -- thank

24   you for sharing that.

25           THE DEFENDANT:  I do not understand, sir.  To

1    understand is to stand under the law.  I do not stand under

2    the law.

3                THE COURT:  Thank you, Ms. Bauer.

4                Are you aware that you have a constitutional right

5    to self-representation, but also to be represented by

6    counsel?

7                THE DEFENDANT:  I do not want counsel, sir.

8                THE COURT:  Thank you.

9                And I just have to ask you these questions so we

10   can go forward, because that's what the Constitution

11   requires.  The Constitution requires that you understand.

12   The Constitution requires that you are aware --

13               THE DEFENDANT:  The Constitution is for we the

14   people, not a part of your corporation and your vessel.  I

15   am not a part of it.  I am not part of your all-capital

16   name, sir.

17               THE COURT:  So again, I'm asking, just as the

18   Constitution dictates, you are aware that you have the

19   ability to have counsel appointed for you and the right to

20   that counsel if you want it now or at any later time.  That

21   is a yes-or-no question.  Do you understand that?

22               THE DEFENDANT:  I do not want counsel, sir.  I do

23   not understand.  To understand is to stand under the law.  I

24   do not stand under the law, sir.

25               THE COURT:  You're aware that there's an

1    [indiscernible] from going forward if you are not

2    represented, which could include an inability to mount a

3    defense as well as you won't necessarily know how to

4    suppress evidence --

5            THE DEFENDANT:  I am here, your Honor, by divine

6    special appearance, a free living soul, and I stand by my

7    notice of special appearance.

8            THE COURT:  Ms. Bauer, we're at the point now I

9    think it's only going to work if we're in person.  So I'm

10   going to see you next week at 1:00 p.m.  If that date

11   doesn't work for you, I'm welcome to hear another time if

12   you want to wait until the following week or --

13           THE DEFENDANT:  I do not consent to your...

14           THE COURT:  Thank you, Ms. Bauer.  I think that's

15   it for today.  So I'm going to excuse you.

16           If between now and next Friday you're unable to

17   make it, you're welcome to file something with the Court

18   indicating why.  However, I have to accept that request and

19   issue a new order for a new date.  But otherwise, we will do

20   it at 1:00 p.m. in person, next Friday, here at 333

21   Constitution Avenue, Northwest, Courtroom 4.

22           THE DEFENDANT:  I do not consent to appear.

23           THE COURT:  Unfortunately, you don't have a

24   choice, Ms. Bauer, to consent or not.  A bench warrant will

25   be issued if you fail to comply with that.

1          You're excused for today.  You can sign off,

2     Ms. Bauer.

3          Ms. Lavigne-Rhodes, could you go ahead and call

4     the next case, please.

5          MR. STEINER:  Your Honor, just to clarify, I

6     understand the show-cause order for next Friday.

7          I'm not really sure how the Speedy Trial Act works

8     with the current situation.  Obviously, the Government would

9     request that the time from today until then be excluded for

10    the reasons that were put on the record.

11         I think also the Defendant's non-transfer to D.C.

12    or non-appointment of counsel would be another basis.  But I

13    just wanted to make sure that the time will be excluded for

14    the next seven days.

15         THE COURT:  I think it's in the interest of

16    justice to exclude the time between now and the next seven

17    days, which outweighs the right of the parties and the

18    public to a speedy trial.  I think because the Defendant has

19    not yet made an initial appearance, we cannot

20    [indiscernible].  So speedy trial will not be tolled.

21         THE DEFENDANT:  Sir, I have a question.

22         THE COURT:  One moment, Ms. Bauer.  I need to hear

23    from Mr. Steiner.

24         Anything else, Mr. Steiner?

25         MR. STEINER:  No, your Honor.  I appreciate your

1    making that clear.  That was my understanding as well.  But

2    I just wanted it to be clear for the record.

3              Thank you.

4              THE COURT:  Ms. Bauer, sure.  Go ahead.

5              THE DEFENDANT:  Will this meeting become a public

6    record of the court, sir?

7              THE COURT:  Absolutely.  Everything is on the

8    public line.  This is on the public record.  You heard

9    Ms. Edwards speaking earlier.  She's the court reporter

10   taking down all of this.  It will all go on the record, as

11   will the public proceeding next week.  It's one in which

12   anyone can appear.  It is on the public record.  We do not

13   have secret courts.

14             So we will see you next week, Ms. Bauer, Friday at

15   1:00 p.m.

