UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 1:21-cr-00386-TNM-2 |
| : | |
| PAULINE BAUER : | |
| : | |
| Defendant. : | |

UNITED STATES' OPPOSITION
TO DEFENDANT BAUER'S MOTION TO DISMISS (ECF No. 62)

The United States of America by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby respectfully files this opposition to the pro se Motion to Dismiss by defendant Pauline Bauer. (ECF No. 62).

While the Court has not ordered a response, some issues raised in the Motion are similar to other claims filed in other January 6, 2021 cases. Defendant Bauer has raised six specific grounds in support of her motion to dismiss: (1) This Court lacks jurisdiction to adjudicate violations of Title 18 crimes; (2) the 18 U.S.C. § 1512 obstruction offense is "void for vagueness"(3) the certification of the Electoral College vote was not an official proceeding as defined under the obstruction statute; (4) Defendant Bauer did not know she had entered a restricted area, where she was in any event exercising her First Amendment Rights; (5) Defendant Bauer did not "violently enter" the Capitol Building and asks for the government's witnesses against her; and (6) the "entire case should be dismissed with prejudice due to inconsistencies in the prosecutor's case." The government will address each claim.

## FACTUAL BACKGROUND

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. The charges stem from her presence and conduct

inside the United States Capitol on January 6, 2021. *See* Complaint and Statement of Facts, *United States v. Bauer*, Case 1:21-cr-00386-TNM, ECF No. 2-1, *see also* Opposition to Motion Challenging Jurisdiction, *United States v. Bauer*, Case 1:21-cr-00386-TNM, ECF No. 52. Defendant Bauer is charged with five federal offenses: 18 U.S.C. §§ 1512(c)(2), and 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

Some of defendant Bauer's arguments in support of her motion to dismiss are unique to her, but some mirror or reference other pleadings filed in other January 6, 2021 Capitol Riots' cases. Somewhat similar motions to dismiss the 18 U.S.C. § 1512(c)(2) obstruction charge have been filed in several other cases. *See United States v. Caldwell*, et. al., 21-CR-028 (APM); *United States v. Chansley*, 21-CR-003 (RCL); *United States v. Grider*, 21-CR-022 (CKK); *United States v. Knowlton*, 21-cr-46 (RDM); *United States v. U.S. v. Miller*, 21-CR-119 (CJN); *United States v. Nordean*, 21-CR-175 (TJK); *United States v. Pezzola*, et. al., 21-CR-052 (TJK); *United States v. Andries*, 21-CR-93 (RC); *United States v. Jensen*, 21-CR-6 (TJK); *United States v. Pruitt*, 21-CR-23 (TJK). Based upon information and belief, none of the motions to dismiss the 18 U.S.C. § 1512(c)(2) obstruction charge have been ruled upon. At least two defendants have filed motions to dismiss the 18 U.S.C. § 1752 offenses charged arising out of the January 6, 2021 Capitol Riots. *See United States v. Griffin*, 21-CR-92 (TNM), *United States v. Caldwell*, No. 21-CR-28 (APM). Those motions were denied. *See* Memorandum Opinion and Order, *United States v. Griffin*, 21-CR-92 (TNM), ECF No. 41; Omnibus Order, *United States v. Caldwell*, 21-CR-28 (APM), ECF

No. 415.

## ARGUMENT

Before trial, a defendant in a criminal case may move to dismiss an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). A valid indictment must set out "the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Pickett*, 353 F.3d 62, 67 (D.C. Cir. 2004). The Government must state the essential elements of the crime and allegations of "overt acts [constituting the offense] with sufficient specificity." *United States v. Childress*, 58 F.3d 693, 720 (D.C. Cir. 1995), *see also United States v. Griffin*, Case No. 21-cr-00092 (TNM) (D.D.C., Jul. 2. 2021).

A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." *Id*. "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id*. Although a court's supervisory powers provide the authority to dismiss an indictment, "dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015).

