UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| **PAULINE BAUER** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION
TO DEFENDANT BAUER'S HABEAS CORPUS CLAIM [ECF No. 63]**

The United States of America by and through undersigned counsel, files this response to the Habeas Corpus Claim by defendant Pauline Bauer. [ECF No. 63].

While the Court has not ordered a response, and the government questions the need to respond to all claims made by the defendant in her pleading, the government files this response to the Habeas Corpus Claim by defendant Bauer because, among other issues, she has sued the wrong party and she has failed to verify her petition.

**FACTUAL BACKGROUND**

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.  The charges stem from her presence and conduct inside the United States Capitol on January 6, 2021.  *See* Complaint and Statement of Facts, *United States v. Bauer*, Case 1:21-cr-00386-TNM Document 2-1, see also Opposition to Motion Challenging Jurisdiction, *United States v. Bauer*, Case 1:21-cr-00386-TNM, ECF No. 52. Defendant Bauer is charged with five federal offenses: 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol

Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).   Defendant Bauer's conduct violated federal law and took place at the United States Capitol.

## ARGUMENT

Defendant Bauer has sued the wrong person and has failed to verify her § 2241 petition. A pretrial habeas corpus action falls within the ambit of 28 U.S.C. § 2241. *See, e.g., Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.)("[p]re-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1261–62 (11th Cir.2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241"), *cert. denied*, 543 U.S. 1051 (2005); *Hirsch v. Smitley*, 66 F.Supp.2d 985, 986 (E.D.Wis.1999) ("Prejudgment habeas relief is available ... under 28 U.S.C. § 2241"); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir.) ("district court had jurisdiction, under 28 U.S.C. § 2241, to issue [a] pretrial writ of habeas corpus"), *cert. denied*, 449 U.S. 1014 (1980); *Woodard v. Plummer*, No. C 98–0040 CRB (PR), (N.D.Cal.1998), 1998 WL 30092 at *1 ("[a] pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. § 2241(c)(3)").

The proper defendant in a habeas case is generally the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time she files the habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).   A petition for writ of habeas corpus must also be verified.   28 U.S.C.

§ 2242; *Dorsey v. Gill*, 148 F.2d 857, 868 (D.C. Cir. 1945).

Defendant Bauer has sued the wrong person and has failed to verify her § 2241 petition. Moreover, habeas petitions by defendants espousing Sovereign Citizen[1] beliefs have been summarily rejected as frivolous.[2] *See United States v. Graham,* 452 F. Supp. 3d 871 D. Minn. 2020), *Thirplus Tino Moose Bey v. United States*, 1:16-cv-01347-JBM, 2016 U.S. Dist. LEXIS 133930 (C.D. Ill., Sept. 29, 2016) ("By claiming he is a sovereign citizen, the Petitioner has provided no legal claims on which to proceed for a habeas petition and his petition must be denied. There are no legal claims because for at least 25 years the courts have summarily rejected claims by sovereign citizens"), *Campbell v. Mulligan*, No. 3:19-CV-00540 (AWT), 2021 U.S. Dist. LEXIS 139466 (D. Cn., Jul. 27, 2021) (petition for habeas corpus denied stating "'[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented'") *quoting*

---

[1] Ms. Bauer has not expressly identified herself as a "Sovereign Citizen." However, the beliefs she espouses fit squarely within the Sovereign Citizen movement. *See Thirplus Tino Moose Bey v. United States*, 1:16-cv-01347-JBM, 2016 U.S. Dist. LEXIS 133930 (C.D. Ill., Sept. 29, 2016) ("Petitioner believes that there was no jurisdiction over him when he was arrested, nor that there was jurisdiction over him when he pleaded and was sentenced"), *citing* J.M. Berger, Without Prejudice: What Sovereign Citizens Believe, GW: Program on Extremism (2016), available at: https://cchs.gwu.edu/sites/cchs.gwu.edu/files/downloads/Occasional%20Paper_Berger.pdf. Moreover, other outlets have referred to her, and her beliefs, as sovereign citizen ideology. *See* Weill, Pizzeria Owner Mounts Truly Bizarre Defense for Jan. 6 Riots, Jul. 11, 2021. https://www.thedailybeast.com/pizzeria-owner-pauline-bauer-mounts-truly-bizarre-defense-for-jan-6-riots ("she's using far-out "sovereign citizen" talking points to claim she is immune from prosecution").

[2] The government notes that defendant Bauer has demonstrated that she can research and file pleadings that discuss and apply relevant law. *See United States v. Bauer*, 1:21-cr-00386-TNM-2 (D.D.C.), ECF No. 62.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).   Accordingly, the court should dismiss the habeas corpus petition.

  WHEREFORE, the government respectfully requests that this Court reject and deny defendant Bauer's Habeas Corpus Claim.

              Respectfully submitted,

              CHANNING D. PHILLIPS
              Acting United States Attorney
              DC Bar No. 415793

       By:  */s/ James D. Peterson*
              AMANDA FRETTO
              JAMES D. PETERSON
              Bar No. VA 35373
              United States Department of Justice
              1331 F Street N.W. 6th Floor
              Washington, D.C. 20530
              Desk: (202) 353-0796
              James.d.peterson@usdoj.gov