# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| v.    * | **Case No. 21-cr-0386-2 (TNM)** |
| * | |
| **PAULINE BAUER,** * | |
| **Defendant** * | |
| * | |

## SECOND MOTION FOR RECONSIDERATION OF DETENTION ORDER

Pauline Bauer, by her undersigned stand-by counsel, respectfully moves this Honorable Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2)(B) to consider evidence that has a material bearing on the Court's decision to detain Ms. Bauer. In particular, Ms. Bauer has written a letter to the Court apologizing for her earlier refusal to make weekly calls to the Pretrial Services Agency (PSA) and to allow a virtual home inspection. Letter attached as Ex. 1. In addition, although Ms. Bauer has filed an appeal of the Court's Order of Detention, this Honorable Court may reopen the Detention Hearing and reconsider its decision to detain Ms. Bauer. *See* FED. R. CRIM. P. 37(a); FED. R. APP. PROC. 12.1.

Ms. Bauer adopts and incorporates by reference the Supplement relating to her Emergency Motion for Review of the Order of Detention (ECF 60) and the letters submitted therein.

### INTRODUCTION

1.      Ms. Bauer is charged with one count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), a felony; and four misdemeanor charges relating to the events at the United States Capitol on January 6, 2021. *See* Indictment (ECF 11, filed 6/4/21). She is not charged with any crimes of violence. Nor is she alleged to have destroyed any property.

1

2. On June 22, 2021, Ms. Bauer was released pretrial on her personal recognizance with conditions of release, including courtesy supervision in the Western District of Pennsylvania, where she resides and owns a business. *See* Order Setting Conditions of Release (ECF 21). While the report does not specify the terms of supervision, PSA has indicated that Ms. Bauer was directed to make weekly phone calls to the Pretrial Services Agency ("PSA") in Western District of Pennsylvania and allow PSA access to her residence. *See* PSA Status Report at 2 (ECF 55).

3. On September 14, 2021, the United States filed a Motion to Revoke (ECF 47) on the grounds that Ms. Bauer had failed to asking the Court to revoke Ms. Bauer's pretrial release on the grounds that she had failed to make weekly telephone calls to Pretrial Services and had failed to authorize home inspection. *See* Motion to Revoke Defendant Bauer's Pretrial Release (ECF 53); Pretrial Violation Report filed by Pretrial Services Agency ("PSA") (ECF 55, filed 9/16/21).[1]

4. Notwithstanding the compliance issues with Pretrial Services, Ms. Bauer has attended each court proceeding.[2]

---

[1] In pertinent part, the PSA Report states that Ms. Bauer had last telephoned PSA in the Western District of Pennsylvania on 6/30/21. And, that on 8/12/21, she had not allowed a virtual home inspection. (ECF 55 at 2).

[2] Ms. Bauer's first three appearances in this district were before Magistrate Judge Faruqi. She also had an initial appearance in the Western District of Pennsylvania on 5/19/21, Case No. 21-mj-00057-RAL-2.

- 6/11/21 - Initial appearance/arraignment (virtual)
- 6/21/21 - Initial appearance/arraignment (in person); remanded to custody
- 6/22/21 - Ms. Bauer appeared virtually while in custody and was released
- 6/28/21 - Status Conference (virtual)
- 7/19/21 - Status Conference (in person)
- 9/17/21 - Status Conference (in person); Ms. Bauer remanded to custody
- 9/24/21 - Detention hearing (Ms. Bauer appeared in custody); custody remained unchanged

  5. At the Status Conference on September 17, 2021, the Court revoked Ms. Bauer's pretrial release and remanded her to the custody of the United States Marshals.

  6. On September 24, 2021, on motion of undersigned stand-by counsel (ECF 60), the Court held a detention hearing. After a hearing at which Ms. Bauer appeared in person, the Court denied the Motion to Review the Order of Detention. Since that date, Ms. Bauer has remained detained at the DC Department of Corrections, Community Treatment Facility ("CTF").

  7. In a handwritten letter, Ms. Bauer writes in pertinent part:

> have learned the "errors" of my ways and will agree to adhere to the conditions of release. I will agree to call in weekly and give pre-trial a virtual tour of the place that I inhabit from time to time. I apologize for any mistakements before the court and realize that I cannot defend my case from a jail cell.

Letter attached as Exhibit 1.

**The Bail Reform Act**

> In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.

*United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021), *quoting United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Bail Reform Act authorizes a Court to detain a person pretrial only if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *Munchel, supra*.  This Court has noted that Ms. Bauer is not a danger to the community but has detained her based on Ms. Bauer's failure to contact Pretrial Services or allow Pretrial Services to conduct a virtual home inspection.

