UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM |
| | : | |
| WILLIAM BLAUSER, JR. and | : | |
| PAULINE BAUER, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES' OPPOSITION
TO THIRD PARTY APPLICATION FOR ACCESS TO VIDEO EVIDENCE**

The United States of America by and through undersigned counsel, files this response in opposition to the Application for Access to Video Evidence by RadicalMedia, LLC.

The government has not submitted to the Court any video evidence in this case for its consideration. Rather, the government has merely included in its charging documents different screen captures of the defendants' conduct on or about January 6, 2021, at the United States Capitol, or provided a written summary of events captured by video. Thus, the information sought by the third-party applicant does not seek access to "judicial records" as described in *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017), and should not be publicly released at this time.

**FACTUAL BACKGROUND**

Defendants are charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. The charges stem from their presence and conduct inside the United States Capitol on January 6, 2021. *See* Complaint and Statement of Facts, *United States v. Blauser and Bauer*, Case 1:21-cr-00386-TNM Document 2-1, *see also* Opposition to Motion Challenging Jurisdiction, *United States v. Bauer*, Case 1:21-cr-00386-TNM, ECF No.

52. Defendant Blauser was charged with four federal offenses: 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). Defendant Bauer is charged with five federal offenses: 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding); 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). The Statement of Facts underlying the Complaint was sworn out by a law enforcement officer attesting to the facts stated therein.

On November 15, 2021, Defendant Blauser entered a plea of guilty to the offense of willfully and knowingly parading, demonstrating, or picketing in any United States Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(G). Sentencing is currently scheduled for February 3, 2022. At the plea hearing, the government did not introduce any video footage in support of the plea.

RadicalMedia has requested public access to all video footage "and recordings that have been relied on by the Government in its submissions to the Court in this matter." Perhaps realizing that no video evidence has been submitted in this case, RadicalMedia further states that the "statements of fact attached to the criminal complaints against Defendants reference multiple videos of Defendants as evidence of their involvement in the riot (the "Video Evidence")." As previously stated, the government merely submitted screen shots from videos or summarized

events depicted on video evidence as part of the sworn Statement of Facts for the Court's consideration, as opposed to actual video footage.

## ARGUMENT

The government has not introduced any video footage to the Court in the defendants' cases, nor has video footage been the subject of any judicial decision. As discussed more fully below, the Video Evidence described by RadicalMedia are not judicial records, and thus the public has no right of access to that Video Evidence: "the media's right of access does not extend to information gathered through discovery that is not part of the public record[.]" *Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir. 1994); *see also, e.g.*, *United States v. Bundy*, No.: 2:16-cr-046-GMN-PAL, 2016 U.S. Dist. LEXIS 166626, at *9 (D. Nev. Nov. 30, 2016) ("[T]he U.S. Supreme Court has long held that there is no common law or First Amendment public right of access to *discovery* information, let alone any presumption of a right to access. . . . The qualified First Amendment right of access to judicial proceeding and documents simply does not extend to discovery materials."); *In re Special Proceedings*, 291 F. Supp. 2d 44, 48 (D.R.I. 2003) ("the media have a presumptive common-law right of access to judicial records but not to potential evidence possessed by the parties") (citing cases).

As the D.C. Circuit recently explained, "third parties may intervene in cases for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order[,]" they "may seek disclosure only of 'public records,' which, in the context of court proceedings, are called 'judicial records.'" *League of Women Voters of the U.S. v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020). But materials provided in discovery are not judicial records. *See, e.g.*, *SEC v. American Int'l Group*, 712 F.3d 1, 4 (D.C. Cir. 2013) ("though filing a document

with the court is not sufficient to render the document a judicial record, it is very much a prerequisite"); *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("[T]he courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers.").

There is no legal basis for the RadicalMedia's request that the Court order the Government to make video clips available to the press and the public. Here, no video clips have influenced any judicial decision, and thus the asserted Video Evidence is not a judicial record to which the common-law right of access would apply. *See American Int'l Group*, 712 F.3d at 3-4 ("The IC reports are not judicial records subject to the right of access because the district court made no decisions about them or that otherwise relied on them.").[1] Photographic stills taken from a video and used as exhibits, or descriptions of portions of video footage contained in a pleading, do not make the entire actual footage video footage exhibits provided to the Court for review, thereby rendering them judicial records. *See, e.g., United States v. Sibick, et. al.,* No. 21-cr-291 (ABJ), Minute Order (D.D.C. July 6, 2021) (denying in part an application filed by The Press Coalition where the government had submitted screenshots of two videos in support of a detention motion but had not provided the underlying video footage to the Court); *United States v. Gieswein*, No 21-cr-24 (EGS), Minute Order (D.D.C. August 9, 2021) (denying The Press Coalition access to U.S.

---

[1] In its application, RadicalMedia cites to decisions in *United States v. Torrens*, 21-cr-204-2 (BAH) (D.D.C. Aug. 19, 2021) and *United States v. Mattice*, 21-mj-622 (ZMF) (D.D.C. Oct. 19 and 21, 2021) in support of its position advocating access. *Application for Access to Video Evidence,* ECF No. 82 at Para. 6, at page 3. However, in those cases, the Court specifically ordered the government to submit video footage for the Court's consideration, thereby rendering the video footage judicial records. That is not the case here.

Capitol video footage certain Capitol surveillance footage and stating as follows: "The surveillance videos Applicants seek access were not filed with or submitted to the Court, and in reaching a decision with regard [to defendant's] motion, the Court never reviewed the videos or played them in open court. Rather, the Court relied on the government's descriptions and screenshots of the footage, but not the footage itself.").[2]

For the same reason, the government suggests, any review by the Court on its own motion would not necessarily change the status of the video information and confer status as "judicial records" subject to disclosure. *See United States v. Torrens*, No. 21-204-2 (BAH), 2021 U.S. Dist. LEXIS 174997 (D.D.C. Sep. 15, 2021) (Court ordered submission of video footage and then order its disclosure). Thus, because Radical Media has no right of access to the video clips at issue, there is no legal basis for its request that the Court order the government to provide the press and the public with access to that video.

WHEREFORE, the government respectfully requests that this Court reject and deny RadicalMedia's Application for Access to Video Evidence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ James D. Peterson*
AMANDA FRETTO

---

[2] The government has not determined what, if any, video footage it will seek to admit at sentencing, or trial. Any video evidence offered at trial or sentencing may very well become judicial records at that time.

JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov