UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **WILLIAM BLAUSER, Jr.,** *et al.*, <br><br> Defendants. | Case No. 1:21-cr-00386 (TNM) |

## ORDER

Before the Court is an application by two media companies (collectively RadicalMedia) for access to video footage relied on by the Government in this prosecution of two individuals for their alleged involvement in the January 6 riot. Because those videos do not qualify as judicial records, the Court denies the application for access.

For purposes of this application, the Court treats the allegations in the Government's Complaints as true. *See United States v. Griffin*, — F. Supp. 3d —, 2021 WL 2778557 at *1 (D.D.C. July 2, 2021). William Blauser and Pauline Bauer traveled from Pennsylvania to Washington, D.C., for a rally on January 6. *See* Compl. Against William Blauser, Ex, 1 at 2, ECF No. 1-1 (Blauser SOF); Compl. Against Pauline Bauer, Ex. 1 at 2, ECF No. 2-1 (Bauer SOF).[1] That rally escalated into a riot, with protestors entering the Capitol. Video footage shows Blauser and Bauer entering the east door to the Capitol Rotunda. *See* Blauser SOF at 8. Once inside the Rotunda, Defendants engaged in a brief skirmish with police officers. *See id.* at 9; Bauer SOF at 11. Cameras worn by officers capture Bauer saying, "Bring Nancy Pelosi out here now. We want to hang that fucking bitch." Bauer SOF at 13. Both Complaints include

---

[1] All page citations refer to the page numbers generated by the Court's CM/ECF system, and all exhibit numbers refer to the numbered attachments to the CM/ECF filings.

screenshots from the videos and descriptions of what those videos depict. The Government has not, however, filed any video clips on the public docket as exhibits to the Complaints or to any other filing.

A grand jury indicted Blauser on four counts, including parading, demonstrating, or picketing in a Capitol building and disorderly conduct in a Capitol building. *See* Indictment, ECF No. 11 at 2–3. The grand jury indicted Bauer for the same charges but also for one count of obstructing an official proceeding. *See id.* at 1. The Government's case against Bauer continues. Blauser recently pled guilty to one count of parading, demonstrating, or picketing in a Capitol building. *See* Plea Agreement, ECF No. 76 at 1.

RadicalMedia has applied for access to the video footage that the Government described and screenshotted in the Complaints. *See* Application for Access to Video Evidence, ECF No. 82. As allowed by the Chief Judge's Standing Order 21-28, the Court sought the position of the parties on the Application. *See* Min. Order (Nov. 26, 2021). Defendants filed no response, but the Government opposes the application. *See* United States' Opposition to Third Party Application (Opp'n), ECF No. 84.

The law recognizes a "strong presumption in favor of public access to judicial proceedings." *Metlife, Inc. v. FSOC*, 865 F.3d 661, 665 (D.C. Cir. 2017). That presumption allows third parties like media companies to request "access to materials that have been shielded from public view either by seal or by a protective order." *League of Women Voters of U.S. v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020). But that access extends only to "judicial records." *Id.* Whether a document or filing qualifies as a judicial record depends on its role "in the adjudicatory process." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). When a court "ma[kes] no decisions about a document" or "otherwise relie[s] on" it, that document is not a

judicial record. *Id.* at 3–4. Put another way, if a document is never part of the record, "it cannot have played any role in the adjudicatory process." *Id.* at 4.

Here, the Government has not submitted video footage of the defendants has not to the Court. The public docket nowhere includes those videos. They thus have not "affect[ed]" the Court's "decisionmaking process" in any way. *Metlife*, 865 F.3d at 667. And, at least for now, the Government has not "intended to influence" the Court by filing any videos.[2] *Id.* at 668. Nor can the Court "otherwise rel[y]" on videos it has not even seen. *Am. Int'l Grp.* at 4. The failure to file these videos with the Court prevents them from being judicial records subject to a right of access. *See id.* ("[T]hough filing a document with the court is not sufficient to render the document a judicial record, it is very much a prerequisite.").

RadicalMedia suggests that the Court itself review the videos "to assess the footage and evaluate the Government's descriptions" in the Complaints. Reply at 1. That procedure would, according to RadicalMedia, transform the videos into judicial records that could be accessible. *See* Reply at 2. Admittedly, other judges in this District have reviewed video exhibits and then ordered them released to the media. *See United States v. Torrens*, No. 21-cr-00204, 2021 WL 4192048 at *7 (D.D.C. Sept. 15, 2021); *United States v. Mattice*, No. 21-mj-00622, Min. Order (Oct. 22, 2021) (D.D.C.). But those courts had good reason to review in the first place. They ordered submission of video exhibits to facilitate judicial review of a Statement of Offense in a

---

[2] RadicalMedia responds that the Government intended to influence the Court by describing what the videos depict. *See* Reply Memorandum (Reply) at 1–2, ECF No. 85. Perhaps. But those submitted descriptions do not entitle RadicalMedia to access the entire unsubmitted footage. *See, e.g.*, *United States v. Sibick*, No. 21-cr-291, Min. Order (July 6, 2021) (D.D.C.) (denying media access to full videos not provided to the court even though the Government had included screenshots of those videos in its filings).

plea hearing, *see Torrens*, 2021 WL 4192048, at *2, and the Government's motion to review a detention order, *see Mattice*, Min. Order (Oct. 19, 2021).

RadicalMedia cites no similar need for this Court to review the videos now. That need might arise later. Indeed, the Government admits that if it files video exhibits, they might then become judicial records. *See* Opp'n at 5, n.2. But for now, the Court will not short-circuit the adversarial process just to fabricate judicial records for RadicalMedia's benefit.

For these reasons, it is hereby

**ORDERED** that RadicalMedia's [82] Application for Access to Video Evidence is DENIED.

**SO ORDERED**.

Dated: December 17, 2021

TREVOR N. McFADDEN
United States District Judge