IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. 21-cr-0386-2 (TNM) |
| | * | |
| **PAULINE BAUER,** | * | |
|          **Defendant** | * | |
| | * | |

**NOTICE REGARDING IMPRACTICABILITY OF DISCOVERY REVIEW
WHILE DETAINED AND MEMORANDUM IN SUPPORT OF PAULINE BAUER'S
RELEASE FOR PREPARATION OF HER DEFENSE**

Pauline Bauer, by her stand-by counsel, respectfully provides a summary of the circumstances which make her review of the voluminous discovery in this case impracticable. Counsel understands that Ms. Bauer mailed a request for release from detention to the Court in recent days. Accordingly, counsel submits this memorandum in support of Ms. Bauer's contention that her release is necessary in order for her to prepare her defense and that her continued detention violates the Bail Reform Act and her constitutional rights.

**I.    MS. BAUER CANNOT ADEQUATELY REVIEW THE VOLUMINOUS DISCOVERY WHILE DETAINED**

Review of the voluminous discovery in this case by Ms. Bauer, while detained is impracticable for three reasons. First, the discovery in this case, much of which is digital and designated as "highly sensitive" by the Government is voluminous. Second, the resources available for reviewing such materials at the DC Department of Corrections (DOC), Community Treatment Facility (CTF), where Ms. Bauer is detained, are limited. Third, as Ms. Bauer is representing herself, her need to review the discovery is more critical than in the run-of-the-mill case.

A.     **Discovery Is Voluminous**

Discovery in this case consists of voluminous digital materials and documents, including:

> thousands of hours of video footage from multiple sources (*e.g.*, Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act ("SCA") accounts, digital media tips, Parler video, and unpublished news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement

Memorandum Regarding Status of Discovery as of August 24, 2021 (ECF 58-1) at 1.  The government is making the bulk of this discovery available on two evidence review platforms – the Relativity database for documentary material and the cloud-based digital management system for digital material.  The digital discovery includes 2,300 hours of body-worn-camera videos[1] and 7,000 hours of footage from the US Capitol Police[2] as well as extensive additional materials from news reports, and searches of electronic devices seized from the 700 persons charged in the January 6 cases.  Thousands of documents are also being produced in discovery by the government.  *Id.*

Moreover, the government continues to provide discovery.  Just this week, the government produced another batch of digital, audio and documentary discovery.  Late last week, the government produced a thumb drive with the unscoped contents of Ms. Bauer's phone and of her Facebook account.

Copies of a substantial amount of the discovery, designated as "highly sensitive" cannot be left with Ms. Bauer but may be only be viewed by her.  While Ms. Bauer is detained, she may only view digital discovery through the protocols set up by DOC for digital discovery.

---

[1]   ECF 59 at 2

[2]   ECF 58-1 at 9

Alternatively, counsel or her investigator may sit with Ms. Bauer at her place of detention to review the "highly sensitive" materials and the digital materials, whatever their designation. However, given the number of working hours in a day and the press of other cases, the number of hours that counsel and her investigator may devote to sitting with Ms. Bauer while she reviews the discovery is limited. Moreover, to adequately review videos and audio files, the materials generally need to be rewound or replayed to take notes or identify participants, statements or other details that may be material to the preparation of a defense.

    **B.**    **DOC Resources Limit the Ability of Detainees to Review Discovery**

1. DOC has a total of 23 laptops for use by detained defendants, which includes not only defendants charged in January 6 cases but includes defendants awaiting trial in Superior Court and unrelated District Court cases.[3]

2. There is currently a 4 to 6-week average wait time for an inmate to be granted access to a laptop.[4]

3. For confidentiality purposes, while reviewing discovery the inmate is housed in a cell alone. If a single cell on the unit is not available or the inmate needs to be moved to another unit so she can have access to a single cell, there may be a delay in providing a laptop to the inmate.[5]

4. Once the laptop becomes available, the inmate may review the discovery for up to two weeks at a time. "If the inmate requires more than two weeks to review the evidence and there is a waitlist for the program, the review will end and s/he will be added to the waitlist to reenter the program for another two-week review period."[6]

---

[3] *See* Memorandum Regarding Status of Discovery filed in No. 21-cr-028 (ECF 481) at 4.

