UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA,      :
                               :        Docket No. CR 21-386
                               :
          vs.                  :        Washington, D.C.
                               :        Monday, July 19, 2021
WILLIAM BLAUSER, JR.,          :           10:30 a.m.
PAULINE BAUER,                 :
                Defendants.    :
-----------------------------x
```

TRANSCRIPT OF IN-PERSON STATUS CONFERENCE
BEFORE THE HONORABLE TREVOR N. MCFADDEN
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:    VIVIEN JO COCKBURN, Esquire
                       AMANDA FRETTO, Esquire
                       Assistant United States Attorneys
                       555 4th Street, NW
                       Washington, DC  20530

For Defendant          DAVID B. BENOWITZ, Esquire
Blauser:               RAMMY G. BARBARI, Esquire
                       409 7th Street, NW
                       Washington, DC  20004

For Defendant          PAULINE BAUER, Pro Se
Bauer:
                       CARMEN HERNANDEZ, Esquire
                       Standby Counsel
                       717 D Street, NW
                       Washington, DC  20004

Court Reporter:        CRYSTAL M. PILGRIM, FCRR, RMR
                       United States District Court
                       District of Columbia
                       333 Constitution Avenue, NW
                       Washington, DC  20001

```
 1                      P-R-O-C-E-E-D-I-N-G-S

 2              THE DEPUTY CLERK:  This is criminal case 21-386,

 3    United States of America versus William Blauser and Pauline

 4    Bauer.  Counsel and parties, please come forward to identify

 5    yourselves for the record.

 6              MR. BENOWITZ:  Good morning, Your Honor.  David

 7    Benowitz and Rammy Barbari on behalf of Mr. Blauser who is

 8    present.

 9              THE COURT:  Good morning, folks.  Good to see you

10    better, Mr. Benowitz.

11              DEFENDANT BAUER:  I am Pauline Bauer and I'm here by

12    special appearance.

13              THE COURT:  I'm sorry, ma'am.  Please approach the

14    podium.

15              DEFENDANT BAUER:  I am Pauline Bauer.  I am here by

16    special appearance and I call for a constitutional court of

17    record, sir.

18              THE COURT:  All right, good morning Ms. Bauer.  You

19    may have a seat.

20              MS. COCKBURN:  Good morning, Your Honor.  Vivien

21    Cockburn for the United States.

22              MS. FRETTO:  Good morning, Your Honor.  Amanda Fretto

23    on behalf of the United States as well.

24              THE COURT:  Good morning.

25              MS. HERNANDEZ:  Good morning, Your Honor.  Carmen
```

1  Hernandez.  I've been appointed as standby counsel for

2  Ms. Bauer, so I'm not sure exactly what the Court wants me to

3  do in terms of where I should sit.

4        THE COURT:  You can go sit over by Ms. Bauer.  Thank

5  you, Ms. Hernandez.  Good morning.

6     Ms. Cockburn, where do things stand?

7     Ma'am, sit down please.

8        MS. COCKBURN:  Your Honor, at our last hearing, I

9  notified the Court that we had submitted a protective order to

10 the Court on Mr. Blauser.  That has been signed by the Court

11 and the government has made initial discovery to counsel for

12 Mr. Blauser.  That included a number of body-worn cameras and a

13 number of CCTVs from the interior of the Capitol Building.

14     Regarding Ms. Bauer, the government sent a protective

15 order to Ms. Hernandez to determine what Ms. Bauer's position

16 was regarding that.  We have not heard back on that.

17     Regarding discovery, because we did not have a protective

18 order, we did send an initial discovery letter via

19 Ms. Hernandez and at that time it included body-worn camera

20 footage from inside the Capitol.  So that is where matters

21 stand.

22        THE COURT:  What are you requesting, Ms. Cockburn?

23        MS. COCKBURN:  Your Honor, at this point I'm going to

24 turn it to Ms. Fretto who will be assuming full responsibility

25 for this case and I think she can best address the Court.

```
1              THE COURT:  Very well.  All right, Ms. Fretto.

2              MS. FRETTO:  Good morning, Your Honor, Amanda Fretto

3    on behalf of the United States.  The government will be

4    requesting a 60-day continuance as well as the exclusion of

5    time under the Speedy Trial Act.

6        In addition, because there is the matter of Ms. Bauer

7    seeking to represent herself, we will be requesting that Your

8    Honor --

9              DEFENDANT BAUER:  Objection, Your Honor, I do --

10             THE COURT:  Ma'am, you'll get an opportunity to

11   speak.  Go ahead, Ms. Fretto.

12             MS. FRETTO:  We will request that the Court set a

13   hearing date for a full Faretta hearing.  I reviewed the docket

14   and it did not appear that a full Faretta hearing had been

15   already conducted.

16             THE COURT:  I was thinking of doing that today.  Do

17   you think we need to -- is there a reason why it wouldn't work

18   today?

19             MS. FRETTO:  The government is prepared to move

20   forward with a Faretta hearing today.

21             THE COURT:  Okay.  Tell me if you think that's a bad

22   idea, but I have the colloquy from the bench book.  I was

23   planning to do that now.

