UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| PAULINE BAUER | : | |
| | : | |
| Defendant. | : | |

UNITED STATES OMNIBUS MOTION IN LIMINE AND INCORPORATED
MEMORANDUM IN SUPPORT

The United States hereby moves the Court to order Defendant, her counsel, and her witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, concerning the following matters discussed herein.   The defendant in this case is proceeding *pro se* with backup counsel and the government wishes to make clear which defenses and arguments may be presented at trial and which may not.

I.      ALIBI DEFENSE

Rule 12.1, Federal Rules of Criminal Procedure, enables the United States to request in writing that a defendant disclose prior to trial whether the defendant intends to present an alibi defense. If the United States makes such a written request, the defendant has fourteen days in which to serve written notice on the United States stating the specific place where a defendant claims he or she was at the time of the offense and the names and addresses of the witnesses on whom he or she intends to rely. See Fed. R. Crim. P. 12.1.

On March 24, 2022, the United States most recently made a written demand for reciprocal discovery, and received no response.   To the extent that a more specific demand is

required, the Government hereby, pursuant to Federal Rule of Criminal Procedure 12.1, makes this request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request relates to the crimes charged in the Superseding Indictment, that is: the time period from 12:00 pm through 4:00 pm on January 6, 2021 at the United States Capitol, Washington, D.C.   Defendant Bauer has not complied with the demand and the government does not believe that her presence in the U.S. Capitol is likely to be in dispute.   Absent a timely response, the United States requests that the Court order the defendant, her counsel, and her witnesses to refrain from presenting evidence on—or mentioning—an alibi defense.

## II.   INSANITY DEFENSE

Rule 12.2, Federal Rules of Criminal Procedure, provides that a defendant who intends to assert a defense of insanity at the time of an alleged offense, or mental condition, must notify counsel for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. If the defendant fails to do so, the defendant may not rely on an insanity defense. *See* Fed. R. Crim. P. 12.2.   The United States requests that the Court set May 6, 2022 as the date for defendant to file a notice of any claimed defense of insanity or mental condition and, if defendant does not file such notice by that date, that the Court order defendant, her counsel, and their witnesses to refrain from presenting evidence on—or mentioning—a claim of insanity or mental condition.   *See also* Fed. R. Crim. Proc. 16 (b)(1)(B).

## III.   POTENTIAL SENTENCE

The defendant faces a five-count indictment that includes one felony count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). A conviction on the

felony count would result in a sentence of up to 20 years' imprisonment; convictions on the other counts would carry lesser maximum penalties. The defense should be precluded from informing the jury—through argument, evidence, questioning, or otherwise—of the potential punishment associated with the counts with which the defendant is charged.

As the Supreme Court has held, the "jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). "[This] principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). As a corollary to these principles, jurors generally "are not informed of mandatory minimum or maximum sentences." *Id*. at 586.

For these reasons, the Court regularly instructs juries that the sentencing consequences of a guilty verdict are not relevant to a jury's deliberations about whether the United States has proven the elements of the crime beyond a reasonable doubt. See, e.g., 1 Criminal Jury Instructions for DC Instruction 2.505 (2021).   Likewise, at least one D.C. District Court's General Orders Governing Criminal Cases prohibits "any statements" in closing argument "regarding the consequences of the jury verdict, including . . . the potential punishment for the

3

crime." General Order Governing Criminal Cases Before the Honorable Reggie B. Walton at 14. The United States requests that the Court order Defendant, her counsel, and their witnesses to refrain from presenting evidence on—or mentioning in argument or questions—the potential consequences of a guilty verdict.

### IV.    JURY NULLIFICATION

This Court should also preclude the Defendant or defense counsel from arguing in a manner that encourages jury nullification, whether during voir dire or during trial. A defendant cannot introduce arguments or non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

As but one illustrative example that might arise in these prosecutions, a defendant could argue that other individuals bear greater responsibility for the events of January 6, 2021, or should be on trial in the defendant's place. But even if true, those considerations would not be

4

relevant to the only question the jury must answer in this case: whether the defendant is guilty beyond a reasonable doubt of the crimes alleged in the indictment. The introduction of that argument, or even the implication of it, can thus only be intended to suggest nullification to the jury. It, and other arguments suggesting nullification, should be prohibited.

WHEREFORE, the United States respectfully requests that the Court grant this motion and order Defendant, her counsel, and her witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any alibi defense, the sentencing consequences of a guilty verdict, or any other nullification argument. It further requests that this Court set May 6, 2022 as the deadline for Defendant to give notice of an insanity defense, and if she fails to provide such notice, that it order Defendant, her counsel, and her witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any insanity defense.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

　　　 */s/ James D. Peterso*n
James D. Peterson
Special Assistant United States Attorney
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
Mobile: (202) 230-0693
James.d.peterson@usdoj.gov

s/ *Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov