UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| PAULINE BAUER | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' MOTION IN LIMINE TO PRECLUDE
EVIDENCE AND ARGUMENT PERTAINING TO OTHER JANUARY 6 DEFENDANTS

The United States of America, by and through the United States Attorney for the District of Columbia, moves to preclude evidence or argument at trial about the status, disposition, or pendency of other cases arising out of the events of January 6, 2021. Any such evidence is irrelevant to the factual disputes in Defendant Pauline Bauer's case. In addition, any such evidence or argument would confuse the issues, mislead the jury, cause undue delay, and waste time, in violation of Federal Rule of Evidence 403.

BACKGROUND

Bauer is charged with five offenses stemming from her presence and conduct inside the U.S. Capitol on January 6, 2021: obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

At times, Bauer has suggested that she intends to introduce evidence or argument at trial concerning other January 6 cases. In her motion to dismiss, Bauer cited nine other defendants

who had received misdemeanor plea offers.  ECF No. 113, at 21.  Bauer has also made multiple discovery demands seeking the identifies and profiles of various individuals depicted on police body-camera footage.  Finally, Bauer has sent correspondence identifying other defendants that, in her view, committed more egregious offenses but faced lesser penalties.  She also claimed selective and vindictive prosecution, *see* ECF No. 113, at 20 ("Furthermore, the Defendant claims Selective Prosecution"), but she has not pursued that argument beyond her filing.

## ARGUMENT

The Court should exclude any evidence or argument pertaining to charges or dispositions in other January 6 cases.  Such evidence or argument—which would implicate procedural events occurring after January 6—has no bearing on the proof of Ms. Bauer's alleged criminal conduct that day.  In addition, any such evidence or argument would divert to the jury's attention to other defendants and criminal allegations rather than Ms. Bauer's conduct.  Because this would confuse the issues, mislead the jury, cause undue delay, and waste time, Rule 403 independently supports exclusion.

Of course, some defendants have filed motions to dismiss based on selective prosecution.  But, as the D.C. Circuit has recognized, a selective-prosecution claim implicates "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged."  *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983).  As a consequence, "the issue of selective prosecution is one to be determined by the court."  *Id*.  Any evidence or argument pertaining to selective prosecution accordingly has no place at Ms. Bauer's trial and should be excluded.  *See United States v. Abboud*, 438 F.3d 554, 579-80 (6th Cir. 2006) (affirming district court's exclusion of selective-prosecution evidence at trial); *United*

*States v. Clay*, 618 F.3d 946, 955-56 (8th Cir. 2010) (same). *United States v. Berrigan*, 482 F.2d 171, 174-75 (3d Cir.1973) (same).

Other defendants have catalogued evidence of other criminal proceedings and dispositions to minimize or contextualize their criminal actions on January 6. As this Court has recognized, such evidence and argument would be fair game at sentencing under 18 U.S.C. § 3553(a). *See United States v. Griffin*, 549 F. Supp. 3d 49, 59 (D.D.C. 2021) ("Disparate charging decisions in similar circumstances may be relevant at sentencing."). But, as the D.C. Circuit recognized in *Washington*, it has no bearing on the jury's determination of a defendant's guilt or innocence on the underlying charges.

## CONCLUSION

For these reasons, the Court should preclude Bauer from introducing any evidence or argument concerning the status, disposition, or pendency of other cases arising out of the events of January 6, 2021.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By: */s/ James D. Peterson*
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

*s/ Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice

3

1400 New York Ave NW<br>
Washington, D.C. 20005<br>
Desk: (202) 514-6220<br>
Mobile: (202) 368-6049<br>
joseph.mcfarlane@usdoj.gov

4