IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OMNIBUS MOTION IN LIMINE**[1]

AND NOW, to-wit, comes the Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her counsel, Komron Jon Maknoon, Esquire, and submits the following Response to Government's Omnibus Motion in Limine.

I. ALIBI DEFENSE

In its motion, the government seeks – absent a timely response – an order that the defendant, her counsel, and her witnesses refrain from presenting evidence on or mentioning an alibi defense for Ms. Bauer. Undersigned counsel did not enter his appearance on this case until May 20, 2022 (*See* ECF Doc. No. 129). Since May 20, 2022, undersigned counsel has been strictly limited in time to meet with Ms. Bauer due to the new D.C. Correctional Treatment Facility's rule of only having video meetings with clients on Fridays and/or having them cancelled due to Covid-19 restrictions.[2] For this reason, undersigned counsel respectfully requests additional time to meet

---

[1] *See* ECF Doc. No. 121
[2] Undersigned counsel did travel to meet with Ms. Bauer immediately prior to being retained and is willing to travel for additional visits. Unfortunately, the change in the D.C. Correctional Treatment Facility's policy when using Webex was not anticipated. Undersigned counsel is aware that representation on said case requires in-person visitation while at the same time acknowledging the number of defendants and available attorney's resulting from this unprecedented event on January 6, 2021.

with Ms. Bauer to determine whether raising such a defense would be appropriate in this case for effective representation regardless of the weight of the evidence.

## II.     INSANITY DEFENSE

In its motion, the government seeks to establish May 6, 2022, as the deadline by which Ms. Bauer must file a notice that she intends to claim a defense of insanity or mental condition. The government requested that, if Ms. Bauer does not file a notice by that date, this Honorable Court would order the defendant, her counsel, and their witnesses to refrain from presenting evidence on or mentioning a claim of insanity or mental condition. Notwithstanding undersigned counsel's appearance being entered on May 20, 2022, undersigned counsel again avers that he has had limited time with his client since entering his appearance, in large part due to the strict rules regarding video visits with clients currently lodged at the D.C. Correctional Treatment Facility. For this reason, undersigned counsel respectfully requests additional time to determine whether raising such a defense would be appropriate in this case.

## III.    POTENTIAL SENTENCE

The government further seeks a Court order precluding Ms. Bauer from informing the jury – through argument, evidence, questioning, or otherwise – of the potential punishment associated with the counts with which Ms. Bauer is charged. In light of the well-established case law in this area, defendant and undersigned counsel agree that no mention of punishment shall be made to the jury.

## IV.     JURY NULLIFICATION

Finally, the government states that Ms. Bauer should be barred from arguing jury nullification. Specifically, in the nature of arguing that other individuals bear greater responsibility for the events transpiring on January 6, 2021. Placing Ms. Bauer's alleged conduct in context

relative to the severity of others' actions, however, serves other functions than merely lending towards jury nullification. Understanding the circumstances surrounding Ms. Bauer's alleged conduct, which would include the actions of others around her, in the moment in which the alleged violations took place is imperative to understanding Ms. Bauer's culpability and mental state. In *United States v. Greene,* 489 F.2d 1145 (1974), the court acknowledges the importance of a jury's ability to consider evidence of a defendant's mental state, "even in the informal sense of jury nullification." In *United States v. Dougherty,* 473 F.2d 1113, 1137, the court denies defendant's request for an instruction on jury nullification but nevertheless acknowledges that jury nullification is "tolerable or even desirable as an informal, self-initiated exception" and that "the jury system provides flexibility for the consideration of interests of justice outside the formal rules of law." For these reasons, it is Defendant's position that arguments which tend to lead to inferences of jury nullification, particularly arguments concerning others' actions on January 6, 2021, should not be barred. To the extent the Court finds that arguments which lend towards jury nullification are inappropriate, evidence relating to others' actions and their severity should still be admissible on the ground of contextualizing Ms. Bauer's thought processes, actions, and mental state.

WHEREFORE, Ms. Bauer respectfully requests that the Court grant the Government's motion to prevent Ms. Bauer from entering evidence as to the sentencing consequences of a guilty verdict, but to deny the Government's motion to prevent Ms. Bauer from entering evidence as to an alibi defense, insanity defense, or jury nullification. Ms. Bauer requests that this Court establish new dates by which she must notify the Government of any potential arguments as to an alibi defense and insanity defense. In the alternative of denying the Government's motion to prevent admission of evidence pertaining to jury nullification, Ms. Bauer requests that this Honorable Court permit the admission of evidence pertaining to others' actions on January 6, 2021, insofar

as it is relevant to establishing Ms. Bauer's own mental state, and not utilized as a means of suggesting jury nullification.

                                                   Respectfully submitted,

                                                   *s/ Komron Jon Maknoon*
                                                   Komron Jon Maknoon, Esquire
                                                   PA I.D. No. 90466

                                                 Maknoon & Associates, LLC
                                                 309 Smithfield St., 4th Floor
                                                 Pittsburgh, PA 15222
                                                 (412) 201-1802
                                                 (412) 774-8424 FAX

                                                 Attorney for Defendant, Pauline Bauer