IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT PERTAINING TO OTHER JANUARY 6 DEFENDANTS**

AND NOW, to-wit, comes the Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her counsel Komron Jon Maknoon, Esquire, and respectfully submits the following Response to Government's Omnibus Motion in Limine to Preclude Evidence and Argument Pertaining to Other January 6 Defendants.

**ARGUMENT**

In its motion, the government states that the Court should exclude any evidence or argument pertaining to charges or dispositions in other January 6, 2021, cases. The government alleges that such evidence is irrelevant, would confuse the issues, mislead the jury, cause undue delay, wastes time, and is in violation of Federal Rule of Evidence 403. While the government raises these issues, it does not cite any case law or make argument to support its belief that introduction of such evidence would result in the aforementioned issues. The entirety of the government's argument section addresses only the issue of selective prosecution, rather than the reasons for which evidence of charges or dispositions in other January 6, 2021, cases should not be admissible at trial.

Defense counsel should not be precluded from introducing evidence of the action or conduct of others during the January 6 incident in as so much to show Ms. Bauer's mental state as a result of the overall intensity and chaos that day. "[I]t is often true that…a defendant's mental state is a highly contested issue and usually a key aspect of the accused's defense at trial." *United States v. Lieu,* 298 F. Supp. 3d 32, 37. Therefore, undersigned counsel is investigating the impact of mob mentality which therefore would call for an expert.

Undersigned counsel acknowledges that evidence of selective prosecution is not admissible at trial. Undersigned counsel asserts that selective prosecution is a pretrial issue for this Court to decide. However, the Defendant may consider the issue of selective prosecution pretrial motions. *United States v. Choi,* 818 F. Supp. 2d 79 (D.D.C. 2011).

Respectfully submitted,

*/s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466

Maknoon & Associates, LLC
309 Smithfield St., 4th Floor
Pittsburgh, PA 15222
(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Pauline Bauer