16             THE DEFENDANT:  Your Honor, if I do not attend?

17             THE COURT:  I'm sorry?

18             THE DEFENDANT:  And if I do not attend?

19             THE COURT:  As stated, Ms. Bauer, there will be a

20   bench warrant issued for your arrest.  And so then --

21             THE DEFENDANT:  I do not consent to your terms of

22   your all-capital letters, sir --

23             THE COURT:  Thank you.

24             THE DEFENDANT:  -- and your corporation.

25             THE COURT:  I note your objection and I have

 1   overruled it, as judges are wont and tend to do.

 2              Ms. Lavigne-Rhodes --

 3              THE DEFENDANT:  I remind you, sir, that you took

 4   an oath to the Constitution.

 5              THE COURT:  Ms. Bauer, that's it for today.

 6              Ms. Lavigne-Rhodes, we're ready for the next case.

 7              MS. MICHELLE PETERSON:  Your Honor, if I might

 8   suggest that Ms. Hernández has agreed to be appointed as

 9   standby counsel just so that there is someone that is

10   following the case.

11              THE COURT:  Sure.  That would be great.  I'll go

12   ahead and appoint Ms. Hernández.

13              Thank you, Ms. Hernández, for your public service

14   to the community.  I greatly appreciate Ms. Hernández --

15              THE DEFENDANT:  I do not want Ms. Hernández as my

16   counsel.

17              THE COURT:  Ms. Bauer, thank you.

18              THE DEFENDANT:  No.  No.  No.  You do not railroad

19   me.  You will not appoint anyone to my case.

20              THE COURT:  Ms. Bauer --

21              THE DEFENDANT:  No.  I have said I do not want

22   counsel.  No.

23              THE COURT:  I'm asking you now to please exit the

24   Defendant from this hearing, Ms. Lavigne-Rhodes.  Thank you,

25   Ms. Lavigne-Rhodes.

1          I will note for the record that Ms. Bauer has now

2     been removed from this proceeding due to her inability to

3     appear [indiscernible].  We will try again in person.

4          Ms. Hernández, I do not envy you the task, but I

5     will appoint you as standby counsel in the hopes that we

6     can, should the Defendant wish to exercise her right to have

7     both an initial appearance, but her right to counsel that

8     would guide her in that process.

9          Ms. Hernández, are you available next Friday?

10          MR.  HERNANDEZ:  Yes, your Honor.

11          THE COURT:  Ms. Hernández, would you be

12     [indiscernible] --

13          THE COURTROOM DEPUTY:  Judge --

14          THE COURT REPORTER:  Judge, I believe Mr. Blauser

15     needs to mute.  I am getting so much interference that I

16     really cannot hear.

17          THE COURT:  Mr. Blauser, are you able to mute?

18          It looks like he's muted.  How's that,

19     Ms. Edwards?

20          All right, Ms. Hernández.  One moment.  I'm trying

21     to -- Ms. Hernández, we're going to try again.

22          Next week, Friday, hope springs eternal.  Do you

23     think that you are available to come in person?  Because I

24     think that that could be of help.  If you feel that you are

25     vaccinated and it's safe to do so, I will be in person for

1    the proceeding.  But I don't want to put you on the spot,

2    Ms. Hernández.

3              MS. HERNANDEZ:  I am vaccinated, your Honor.  I

4    will appear.  Did the Court say 1:00 p.m.?

5              THE COURT:  Yes, Ms. Hernández.

6              MS. HERNANDEZ:  Thank you.

7              THE COURT:  Thank you, Ms. Hernández.  I do

8    greatly appreciate your willingness to come on as standby

9    counsel.

10             Mr. Steiner, anything else from your end?

11             MR. STEINER:  No, your Honor.  No objection to

12   this plan.  I agree with the plan.  See you next week.

13   Thank you.

14             THE COURT:  Okay.  Ms. Peterson, anything else

15   from your end?

16             MS. MICHELLE PETERSON:  No, your Honor.

17             THE COURT:  That's it for this matter.

18             (Proceedings concluded.)

19

20

21

22

23

24

25

1                          **<u>CERTIFICATE</u>**

2

3                   I, LISA EDWARDS, RDR, CRR, do hereby

4       certify that the foregoing constitutes a true and accurate

5       transcript of my stenographic notes, and is a full, true,

6       and complete transcript of the proceedings produced to the

7       best of my ability.

8                   Please note:  This hearing was conducted

9       during the COVID-19 pandemic and is therefore subject to the

10      technological limitations of reporting remotely.

11

12

13                  Dated this 4th day of October, 2021.

14

15              <u>/s/ Lisa Edwards, RDR, CRR</u>
                Official Court Reporter
16              United States District Court for the
                   District of Columbia
17              333 Constitution Avenue, NW, Room 6706
                Washington, DC 20001
18              (202) 354-3269

19

20

21

22

23

24

25