Federal Rule of Criminal Procedure 7(c)(1) governs the "Nature and Contents" of an indictment. The rule states, in relevant part, that "[t]he indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that "[f]or each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

3

    **1.      Defendant Argues This Court Cannot Adjudicate Title 18 Cases**

Defendant Bauer's first argument, that the "District Court cannot adjudicate over Title 18 cases" is incorrect. The cases cited by defendant Bauer do not support, or even address, the claim. *Balzac v. Porto Rico*, 258 U.S. 298 (1922), considered the appellate jurisdiction of the United States Supreme Court in reviewing decisions of the Supreme Court of Puerto Rico. *Id.* at 300. The Court also considered "the validity of a statute of Porto [Puerto] Rico under the Constitution of the United States." *Id.* In *American Ins. Co. v. 356 Bales of Cotton*, 26 U.S. 511 (1828) the Supreme Court considered "whether the property in the cargo saved" after a shipwreck "was changed by the sale at Key West" and whether the sale was invalid "on the ground that it was ordered by an incompetent tribunal." *id.* at 542. The case involved the territorial powers of Florida shortly after "Spain ceded Florida to the United States" in 1819. Even a superficial reading of those cases reveals that they have no connection to the claims made. Moreover, for every federal criminal prosecution, 18 U.S.C. § 3231 supplies district courts with original jurisdiction for "all offenses against the laws of the United States," which indubitably includes the offenses with which Defendant Bauer is charged.

    **2.      The 18 U.S.C. § 1512(c)(2) Obstruction Charge**

Defendant Bauer makes a very narrow "void for vagueness" claim and argues that "Judge Mehta ruled that this was not a Congressional Investigation or an Official Proceeding." ECF No. 62, pg. 1. As an initial matter, the defendant is wrong about Judge Mehta's hearing, at least as it relates to whether the Congressional certification was an official proceeding before Congress. No ruling on any January 6 defendant's motion to dismiss the 18 U.S.C. § 1512(c)(2) charge has been made, by U.S. District Court Magistrate Judge Mehta or any other Court. A copy of the

hearing transcript from *United States v. Caldwell*, et. al., 21-CR-028 (APM), is attached as Exhibit A.   At one point during the *Caldwell* hearing, Judge Mehta states:

> THE COURT: I mean, 1515 defines "official proceeding" to be simply a proceeding before Congress, right?
>
> . . .
>
> THE COURT: I guess I don't understand that. It seems odd to me that your argument is that a committee hearing would qualify as an official proceeding, but when both houses of Congress convene to carry out its constitutional and statutory duty in a fairly regimented -- when I mean regimented, I mean sort of a statutorily laid out process, that that would not qualify. It seems backward to me, if anything.

Transcript of hearing, pgs. 19 and 21-22.   Contrary to defendant Bauer's motion to dismiss, nowhere does Judge Mehta rule that the Congressional certification is not an official proceeding.

Section 1512(c)(2) of Title 18 of the U.S. Code provides that "[w]hoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." The "Definitions" provision, 18 U.S.C. § 1515, states that "(a) [a]s used in section[] 1512 …   (1) the term 'official proceeding' means—(A) a proceeding before a judge or court of the United States … or a Federal grand jury; (B) a proceeding before the Congress; (C) a proceeding before a Federal Government agency which is authorized by law; or (D) a proceeding involving the business of insurance … before any insurance regulatory official or agency…." 18 U.S.C. § 1515(a)(1).

### A.     The certification of the Electoral College vote is an official proceeding

The Constitution and federal statutory law require that both Houses of Congress meet to certify the results of the Electoral College vote. Two separate provisions in the Constitution mandate that the Vice President, while acting as the President of Senate, "shall, in the Presence of the Senate and House of Representatives, open all the Certificates, and the Votes shall then be

5

counted." U.S. Const. art. II, § 1, cl. 3; U.S. Const amend. XII. Under the Electoral Act of 1887, a Joint Session of the Senate and the House of Representatives must meet at "the hour of 1 o'clock in the afternoon" on "the sixth day of January succeeding every meeting of the electors." 3 U.S.C. § 15. Section 15 details the steps to be followed: the President of the Senate opens the votes, hands them to two tellers from each House, ensures the votes are properly counted, and then opens the floor for written objections, which must be signed "by at least one Senator and one Member of the House of Representatives." *Id*. The President of the Senate is empowered to "preserve order" during the Joint Session. 3 U.S.C. § 18. Upon a properly made objection, the Senate and House of Representatives withdraw to consider the objection; each Senator and Representative "may speak to such objection . . . five minutes, and not more than once." 3 U.S.C. § 17. The Electoral Act, which specifies where within the chamber Members of Congress are to sit, requires that the Joint Session "not be dissolved until the count of electoral votes shall be completed and the result declared." 3 U.S.C. § 16.