1. **In Light of Ms. Bauer's Letter, the Court Should Reconsider its Decision to Detain Ms. Bauer**

In pertinent part, 18 U.S.C. § 3142(f)(2) provides that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Here, Ms. Bauer's letter to the Court in her own words signifies a material change in her position regarding pretrial supervision and her willingness to adhere to the conditions imposed by the Court. Moreover, in light of Ms. Bauer's letter, coupled with all the other factors present in this case, which include Ms. Bauer's appearance at every court proceeding, her extensive ties to the community, and

4

the nature of the charges against her, there is sufficient evidence from which this Court may determine that there is a reasonable assurance that Ms. Bauer does not present a risk of flight.[3] As the D.C. Circuit recently explained:

> Detention cannot be based on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk of flight; otherwise the scope of detention would extend beyond the limits set by Congress. As we observed of the Bail Reform Act of 1966, "[t]he law requires reasonable assurance[,] but does not demand absolute certainty" that a defendant will comply with release conditions because a stricter regime "would be only a disguised way of compelling commitment in advance of judgment." United States v. Alston, 420 F.2d 176, 178 (D.C. Cir. 1969).

*United States v. Munchel*, 991 F.3d 1273, 1283 (D.C. Cir. 2021). Under all the facts and circumstances now before the Court, the likelihood that Ms. Bauer presents a risk of flight have diminished significantly.

Reconsideration is appropriate in this case in the interests of justice. In deciding motions for reconsideration in criminal cases, the courts apply the same standard applicable in civil cases under F. R. Civ. P 59(e). *U.S. v Sunia*, 643 F. Supp 2d at 60 and *U.S. v Slough*, 2014 WL 3734139 at *2, and look at whether justice requires reconsideration. As the Court articulated in *Slough* at *2, "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances," citing *Cobell v. Norton*, 355 F. Supp.

---

[3] None of the charges pending against Ms. Bauer fit the class of cases described in 18 U.S.C. § 3142(f)(1) that permit pretrial detention. The offenses charged against Ms. Bauer are not crimes of violence; sexual abuse cases; offenses where the maximum sentence is life or death; serious drug felonies; offenses involving child victims; nor offenses listed in 18 U.S.C. 2332b(g)(5)(B) with a maximum sentence of ten years or more. Nor is Ms. Bauer, who has no prior offenses, a serious recidivist. *See, e.g. United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (absent one of these circumstances set out in § 3142(f)(1), "detention is not an option").

2d 531, 539 (D.D.C. 2005). "Moreover, "[e]ven if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." *Sunia* at 61, citing *Isse v American Univ.*, 544 F. Supp. 2d 25, 29 (D. D.C. 2008). Moreover, in the context of the Bail Reform Act, it is sufficient to show that there is "information that was not known to the movant at the time of the hearing and that has a material bearing" on the detention question. *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D. D.C. 2020).

Here, Ms. Bauer is a 54-year old with no prior convictions. As the letters previously submitted to the Court reflect, Ms. Bauer is a productive member of society. She is a business owner, who has employed and helped a number of young people. She is also a member of a number of civic organizations, giving of her time and resources to improve the lives of others and of veterans, in particular. As the Court has previously determined, she does not present a risk of danger to society. Her sister has been present at every hearing before this Court, thus showing the family support that is often an essential part of any process of rehabilitation. Thus, Ms. Bauer's continued detention in the face of her letter to the Court and all the other circumstances present in this case is not necessary to reasonably assure her attendance at future proceedings. Accordingly, reconsideration is appropriate and in the interests of justice.

**2. The Pending Appeal Does Not Preclude this Court's Reconsideration**

When relief is sought from an order that is the subject of a pending appeal a district court may consider it pursuant to Rule 37, FED. R. CRIM. PROC:

> **(a) Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Federal Rules of Appellate Procedure also address the procedures to be followed:

> (a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> (b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Rule 12.1, FED. R. APP. PROC. ("Remand After an Indicative Ruling by the District Court on a Motion for Relief That Is Barred by a Pending Appeal"). Contemporaneously with the filing of the instant motion, counsel will notify the Court of Appeals in accordance with Rule 12.1.

## CONCLUSION

Ms. Bauer, through undersigned counsel, respectfully requests that this Honorable Court reconsider its Order of Detention and release Ms. Bauer pretrial.

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant Status Report was served this 5th day of November, 2021 via ECF on all counsel of record.

*/s/ Carmen D. Hernandez*
**Carmen D. Hernandez**