[4] This information was provided to undersigned counsel on December 20, 2021 by DOC's Deputy Director of Administration.

[5] DOC's Procedure for Voluminous or Electronic Evidence Review at the Department of Corrections During the Covid-19 Pandemic ("DOC's Procedures") at 3-4, attached as Ex. 1

[6] DOC's Procedures at 4; *Caldwell*, *supra,* (ECF 481) at 4.

DOC's procedures come with a caveat:

> This procedure does not guarantee that inmates will review any and/or all evidence provided to the DOC. Specifically, this alternative procedure is subject to the availability of DOC staff to facilitate the program, available laptops computers, and cells. Also, the alternative procedure operates on a first-come, first-served basis and the DOC cannot guarantee that any inmate will review the electronic evidence within any allotted period of time. **Currently, there is a several week's long waitlist to review evidence on laptops at DOC which fluctuates depending on the demand for this service.**

DOC's Procedures at 2 (emphasis original).

### C. Ms. Bauer Has a Pronounced Need to Review Discovery

Because Ms. Bauer is self-representing, she has a marked need to review discovery fully and thoroughly. That need is more pronounced than in the run-of-the-mill case where a defendant is represented by counsel. The resource and time limitations caused by her detention would not be present were she able to review discovery while at her home. All the necessary requirements are in place to allow Ms. Bauer to review "highly sensitive" as well as other discovery while at home.

### CONCLUSION

In light of all these circumstances, which are unique to Ms. Bauer's case, she respectfully requests that the Court release her to the "least restrictive conditions" consistent with the Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B) and (i). In pertinent part, 18 U.S.C. § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

As set out above, Ms. Bauer's release is "necessary for preparation of [her] defense." Moreover, as fully set out in Ms. Bauer's earlier memoranda seeking release, she has been a hard working, law-abiding, productive member of society for her entire life with deep ties to her community.[7] As the Court has previously noted, she does not present a risk of danger to the community. Her continued appearances before this Court show that there is no reasonable likelihood that she will flee. Moreover, detention is not the least restrictive conditions that would satisfy the twin purposes of the Bail Reform Act.[8] Nothing in 18 U.S.C. § 3148 authorizes detention under the totality of these circumstances. Accordingly, Ms. Bauer's continued detention under these circumstances violates her rights to due process of law, to her Sixth Amendment rights to represent herself and amount to a violation of the Eighth Amendment. *See United States v. Salerno*, 481 U.S. 739, 746- 755 (1987) (the Bail Reform Act is constitutional under the Due Process Clause and the Excessive Bail Clause precisely where pretrial detention is based upon a finding that release would present a risk of danger to the community); *Stack v. Boyle*, 342 U.S. 1, 4 (1951) ("traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction"). In sum, a person may not be deprived of her physical liberty where doing so is not necessary to protect the public, *see Salerno*, *supra*, at 750-751, or to assure her appearance at a trial, *see Stack, supra*, 342 at 4-5; *see also United States v. Munchel*, 991 F.3d 1273, 1283 (D.C. 2021) ("Detention cannot be based on a finding that the defendant is unlikely to comply with conditions of release absent the requisite finding of dangerousness or risk

---

[7] *See* Motion, Memoranda and letters attached as exhibits thereto (ECF 60, 73).

[8] Less restrictive conditions include electronic home monitoring, a curfew, and third party custody by her sister.

of flight; otherwise the scope of detention would extend beyond the limits set by Congress").

For all these reasons, and any that may become just and proper at any hearing on this matter, Ms. Bauer respectfully submits this memorandum in support of her request to be released to less restrictive conditions pursuant to 18 U.S.C. §§ 3142(a), (b) and (c)(1)(B) and released temporarily pursuant to 18 U.S.C. § 3142(i) so that she may prepare her defense.

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391

## CERTIFICATE OF SERVICE

I hereby certify that the above Notice was served this 21st day of December, 2021 via ECF on all counsel of record and by hand-delivery to Pauline Bauer.

/s/ Carmen D. Hernandez

**Carmen D. Hernandez**