24             MS. FRETTO:  And that was going to be the

25   government's recommendation, so we would be happy to move
```

1  forward with the Faretta hearing today.

2          THE COURT:  Okay.  All right, so you're seeking a

3  60-day continuance?

4          MS. FRETTO:  Yes, Your Honor.

5          THE COURT:  All right.  Thank you, Ms. Fretto.

6          MS. FRETTO:  Thank you.

7          THE COURT:  Mr. Benowitz.

8          MR. BENOWITZ:  Yes, Your Honor.  We've conferred with

9  government counsel about the status of discovery, and as well

10  as the general progress of the case.  We have no objection a

11  60-day continuance.  We've spoken with Mr. Blauser and we've

12  discussed his rights under the Speedy Trial Act.  He's willing

13  to toll the time between today and the next hearing.

14     I would also request that, if possible, for our next

15  hearing if we're able, if it's a status hearing where there's

16  nothing substantive such as a change of plea, that Mr. Blauser

17  be allowed to appear virtually.

18          THE COURT:  I'll take that under advisement.

19          MR. BENOWITZ:  Thank you.

20          THE COURT:  Ms. Fretto, are you asking for tolling?

21          MS. FRETTO:  Yes, Your Honor, we are.

22          THE COURT:  On what basis?  If you could approach the

23  podium, ma'am.

24          MS. FRETTO:  We're asking for exclusion of time under

25  18 U.S.C. 3161, H7(A), specifically the ends of justice

1  provision in light of the complexity of the case and voluminous

2  discovery under sections B(1) and (4).

3          THE COURT:  Do you have someone from pretrial here?

4      Ms. Bauer, if you could approach the podium, ma'am.

5          THE COURT:  Good morning, ma'am.

6          DEFENDANT BAUER:  Good morning.

7          THE COURT:  My understanding is that you do not wish

8  to have an attorney represent you.  You'd like to represent

9  yourself; is that correct?

10          DEFENDANT BAUER:  I do not represent myself. I am

11  here by special appearance as sui juris as judiciary trustee of

12  my trust.

13          THE COURT:  Okay.  Would you like to have an attorney

14  accredited to the bar of this Court assist you?

15          DEFENDANT BAUER:  No lawyering, no attorney from the

16  bench.

17          THE COURT:  Sorry, say that again, ma'am.

18          DEFENDANT BAUER:  No lawyering or attorney from the

19  bench.

20          THE COURT:  Okay.  Ma'am, before I can determine

21  whether I can allow you to proceed as you wish, I need to ask

22  you a number of questions.

23      I'll just ask you to answer those as accurately as you

24  can.  If you have any questions about any of them, just let me

25  know.

1          Have you ever studied law, ma'am?

2          DEFENDANT BAUER:  Just recently.

3          THE COURT:  And can you tell me about that?

4          DEFENDANT BAUER:  Well, I have learned about the Bar

5     Association, my sui juris and I'm fully aware of it.

6          THE COURT:  So since this case began you have done

7     some investigating?

8          DEFENDANT BAUER:  It has been my intent since January

9     to correct my status.  Civil status from a citizen to a people.

10         THE COURT:  Have you ever represented yourself in a

11    criminal case before, ma'am?

12         DEFENDANT BAUER:  I have never been in a criminal

13    case before.

14         THE COURT:  Okay.  Ma'am, I need to go through with

15    you the different counts with which you've been charged, those

16    are the criminal allegations; to make sure that you're aware of

17    them and understand them.

18      The first one is obstruction of an official proceeding and

19    aiding and abetting --

20         DEFENDANT BAUER:  Object to that, sir.  There has

21    been numerous reports that Congress was not in session because

22    of the bomb threats that were put on the Republican National

23    Center and the Democratic National Center.

24         THE COURT:  Okay.

25         DEFENDANT BAUER:  At the time that people entered --

1          THE COURT:  So ma'am --

2          DEFENDANT BAUER:  -- that had already been underway.

3          THE COURT:  A couple of things. First, please do not

4   talk over me.  We have a court reporter who is trying to

5   transcribe everything and it doesn't work if two of us are

6   talking at the same time.

7      Secondly, I'm certainly not suggesting you're guilty of

8   these things. You'll absolutely have an opportunity to present

9   your evidence in your case to a jury.

10      What I'm just trying to ascertain right now is if you're

11   aware that the government has charged you with these things.

12      So the first one is obstruction of an official proceeding

13   and aiding and abetting in violation of 18 U.S.C. 1512 (C)(2)

14   and 1512(2), I guess it is.  And that is, do you understand

15   that if you are found guilty of the crime charged in Count 1,

16   you could face a special assessment of $100 and you could face

17   a sentence as to as many as 20 years in prison; a term of

18   supervisory release; and a fine of as much as $250,000?  You

19   could also be required to pay restitution.  Do you understand

20   that, ma'am?

21          DEFENDANT BAUER:  I do not understand, sir.  Under

22   the law, I not stand under the law.  God gave dominion over the

23   law in Genesis 1:24-28.

24          THE COURT:  So you're saying you don't understand

25   that charge, ma'am?

1          DEFENDANT BAUER:  I do not understand, sir.

2          THE COURT:  Okay.  This second count is entering and

3    remaining in a restricted building or grounds.  That's a

4    misdemeanor count.  And you could face a special assessment of

5    $25, one year in prison, and supervised release thereafter, and

6    a $100,000 fine, and restitution.

7       Do you understand all of that, ma'am?

8          DEFENDANT BAUER:  I do not understand, sir.  That is

9    to say under the law.  I do not stand under the law.  As a

10   sovereign, your codes, statutes, and ordinances do not apply.

11         THE COURT:  Okay.  So you're saying that you don't

12   understand that charge?

13         DEFENDANT BAUER:  Does the Court recognize that my

14   deed of reconveyance puts my bloodline as one of we the people?

15         THE COURT:  So ma'am, at this point I get to ask the

16   questions.  And I'm trying to figure out right now if I can let

17   you represent yourself or if I need to have --

18         DEFENDANT BAUER:  As a --

19         THE COURT:  Ma'am, again, please don't interrupt me.

20      Whether I can allow to you represent yourself or whether

21   I need to have an attorney represent you.  So that's the

22   purpose of these questions.

23      Are you telling me you don't understand that second count

24   entering and remaining in a restricted building?

25         DEFENDANT BAUER:  As notice of discovery I am going

1    to require that the prosecution bring forth corpus delicti.

2    The shareholders of the corporation to whom they are charging.

3           THE COURT:  Okay, I'll take that as you not

4    understanding.

5        Count 3 is disorderly and disruptive conduct in a

6    restricted building or grounds.  If you are found guilty of

7    that, you could again face a $25 assessment, one year in

8    prison.  You could face supervised release afterwards, and

9    again face up to a $100,000 fine, and restitution.

10       Do you understand that, ma'am?

11          DEFENDANT BAUER:  Do you think the American public

12   will be very shocked to find out who owns the Capitol Building,

13   sir?

14          THE COURT:  Again, ma'am, I'm asking the questions

15   right now.

16       Do you understand that count and what you could face if

17   you're found guilty of that?