The obstruction statute with which defendant Bauer is charged prohibits corruptly obstructing, influencing, or impeding any official proceeding. 18 U.S.C. § 1512(c)(2). An official proceeding for purposes of § 1512(c)(2) is defined as:

> (A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;
>
> (B) ***a proceeding before the Congress;***
>
> (C) a proceeding before a Federal Government agency which is authorized by law; or
>
> (D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any

>agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce[.]

18 U.S.C. § 1515(a)(1) (emphasis added).

Understanding what qualifies as an official proceeding "depends heavily on the meaning of the word 'proceeding'" because "official proceeding" is defined "somewhat circularly" as, among other things, a congressional "proceeding." *See United States v. Ermoian*, 752 F.3d 1165, 1169 (9th Cir. 2013). The certification of the Electoral College vote constitutes a "proceeding" under any interpretation of that term. In its broadest and most "general sense," a proceeding refers to "[t]he carrying on of an action or series of actions; action, course of action; conduct, behavior." *Id*. (quoting Proceeding, Oxford English Dictionary, available at http://www.oed.com). Defendant Bauer cannot meaningfully contend that the certification of the Electoral College vote, which involves a detailed "series of actions" outlining how the vote is opened, counted, potentially objected to, and ultimately certified, is not a proceeding—and indeed an official proceeding—under that broad definition. And there is good reason to construe "proceeding" as used in 18 U.S.C. § 1515 broadly. Section 1515's text encompasses not only congressional proceedings, but judicial proceedings, grand jury proceedings, any legally authorized proceedings before federal government agencies, and proceedings "involving the business of insurance." 18 U.S.C. § 1515(a)(1); *see* S. Rep. No. 97-532, at 17 (1982) (noting that the "term 'official proceeding'" in the obstruction statute is "defined broadly").

### B. Section 1512(c)(2) is not vague

The void for vagueness doctrine is narrow. The challenger must overcome a strong presumption that duly enacted statutes are constitutional. *See United States v. Nat'l Dairy*

7

*Products Corp.*, 372 U.S. 29, 32 (1963) ("The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Accordingly, the void for vagueness doctrine "does not invalidate every statute which a reviewing court believes could have been drafted with greater precision." *Rose v. Locke*, 423 U.S. 48, 49 (1975) (per curiam). Rather, a statute is unconstitutionally vague only if it "proscribe[s] no comprehensible course of conduct at all." *United States v. Powell*, 423 U.S. 87, 92 (1975). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008).   A member of this Court has recognized a high bar for rendering a statute unconstitutionally vague and has advised:

> [N]o void for vagueness challenge is successful merely because a statute requires a person to conform his conduct to an imprecise but comprehensible normative standard, whose satisfaction may vary depending upon whom you ask. Instead, unconstitutional vagueness arises only if the statute specifies no standard of conduct at all.

*United States v. Gonzalez*, No. 20-cr-40 (BAH), 2020 WL 6342948, at *7 (D.D.C. Oct. 29, 2020) (internal citation and quotation omitted); *see also United States v. Harmon*, No. 19-cr-395 (BAH), 2021 WL 1518344, at *4 (D.D.C. Apr. 16, 2021) (finding that the defendant did not meet the "stringent standard" to prevail on a Rule 12 void-for-vagueness motion).

The D.C. Circuit's decision in *United States v. Bronstein*, 849 F.3d 1101 (D.C. Cir. 2017) well illustrates the distinction between laws that require some degree of interpretation and laws that are unconstitutionally vague. In *Bronstein*, the defendants were prosecuted for disturbing a Supreme Court argument under a law that prohibited, among other things, making a "harangue"

8

or "oration" within the Supreme Court building. *Id.* at 1104 (citing 40 U.S.C. § 6134). The district court held that those terms were unconstitutionally vague, but the D.C. Circuit reversed. *Id*.