18          DEFENDANT BAUER:  I comprehend that.

19          THE COURT:  Okay.  The fourth count is disorderly

20   conduct in a Capitol Building.  That is going to again have the

21   very similar type of potential punishment; a special assessment

22   of $10; a sentence of six months in prison; potential

23   supervised release thereafter; $5,000 fine; and restitution.

24   Those are the maximum penalties you can face if you are

25   convicted of that misdemeanor.

1    Do you understand that, ma'am?

2    DEFENDANT BAUER:  I comprehend that.

3    THE COURT:  Okay.  And then the final count is

4    another misdemeanor.  It's parading, demonstrating, or

5    picketing in a Capitol Building in violation of 40 U.S.C. 5104

6    E 2(g).  The potential penalties for that are a $10 special

7    assessment; a sentence of up to of six months in prison;

8    potential supervised release thereafter; a $5,000 fine, and

9    potential for restitution.

10    Do you understand all of that, ma'am?

11    DEFENDANT BAUER:  I do not understand that.  I

12    comprehend that.

13    THE COURT:  Okay.  So I want to go back to those

14    first couple because maybe I was misunderstanding you.  That

15    first one I described was obstruction of an official proceeding

16    and aiding and abetting in violation of 18 U.S.C. 1512.  And

17    that has a $100 special assessment; 20 years in prison; a term

18    of supervised release, and a $250,000 fine; and restitution.

19    Those are all of the maximum penalties you could face if you're

20    convicted of that count.

21    Do you comprehend that, ma'am?

22    DEFENDANT BAUER:  Yes.

23    THE COURT:  Okay.  And as to the second count, just

24    to go back to that one as well.  That's entering and remaining

25    in a restricted building or grounds in violation of 18 U.S.C.

1    1752, as I was saying, that has a special assessment of $25.

2    You could face as much as one year in prison, supervised

3    release thereafter; up to a $100,000 fine, and restitution.

4         Do you comprehend that, ma'am?

5              DEFENDANT BAUER:  Yes.

6              THE COURT:  Do you understand that if you're found

7    guilty of more than one of these crimes, the Court can order

8    that the sentences be served consecutively; that is, one after

9    another.

10        Do you comprehend that, ma'am?

11             DEFENDANT BAUER:  I do not understand that, but I

12   comprehend that.

13             THE COURT:  Can you help me understand the difference

14   between when you say you understand something or you comprehend

15   something?

16             DEFENDANT BAUER:  Because in the courtroom, you have

17   to use the right language, the right diction, sir.

18             THE COURT:  Okay.

19             DEFENDANT BAUER:  Otherwise you incriminate yourself.

20             THE COURT:  So when you tell me -- you are telling me

21   that you comprehend that; is that correct?

22             DEFENDANT BAUER:  Yes.

23             THE COURT:  Okay.  Ma'am, do you understand that

24   there are advisory sentencing guidelines that may have an

25   effect on your sentence if you're found guilty?  And I should

1   have said, do you comprehend that, ma'am?

2          DEFENDANT BAUER:  I do not understand that.  I

3   comprehend that.

4          THE COURT:  Okay.  If you represent yourself --

5          DEFENDANT BAUER:  I do not represent myself.

6          THE COURT:  Okay.

7          DEFENDANT BAUER:  I am here as sui juris as justly as

8   in one's own right.

9          THE COURT:  Do you comprehend that I cannot tell you

10  or even advise you how you should try your case today, that

11  would be up to you?

12      Do you comprehend that, ma'am.

13          DEFENDANT BAUER:  Do you recognize me as a sovereign

14  sir?  As a sovereign people.  One of we the people, creator of

15  government, not under your rules, statutes, codes, and

16  ordinances of a corporation.

17          THE COURT:  Again, ma'am, I'm asking the questions

18  now.

19          DEFENDANT BAUER:  So are you saying you don't

20  recognize me?

21          THE COURT:  Ma'am --

22          DEFENDANT BAUER:  Under my affidavit of repudiation

23  and truth?

24      Under insurant number 202117549.

25          THE COURT:  Ma'am, again I'm trying to determine

1  whether I need to appoint an attorney to represent you.

2         DEFENDANT BAUER:  I do not recognize your bar court,

3  sir, as a constitution court.  I'm calling for a constitutional

4  court of record, not a bar court.

5         THE COURT:  Okay, that's fine.  We need to get

6  through this right now though to determine whether you can even

7  make these motions or whether I need to have someone else

8  represent you.

9      And so again --

10         DEFENDANT BAUER:  I believe that's against my

11  constitutional rights.

12         THE COURT:  Okay, that's fine.  I'll take that under

13  advisement.

14      Do you --

15         DEFENDANT BAUER:  Also, sir, I would like to have the

16  right to assist; litigation can be assisted by unlicensed law

17  men during judicial proceedings.  The Brotherhood of Trainmen

18  v. Virginia.  Persons under Black's Law Fourth Edition are

19  divided by law into national and artificial corporations or

20  policy.  Policy and courts were created for the sole purpose of

21  performing one or more municipal functions.

22      A next friend is a person who represents someone who is

23  unable to attend to his or her own interests under federal

24  rules of civil procedure Rule 1728 U.S.C.A.  Members of groups

25  who are competent non-lawyers can assist other members of a

1  group, achieve the goals of the group and the court without

2  being charged with unauthorized practice of law, NAACP v.

3  Button.

4       I would like to introduce co-counsel please.

5           THE COURT:  All right, ma'am, again, what we're

6  trying to do is determine whether I need to appoint someone to

7  represent you or whether you can represent yourself.

8       We can get to these other motions at a later point.

9       I'm going to ask you one more time.  Do you comprehend

10 that if you represent yourself, you are on your own?  I cannot

11 tell you or even advise you how you should try your case?

12          DEFENDANT BAUER:  I comprehend that I am sui juris in

13 one's own right.  I do not represent myself.

14          THE COURT:  Okay.

15      Are you familiar with the Federal Rules of Evidence,

16 ma'am?

17          DEFENDANT BAUER:  No, sir.

18          THE COURT:  Do you understand that the Rules of

19 Evidence govern what evidence may or may not be introduced at

20 trial and that in representing yourself, you must abide by

21 these very technical rules?

22          DEFENDANT BAUER:  Isn't that obstruction of justice?

23          THE COURT:  Ma'am, again --

24          DEFENDANT BAUER:  Why is any evidence not being put

25 into the case?  Why is any evidence being withheld?

1          THE COURT:  Ma'am, please do not interrupt me.

2      If you represent yourself, you must abide by these very

3  technical rules and they will not be relaxed for your benefit.

4      Do you understand that, ma'am?  Do you comprehend that?

5          DEFENDANT BAUER:  I cannot answer that question at

6  this time.

7          THE COURT:  Okay.  Are you familiar with the Federal

8  Rules of Criminal Procedure?

9          DEFENDANT BAUER:  Yes.

10          THE COURT:  Do you understand that if these rules --

11  or that these rules do govern the way a criminal action is

12  tried in federal court, that you are bound by those rules and

13  that they will not be relaxed for your benefit?

14          DEFENDANT BAUER:  I do not understand.  I comprehend.

15          THE COURT:  Okay.  Ma'am, I must advise you that in