As the D.C. Circuit explained, vagueness is not evaluated in a vacuum. Instead, courts are required to exhaust all the available tools for statutory interpretation before declaring a statute void for vagueness. "The vagueness analysis . . . turns on the tools of statutory interpretation." *Id*. A law is not vague merely because it requires some interpretation, for "[e]ven trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid." *Id.* at 1107 (quoting *Rose*, 423 U.S. at 50). Rather, "a statute is unconstitutionally vague if, applying the rules for interpreting legal texts, its meaning specifies no standard of conduct at all." *Id.* (internal citation, quotation, and alterations omitted) (emphasis added). A court may strike a statute as unconstitutional only if "no construction can save" it. *Id*. at 1106 (internal citation and quotation omitted).

Moreover, this Court recently considered the "void for vagueness" doctrine in the context of a January 6, 2021 charged offense, albeit under a different statute. The court noted that Section 1752 "is capacious, not ambiguous." *See* Memorandum Opinion and Order, *United States v. Griffin*, 21-CR-92 (D.D.C., Jul. 2, 2021), ECF No. 41. Similarly, Section 1512(c) may also be capacious, but it is not ambiguous.

Charging defendant Bauer under 18 U.S.C. § 1512(c)(2) was entirely proper. The mere fact that multiple criminal statutes apply to an individual's conduct does not render prosecution under one (or more) of those statute suspect; indeed, "overlap" is "not uncommon in [federal] criminal statutes." *Loughrin v. United States*, 573 U.S. 351, 358 n.4 (2014); *accord Hubbard v. United States*, 514 U.S. 695, 714 n.14 (1995) (opinion of Stevens, J.) ("Congress may, and often

does, enact separate criminal statutes that may, in practice, cover some of the same conduct."); *see also United States v. Batchelder*, 442 U.S. 114, 123 (1979) ("So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied.").

### 3. The Restricted Grounds Argument

Defendant Bauer askes the Court to dismiss the 18 U.S.C. § 1752 offenses because "How were we to know this was a restricted building?" That type of sufficiency claim is not cognizable in a motion filed under Federal Rule of Criminal Procedure 12. *Compare* Fed. R. Crim. Proc. 12 and Fed. R. Crim. Proc. 29. Defendant Bauer argues "How were we to know this was a restricted building? Is it not the people's house?" Defendant Bauer argues "Were there signs or sirens or anyone saying this was restricted."[1] ECF No. 62 at 1.

As this Court has held, "someone can violate the statute by knowingly "entering without lawful authority to do so in any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." *See* Memorandum Opinion and Order, *United States v. Griffin*, 21-CR-92 (D.D.C., Jul. 2, 2021) ECF No. 41, pg. 6 *citing Wilson v. DNC Servs. Corp.*, 417 F. Supp. 3d 86, 98 (D.D.C. 2019), aff'd, 831 F. App'x 513 (D.C.Cir. 2020). So too if someone intends to and does impede government

---

[1] In the same line, Defendant Bauer also states, "Videos also show officers inviting people in. Entrapment." ECF No. 62 at 1. Bauer says nothing more. She does not provide a basis for her entrapment claim; indeed she does not even state how she personally was entrapped. On this basis alone, the court should summarily deny the defendant's claim. Nevertheless, her claim would fail because "January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol." Memorandum Opinion, *U.S. v. Chrestman*, 21-cr-160, ECF No. 27 at 25 (Chief Judge Howell).

business through disorderly or disruptive conduct while in the restricted area." *Griffin*, Case No. 21-cr-00092 (D.D.C., Jul. 2. 2021), pg. 6.   Moreover, as this Court has noted, in 2006 Congress lowered the *mens rea* requirement, striking the requirement that a defendant act "willfully."   *Id*., at 9.

This Court has also held that 18 U.S.C. § 1752 is not unconstitutionally vague. *See Griffin*, Case No. 21-cr-00092 at 12 ("Section 1752 is capacious, not ambiguous").   The present indictment substantially tracks the language this Court considered and approved for Rule 12 purposes in *Griffin*. *See Griffin*, Case No. 21-cr-00092 (TNM) (D.D.C., Jul. 2. 2021). Accordingly, the motion to dismiss should be denied.