16  my opinion a trained lawyer would defend you far better than

17  you can defend yourself.  I think it is unwise for you to try

18  to represent yourself.

19          DEFENDANT BAUER:  I do not represent myself.

20  Objection.

21          THE COURT:  Okay.  I think it is unwise for you to

22  try to do what you are doing.  I think you would be in a better

23  situation if you allowed me to appoint an attorney who is

24  familiar with this Court, who is familiar with the rules of

25  this Court --

1              DEFENDANT BAUER:  No lawyer appointment from the

2  bench.

3              THE COURT:  -- to represent you.

4      You are not familiar with the law.  You are not familiar

5  with court procedure.  You're not familiar with the rules of

6  evidence.  I strongly urge you not to try to represent

7  yourself.

8      Now in light of the penalty that you might suffer if

9  you're found guilty and in light of all of the difficulties of

10  representing yourself, do you still desire to represent

11  yourself and to give up your right to be represented by an

12  attorney?

13              DEFENDANT BAUER:  All men decide for themselves

14  whether they want to participate in the institutions of man or

15  not.  The United States Supreme Court confirmed this when they

16  said every man is independent of all laws except those

17  proscribed by nature.

18      He is not bound by any institution for and by his fellow

19  man without consent, Cruden v. Neale.

20      Common law is a supreme law.  I am not going to let you

21  drag me into the abnormality contract law.

22              THE COURT:  Okay.  We're not talking about common

23  law.  Right now we're actually talking about constitutional

24  law.  And your right under the Constitution to represent

25  yourself.  It's not an unqualified right.  I need to make sure

1  that you're making an informed decision if you do decide to

2  represent yourself.

3      In light of all of this, ma'am, in light of the penalty

4  you might suffer if you're found guilty and in light of the

5  difficulties of representing yourself; do you still desire to

6  represent yourself and to give up your right to be represented

7  by an attorney?

8      DEFENDANT BAUER:  Only people who are sovereign have

9  rights.  Bureaucrats in their capacity are not sovereign, have

10  no rights.  They have authority given by the people and are

11  subject to the statutes.  They cannot diminish rights of the

12  people.  Furtado v. People of the State of California.

13      THE COURT:  I'm asking you whether you wish to

14  represent yourself?

15      DEFENDANT BAUER:  I do not represent myself.  I am

16  here as sui juris in my own right.

17      THE COURT:  All right.  Ma'am, we're kind of at a

18  crossroads here about whether I have an attorney represent you,

19  speak for you or not.  I think you don't want me to do that.

20      DEFENDANT BAUER:  No.

21      THE COURT:  But I need to understand.  I need to make

22  sure that you comprehend what's going on here and that this is

23  really what you want.  So you not answering my questions is not

24  helping advance your case.

25      DEFENDANT BAUER:  No attorney, sir.

1          THE COURT:  Okay.  Is your decision entirely

2    voluntary, ma'am?

3          DEFENDANT BAUER:  What does that mean?

4          THE COURT:  Well, if you don't feel that you can say

5    it's entirely voluntary then please don't.

6       Are you making this decision of your own free will?

7          DEFENDANT BAUER:  Yes.

8          THE COURT:  Okay.  Ma'am, could I ask you to have a

9    seat for just a moment.  I want to hear from the government

10   about how they think we should proceed now.

11         MS. FRETTO:  Your Honor, at this time the government

12   does have concerns about Ms. Bauer's responses to the Court's

13   inquiry.

14      Specifically we would ask that the Court reask question

15   number 7.  As it appears that Ms. Bauer did not answer the

16   Court's question.

17      We would also note for the record that she made continuous

18   representations that she does not represent herself.  In

19   response to question 13, she stated no attorney, however, did

20   not answer the Court's question whether she still desires to

21   represent herself and to give up her right to be represented by

22   a lawyer.

23      As Your Honor heard in response to question 7, she did

24   request additional assistance by others.  Now the government

25   does have a concern that even if the Court does find that

1  Ms. Bauer may proceed and represent herself, we would ask that

2  the Court require standby counsel for a number of reasons.

3      In particular, the first one being that Ms. Bauer did

4  request assistance.

5          THE COURT:  I would do that regardless.  I don't need

6  to hear from you on that Ms. Fretto.

7          MS. FRETTO:  Yes, Your Honor.  The government also

8  does have concerns about the discovery process.  However, given

9  that Your Honor just mentioned the need for standby counsel, we

10  will not go into further detail.

11          THE COURT:  All right, Ms. Hernandez do you wish to

12  be heard on whether or not I can allow Ms. Bauer to represent

13  herself?

14          MS. HERNANDEZ:  Your Honor, my understanding under

15  the Supreme Court case law is that I have to allow her to try

16  to represent herself.  And I will do as much or as little as

17  she would like and as the Court would like.  I'm in a difficult

18  position.

19          THE COURT:  I understand.

20          MS. HERNANDEZ:  I agree with you that I believe she

21  would be better served with competent counsel.  But I don't

22  think I have -- it's your job to make that decision, Your

23  Honor.  I'm here to assist.

24          THE COURT:  In your interactions with Ms. Bauer, do

25  you have any concerns as to her competence at this point?

1        MS. HERNANDEZ:  Number one, I've had very few

2   interactions with Ms. Bauer.  I have had one conversation with

3   her, one virtual conversation with her while we were in front

4   of Magistrate Faruqui.  She seems competent, pleasant, knows

5   where she is and that type of thing.  But other than that --

6   and I've had a short conversation with her in the back of the

7   courtroom; she asked questions.  I emailed her information and

8   she didn't respond.  So that's the extent of my communications

9   with her.

10       There's a letter in the record from her sister about her

11   background.  She runs a restaurant.  She provides a lot of

12   assistance to her employees.  She does community work.  From

13   that record it appears that she's of sane mind.  That's all I

14   know.

15       THE COURT:  Okay, thank you, Ms. Hernandez.

16       Ms. Bauer, could you approach the podium again, please.

17       Ma'am, as the prosecutor noted, there were a couple of

18   questions that, let's say, you did not answer

19   straightforwardly.  That's important because as I've said and

20   as I think you recognize too, this is a big question whether an

21   attorney is going to be speaking for you or not.

22       You have the constitutional right not to have an attorney,

23   but I need to make sure that's the decision that you're making

24   knowingly and intelligently.  So I want to go back and ask you

25   a couple of those questions again.  I'm just going to ask you

1  to be straightforward with me, so that I can make sure that I'm

2  giving you the rights to which you're entitled.

3      Ma'am, do you understand that if you represent yourself

4  you are on your own?  I cannot tell you or even advise you how

5  you should try your case.

6      Do you comprehend that, ma'am.

7          DEFENDANT BAUER:  I comprehend that.

8          THE COURT:  Okay.  And ma'am, now, in light of the

9  penalty that you might suffer if you're found guilty and in

10  light of all of the difficulties of representing yourself, do

11  you still desire to represent yourself and to give up your

12  right to be represented by an attorney?

13          DEFENDANT BAUER:  Again, I do not represent myself.

14  I am here by special appearance in my own right.  I do not want

15  an attorney or any lawyering from the bench.

16          THE COURT:  Okay, thank you, ma'am.

17          DEFENDANT BAUER:  I do want the Court to honor me

18  co-counsel of my choice.  Under my constitutional rights, under

19  these cases that I just read to you.

20          THE COURT:  Yes, I heard those, ma'am.  Let's do one

21  thing at a time.

22      First, let me say I find that Ms. Bauer has knowingly and

23  voluntarily waived the right to counsel.  I think we've used

24  some different terms at different points and she wants to use

25  certain vocabulary, but I don't think that is out of a

1  misunderstanding.  I think it's clear she's researched this.

2  It's clear that she has very firm views on not wanting an

3  attorney to speak for her and under the Constitution she has

4  that right.  So I will permit the defendant to represent

5  herself.

6       I am going to ask Ms. Hernandez to remain as your standby

7  counsel.  Ma'am, she's there to do as much or as little as you

8  want her to do.  She's kind of an assistant to you.

9       I've known Ms. Hernandez for a number of years.  I think

10 she can be very helpful to you.  But as long as you follow the

11 rules of this Court, you'll have the opportunity to do all of

12 the speaking if that's what you wish.

13      If at any point down the road you decide you want

14 Ms. Hernandez to actually represent you, let me know and I

15 think we could do that.

16      You've talked about having a co-counsel.  You're certainly

17 entitled to retain an attorney to represent you.

18           DEFENDANT BAUER:  No attorney.  No attorney.

19           THE COURT:  But, ma'am, anybody other than you or

20 Ms. Hernandez you want to speak here in court would need to be

21 appointed as a member of the bar of this court.

22           DEFENDANT BAUER:  I do not recognize the bar card,

23 sir.  I'm asking for a constitutional court of record.

24           THE COURT:  Okay, that's fine.  But whether you

25 recognize it or not, the marshals are not going to allow

1    somebody else here into the well of this court.

2            DEFENDANT BAUER:  That's obstruction of justice.

3            THE COURT:  Okay, that's fine, ma'am.  You're welcome

4    to seek to proceed on that as you see fit.

5        Is Pretrial Services here?  Ma'am, could you have a seat

6    for just one moment please, ma'am.

7            MR. SIDBURY:  Andre Sidbury from Pretrial Services.

8            THE COURT:  Good morning, sir.  Can you give me an

9    update on compliance with Ms. Bauer?

10           MR. SIDBURY:  Your Honor, she's currently in

11   non-compliance.  The Pretrial Services in the Western District

12   of Pennsylvania has attempted to verify her address which she's

13   given them -- well they have an address on record.  She's

14   indicated that that's where she resides sometimes.  They want

15   to do a virtual visit there.  She's not sure whether or not she

16   will allow them to do a virtual visit.

17       She has failed to surrender her passport.  And at this

18   particular point, they are unable -- because we don't have

19   contact information or accurate contact information regarding

20   her, they cannot supervise her properly without her providing

21   the accurate address and also contact information.

22           THE COURT:  Okay.

23       What are you requesting, sir?

24           MR. SIDBURY:  That she allow Pretrial Services of

25   Western District of Pennsylvania the authority to visit;

1  whether they do a virtual visit over the phone or come to her

2  actual residence, provide us with an actual address that we can

3  contact her, and provide for adequate or -- information

4  regarding her telephone number is inaccurate as well, because

5  we need to be able to contact her and provide her with

6  information when she needs to come to court and to supervise

7  her properly.

8          THE COURT:  All right, I think at the last virtual

9  hearing I directed Ms. Bauer to provide you with her address

10  and to provide her passport.  Are you saying that she has not

11  done that?

12          MR. SIDBURY:  That is correct, Your Honor, she has

13  not done that.

14          DEFENDANT BAUER:  That is not true.  Objection.  You

15  have my address.  You know you have my address.

16          THE COURT:  Ma'am, ma'am.  Thank you, sir.

17      You may step back, but stick around.

18      Ms. Bauer, if you could approach the podium again.

19      Ma'am, are you willing to state your address for the

20  record.

21          DEFENDANT BAUER:  My address is 1072 Bliss Hill Road,

22  Kane, Pennsylvania, spelled out in capital and lower case

23  letters, zip exempt, near 16735 in brackets, sir.

24          THE COURT:  Okay.

25          Ma'am, are you willing to allow Pretrial Services to do

1  an in-person or virtual walk through of your residence?

2          DEFENDANT BAUER:  I feel that is encroachment of my

3  rights.  I have not been convicted of a crime under my 7th

4  Amendment; you cannot treat me like a criminal.

5          THE COURT:  All right, I understand your views on

6  that, but you are now in the criminal justice system.

7          DEFENDANT BAUER:  I believe it's innocent until

8  proven guilty.

9          THE COURT:  That's absolutely right.  But I need to

10 make sure that I can keep an eye on you and that you're

11 complying.

12         DEFENDANT BAUER:  I run a restaurant 14 hours a day,

13 five days a week; that's over 80 hours a week.  I don't have

14 time to do anything else, other than going to constitutional,

15 what I thought were constitutional rallies.  Actually they were

16 a waste of time.  Because nobody cares about the Constitution

17 anymore.  No one cares that the American people are a little

18 bit angry.

19         THE COURT:  All right, so, ma'am, are you saying that

20 you are not willing to allow Pretrial Services to do a

21 virtual--

22         DEFENDANT BAUER:  I don't see the point in it.  Can

23 you tell me what the point of letting Pretrial Services go

24 through my home would be?

25         THE COURT:  For one, they need to verify that you

1   actually live there and that that's not --

2         DEFENDANT BAUER:  I live in my body, sir.  I lie my

3   head there every once and awhile.

4         THE COURT:  Okay.  Well, they want to see whether you

5   in fact lay your head there.  Are you telling me that you are

6   not willing to allow Pretrial Services to do a virtual?

7         DEFENDANT BAUER:  I just believe that's an

8   infringement on rights, sir.

9         THE COURT:  So I'm going to take that as a no; am I

10  understanding you correctly?

11        DEFENDANT BAUER:  No.

12        THE COURT:  Okay.  Ma'am, do you have a passport?

13        DEFENDANT BAUER:  I cannot find my passport.  Under

14  the illegal search warrant, I was not given what was taken from

15  my house.  And it was not signatured by the two FBI agents that

16  took anything.  So, maybe, do you think the FBI might have it?

17  I cannot find it.

18        THE COURT:  Okay.  Thank you, ma'am.  You can have a

19  seat.

20        DEFENDANT BAUER:  Also under that illegal search

21  warrant it was not given to me before they crossed the

22  threshold.  That is an illegal search warrant.  There was

23  nothing listed of what they took out of my place that I lie my

24  head every once in awhile.  There was no signature from either

25  one of the FBI agents.  There's no metes and bounds on that

1   search warrant.  And they did not include that search warrant

2   in the indictment.  So that was an obstruction of justice and

3   withholding evidence.

4             THE COURT:  Okay, ma'am, you may have a seat.

5             DEFENDANT BAUER:  And I would like to seek remedy

6   also for the fact that the last time that I was in this

7   courtroom --

8             THE COURT:  Ma'am.

9             DEFENDANT BAUER:  -- Judge Faruqui continued to hold

10  court without me there under Title 18 Section 241 and 242; that

11  is a conspiracy to deprive me of my rights.

12            THE COURT:  You need to have a seat please, ma'am.

13  Thank you.

14      Could the pretrial officer approach the podium.

15            THE COURT:  So you've heard from Ms. Bauer.  Frankly,

16  the passport I'm not sure what we'd do about that.  Tell me

17  what you're requesting at this point?

18            MR. SIDBURY:  Your Honor, well, for the Pretrial

19  Services in the Western District of Pennsylvania to supervise

20  the defendant properly, they have to have an accurate address.

21  Our agency has to have an accurate address to provide the

22  defendant with important dates and things of that nature.

23      If she's not going to allow pretrial in the Western

24  District of Pennsylvania to supervise her, we would have to

25  defer back to the Court to provide supervision.  She would not

1  currently be supervised under the current conditions that the

2  Court has set for her.

3           THE COURT:  Okay, thank you, sir.

4     Ms. Fretto.

5           MS. FRETTO:  Your Honor, we would ask that the Court

6  simply order again Ms. Bauer to comply with the conditions of

7  pretrial release.  Should between now and the next hearing she

8  continue to not comply with orders of the Court and the

9  conditions of release, then the government will file a written

10 motion with its recommendation.

11          THE COURT:  Okay, thank you, Ms. Fretto.

12    So, Ms. Bauer, you're certainly right about the various

13 constitutional rights that you have.  For better or worse when

14 you're in the criminal justice system, those rights sometimes

15 have to take also take into account the fact that there is a

16 criminal proceeding and those rights can be abridged in certain

17 cases.

18    And one of those is the need for the Court to be able to

19 supervise you.  Otherwise, the likely remedy is that I put you

20 in a place where I know you are, i.e. in jail.  I don't want to

21 do that.  I think you're hearing from Pretrial Services and the

22 U.S. Attorney's Office, they don't want to see that.  They want

23 you to be able to continue working, remain at your residence.

24 But for that to happen, we need to confirm that you live where

25 you say you live or that you lay your head where you say you

1  lay your head.  And we need to make sure that you're complying

2  with the law and all of my conditions.  Therefore, ma'am, I'm

3  directing you to allow Pretrial Services to do either a virtual

4  or in-person visit at their election within the next two weeks.

5  Also, I'm going to take you at your word that you can't find

6  your passport.  I understand the frustration.  If you do find

7  your passport, I'm going to order you to surrender that.

8          DEFENDANT BAUER:  My passport, sir, is not any -- I

9  don't know where it is.  But it doesn't matter because I am a

10 state national and I am not a citizen anymore.  I have

11 corrected my status from a citizen to a people, sir.  And I

12 just gave Pretrial Services my address right here, right now.

13 So they have my address.

14         THE COURT:  But they need --

15         DEFENDANT BAUER:  The FBI also knows where I lie my

16 head every once in awhile.

17         THE COURT:  All right, thank you for that, ma'am.

18         DEFENDANT BAUER:  Can I ask you a question?

19    Does the FBI have jurisdiction outside of Washington,

20 D.C.?

21         THE COURT:  So, ma'am, again, I get to ask the

22 questions here.

23    Another thing I needed to determine is whether or not

24 you're willing to sign that protective order.  There's a

25 protective order the government has requested that you sign in

1  order that they can provide you with materials.  Are you

2  willing to sign that order?

3          DEFENDANT BAUER:  Yes.

4          THE COURT:  Okay.  Do you have a copy of that here

5  Ms. Fretto?

6          MS. FRETTO:  In draft form only.  However, I will

7  provide a formal copy.  A copy was provided to Ms. Hernandez.

8          THE COURT:  All right.  Ms. Bauer, how would you like

9  to be contacted by the government?  Would you like them to

10 contact, provide things to Ms. Hernandez and for Ms. Hernandez

11 to provide it to you?

12         DEFENDANT BAUER:  The government should have my email

13 address.

14         THE COURT:  All right.  You'd like them to email that

15 to you?

16         DEFENDANT BAUER:  Yes.

17         THE COURT:  Okay, I'll ask the government to provide

18 that by email then.  Again, this is just to ensure that they

19 can provide these documents to you.

20    Ms. Hernandez also notified me that the government has

21 already provided her with a number of discovery materials.  A

22 lot of these materials are quite large.  So that we don't

23 overwhelm your email address, do you think it makes sense for

24 the government to provide Ms. Hernandez with discovery

25 materials and for you and her to figure out --

1              DEFENDANT BAUER:  Can you put it on a zip drive?

2              THE COURT:  Looks like the answer is no. I think

3    they're so significant, the size is pretty significant.

4              DEFENDANT BAUER:  Really?

5              THE COURT:  Can I ask you to talk with Ms. Hernandez

6    about the best way for you to get them?

7              DEFENDANT BAUER:  Yes.

8              THE COURT:  Great, thank you.

9              MS. HERNANDEZ:  I'm sorry, Your Honor.

10             THE COURT:  Yes, ma'am.

11             MS. HERNANDEZ:  I represent other Capitol defendants

12   and in some cases a lot of files come through USAFX, but they

13   have sent external hard drives with some materials because

14   there is so much.  So the government is able to provide

15   external hard drives with materials.

16             THE COURT:  At this point what I think I want to do

17   is ask you two to talk about the best way for her to get it.

18   It may well make sense that you're getting it, Ms. Hernandez,

19   and Ms. Bauer can tell you what she wants.

20             DEFENDANT BAUER:  Are we going to get all 10,000

21   hours of footage?  Are we going to find out who killed Ashli

22   Babbitt?  I mean, we have body camera on the rest of us.  Why

23   don't we have body camera on that?

24             THE COURT:  Perhaps you will, I don't know.

25        Also, I've reviewed the defendant's motion to dismiss.

1  That's Defendant Ms. Bauer and I'm denying the motion to

2  dismiss.

3       I do want to mention, ma'am --

4          DEFENDANT BAUER:  Objection, Your Honor.  On what

5  terms do you deny?

6          THE COURT:  Ma'am, I'm denying your motion to

7  dismiss.  I want to explain to you --

8          DEFENDANT BAUER:  On what terms, sir?

9          THE COURT:  You know what, you don't get to demand

10 terms from me.

11      Ma'am, one of your constitutional rights is the right to a

12 speedy trial; that is, to have this reach a resolution quickly.

13 I'm sure you want to do that.  I want to try to allow that for

14 you.  Every time you file a motion though, ma'am, that under

15 the statute tolls the speedy trial clock.  That means that the

16 government can wait longer to go to trial.

17      And so I ask you to consider that when you file motions

18 and file notices on the docket that you are in all likelihood

19 making it less likely that your case will go to trial quickly.

20 So I'll just ask you to discuss with Ms. Hernandez and see what

21 it makes sense to file and when it makes sense to file.

22      You certainly will have an opportunity to file any motions

23 you wish at one time before trial and for me to rule on them.

24 But when you file them piecemeal like this it means this

25 process is going to go a lot longer for everyone and that's

1      probably not in your best interest either.

2           All right, thank you, Ms. Bauer.  You may have a seat.

3                MS. FRETTO:  Your Honor, may we be heard?

4                THE COURT:  Yes, Ms. Fretto.

5                MS. FRETTO:  As the Court just addressed the matter

6      of discovery, the government wanted to put on the record the

7      status of discovery and our recommendation for how to proceed.

8                THE COURT:  I thought you already had?  I think

9      Ms. Cockburn had.

10               MS. FRETTO:  Ms. Bauer had just requested that

11     materials be put on a zip drive.  She did say that she would

12     comply in terms of the protective order.  However, the

13     government wanted to confirm with the Court that we may provide

14     all materials to Ms. Hernandez.  Specifically because the

15     government is concerned about the enforceability of the

16     protective order; specifically which states that highly

17     sensitive CCTV video will not be provided directly to

18     defendants in this case and they will not have a copy

19     themselves, but will need to view it through counsel.

20          In addition, the government wanted to put on the record

21     that according to some estimates, we have collected at least

22     250 terabytes of data and we are working on developing a

23     database in order to compile all of the materials searched and

24     provide that to defense.

25          We are in constant discussions with the federal defenders

1   office about how to provide all of that voluminous discovery to

2   counsel.  And we hope that through the federal defenders office

3   and Ms. Hernandez, we will be able to continue to share

4   discovery through that means given the voluminous amount of

5   data that cannot be sent directly to a defendant; not only

6   because it's voluminous, but also because of the highly

7   sensitive material not just CCTV from inside of the United

8   States Capitol, but also personal identifying information and

9   confidential information from sources or tipsters.

10          THE COURT:  Okay, yes, I think as I said, at least

11  for now you're going to send material to Ms. Hernandez.

12  Ms. Hernandez and Ms. Bauer are going to figure out between

13  themselves the best way to get Ms. Bauer what she wants.  But

14  to be clear, Federal Public Defender isn't in this case so we

15  need to come up with a system that works for the defendants

16  here.

17          MS. HERNANDEZ:  I'm happy to discuss with Ms. Bauer

18  and with the government and try to resolve this. I can tell the

19  Court there's going to be a problem because of the size of the

20  discovery and because Ms. Bauer is not local and because she's

21  representing herself.

22      It's going to be almost impossible for her to review the

23  CCTV materials in a fashion that doesn't allow her full access

24  unless she's meeting with me directly.  And I don't know how

25  convenient that will be since she's in Pennsylvania.  It's

1   going to be almost impossible.  The files are so big that

2   there's no process that I know of that allows a person to view

3   it without also downloading it to a computer.  I mean, we'll

4   try to discuss this and come back to the Court with a solution.

5         THE COURT:  Yes, I think it makes sense to talk about

6   it.  Obviously, Ms. Bauer may not feel it's necessary or worth

7   her time to view all of the potential discovery.  She's

8   certainly here in D.C. today.  I believe the terms of her

9   conditions allow her to return to D.C. for court business which

10  I think would include meeting with you.  So certainly I

11  encourage you two to take some time today to talk about a good

12  way to get Ms. Bauer what she wants and not burden her with a

13  lot of stuff that really doesn't have much to do with her.

14      All right, let's pick another date.  Do you want to look

15  for something about two months out?  How about Friday,

16  September 24th at, let's say 3 p.m.; Ms. Fretto, does that work

17  for the government?

18        MS. FRETTO:  Would the Court be willing to do it the

19  week prior?  I may be out of the jurisdiction.

20        THE COURT:  All right, yes.  We can do that at 10:30;

21  does that work for you?

22        MS. FRETTO:  Yes, Your Honor.

23        THE COURT:  Mr. Benowitz, does that work for you;

24  10:30?

25        MR. BENOWITZ:  Yes, Your Honor, that does work.  I

1  know the Court said it would take under advisement whether

2  Mr. Blauser needs to appear in person?

3          THE COURT:  Yes.  Is he interested in waiving his

4  presence for purpose of the status conference?

5          MR. BENOWITZ:  Yes.

6          THE COURT:  Okay.  I think we can proceed that way.

7          MR. BENOWITZ:  Thank you.

8          THE COURT:  Ms. Hernandez, does that work for you;

9  10:30 on September, 17th?

10          MS. HERNANDEZ:  I'm in trial in front of Judge

11  Boasberg, but I think -- I don't know whether he will sit on

12  Fridays.  It's a lengthy trial and or whether -- I'm sure we

13  could work something out that he will allow me to step out.

14          THE COURT:  My recollection is that he generally

15  doesn't sit on Fridays, but you can let us know.  And,

16  Ms. Bauer, does that work for you; September 17th, at 10:30?

17          DEFENDANT BAUER:  Yes.

18          THE COURT:  Okay.

19          MR. BENOWITZ:  And, Your Honor, I also will most

20  likely be in trial before Judge Kotelly, but I don't believe

21  she's sitting on Fridays.

22          THE COURT:  Great, I think most of us are in trial

23  all of the fall.  So I think we're going to be setting a lot of

24  things on Fridays.

25      I do think it's appropriate for us to toll the speedy

1    trial clock until then in light of the significant discovery

2    that has gone over and that needs to go over.  And for all of

3    the reasons that Ms. Fretto mentioned, I am going to toll the

4    speedy trial clock until September 17th, and I find that the

5    interest of justice outweigh the interest of the defendants and

6    the public in a speedy trial to the extent that we toll until

7    September, 17th.

8        Ms. Fretto, anything further for the government?

9            MS. FRETTO:  Nothing further, thank you.

10           THE COURT:  Mr. Benowitz, anything further for your

11   client?

12           MR. BENOWITZ:  No, Your Honor.  Thank you.

13           THE COURT:  Ms. Bauer, anything further?

14           DEFENDANT BAUER:  No, sir.

15           THE COURT:  Okay, Mr. Blauser, Ms. Bauer, I'm

16   directing you to return.  Well, Ms. Bauer, I'm directing you to

17   return on September, 17th.  Both of you, I'm directing you to

18   maintain conditions of your release.  And, Ms. Bauer, I'll just

19   remind you about the importance of allowing Pretrial Services

20   to do either a virtual or in-person tour of your residence.  If

21   you don't do that, there's certainly the possibility that the

22   government will be moving to have your release revoked.  I

23   don't want to see that happen.

24           DEFENDANT BAUER:  Your Honor, can I say something?

25       Before they arrested me --

```
 1          THE COURT:  Ma'am, if you could just approach.

 2          DEFENDANT BAUER:  Before I was arrested, I was

 3  allowed five months to conduct myself whatever way I want

 4  possible.  I was not a danger to society.  I did not do any

 5  harm to anyone or anything; without a corpus delicti there is

 6  no crime.

 7          THE COURT:  Okay.  And that's -- nobody is saying

 8  that you're a danger to the community.

 9          DEFENDANT BAUER:  Okay, if I wasn't a danger for five

10  months, then why all of a sudden since May, 19th am I a danger

11  to society?

12          THE COURT:  If you were a danger to society you

13  wouldn't be standing --

14          DEFENDANT BAUER:  Exactly.  No one searched my home

15  or did a virtual tour or anything for five months and now all

16  of a sudden we have to do that.

17          THE COURT:  Okay.  Thank you, ma'am.  I realize I

18  didn't ask you about tolling the speedy trial clock.  Do you

19  wish to be heard on that?

20          DEFENDANT BAUER:  I'm sorry, what was that?

21          THE COURT:  I didn't ask you whether you wished to be

22  heard on tolling the speedy trial clock between now and

23  September, 17th.  Do you wish to be heard?

24          DEFENDANT BAUER:  I don't care how long it takes.

25          THE COURT:  Okay.  Thank you, ma'am.  See you in a
```

1   couple of months.

2           (Proceedings adjourned at 11:25 a.m.)

3                           -oOo-

1                              CERTIFICATE

2          I, Crystal M. Pilgrim, Court Reporter, certify that the

3     foregoing is a true and accurate transcript, to the best of my

4     ability, of the proceedings reported in the above-entitled

5     matter.

6

7     _____          _____

8     /s/Crystal M. Pilgrim, FCRR, RMR     Date:  November 12, 2021

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25