Defendant Bauer also argues that her entry into the Capitol building on January 6 was simply an exercise of her First Amendment rights by petitioning the government for a redress of her —and thus that Section 1752 cannot be constitutionally applied to her.   Defendant Bauer is wrong.

In *Texas v. Johnson*, 491 U.S. 397, 403, (1989), the Supreme Court explained the procedure for determining whether a defendant may invoke the First Amendment to challenge a criminal charge.   First, the court must determine whether the defendants' conduct "constituted expressive conduct." *Id*. If the conduct was not expressive, the challenge fails. *Id*. Second, if the conduct was expressive, the court must determine if the statute is "related to the suppression of free expression." Id. If the statute is not related to the suppression of free expression, the court applies the "less stringent standard" for noncommunicative conduct laid out in *United States v. O'Brien*, 391 U.S. 367, 377 (1968). *Johnson*, 491 U.S. at 403. If the statute is related to the suppression of free expression, the court must apply a "more demanding standard" to determine if the government's

11

interest justifies imposition of criminal liability. *Id*.

Under *O'Brien*, the statute is constitutional if (1) "it is within the constitutional power of the government"; (2) "it furthers an important or substantial governmental interest"; (3) "the governmental interest is unrelated to the suppression of free expression"; and (4) "the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest." 391 U.S. at 377. *O'Brien* does not apply here because, under the statute being challenged here - 18 U.S.C. § 1752, the governmental interest is unrelated to the suppression of free expression and any incidental restriction on any alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

But even if the *O'Brien* factors apply, defendant Bauer's argument still fails. Here, the government interest in protecting the integrity and continuity of congressional proceedings is unrelated to any incidental impact that the application of the law may have on the ability to petition government for a redress of grievances. Second, the statute goes no further than what is "essential" to prevent the obstruction of official proceedings of Congress. The Supreme Court has upheld restrictions on demonstrations in Washington, D.C., with far less at stake than the integrity of the U.S. Presidential Election. *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 299 (1984) (upholding a ban on overnight camping on the National Mall and finding a "substantial Government interest in conserving park property, an interest that is plainly served by, and requires for its implementation, measures such as the proscription of sleeping that are designed to limit the wear and tear on park properties").

### 4. The "Violent entry" Argument

Defendant Bauer also argues for the dismissal of the indictment, in part, because "violent

entry – under rules of evidence 602 where are the witnesses?   I have witnesses that know I did not violently enter." ECF No. 62 at 2.   Her complaint is really a preview of her defense trial strategy and a request for a witness list.   Defendant Bauer's request for the government's witness list is premature.   The government will comply with the pretrial schedule consistent with the Court's pretrial practices.   Defendant's request for witnesses provides no basis to dismiss the indictment.

### 5. The "Picketing and Parading" Argument

In moving to dismiss Count Five of the indictment alleging that she "willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building," the defendant states that "When union workers wish to file a grievance for a redress they picket and parade – 1st Amendment." ECF No. 62, pg. 2.   The government agrees that picketing/parading *can* be lawful, but not here and not under the circumstances as charged.   Again, this argument is premature because it raises an evidentiary issue that will be resolved at trial.

### 6. The "inconsistencies in the prosecutor's case" Argument

Lastly, the defendant argues that the "entire case should be dismissed with prejudice due to the inconsistencies in the prosecutors case." ECF No. 62, pg. 2.   Although some of the claims touch on aspects of the case ("the search warrant is dated the day before the criminal complaint"), much of this argument is "disconnected, rambling, and nonsensical." *See Gaskins v. South Carolina*, 2:15-cv-2589-DCN-MGB, 2015 U.S. Dist. LEXIS 144979 (D. S.C., Sep. 15, 2015), *see also Charles v. Parker*, No. 18-cv-0696 (DLF), 2019 U.S. Dist. LEXIS 48435 (D.D.C., Mar. 21, 2019).   The government simply cannot divine her arguments here.   As such, this claim should summarily be denied.

13

WHEREFORE, the government respectfully requests that this Court deny defendant Bauer's motion to dismiss.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:  */s/ James D. Peterson*
AMANDA FRETTO
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov