IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RECONSIDERATION OF DETENTION ORDER PURSUANT TO
18 U.S.C. § 3142(f)**

And now, to-wit, comes the defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her attorney, Komron Jon Maknoon, and respectfully submits the within Motion for Reconsideration of Detention Order Pursuant to 18 U.S.C. § 3142(f). In support thereof, she avers as follows:

**PROCEDURAL HISTORY**

1. On June 4, 2021, Ms. Bauer was indicted on alleged violations of 18 U.S.C. § 1512(c)(2) and 2, 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G) (*See* ECF Doc. No. 11).

2. On June 11, 2021, background information prior to completion of Ms. Bauer's pretrial report shows that she has no prior convictions, pending cases, prior arrests, or pending warrants (*See* ECF Doc. No. 16).

3. Ms. Bauer's refusal to participate in the pretrial interview and to abide by conditions however made her a high risk of flight (*See* ECF Doc. No. 16-1).

4. On June 11, 2021, Ms. Bauer appeared remotely for her initial appearance in D.C. See Minute Entry 6/11/21. Per the Court's June 11 Minute Entry, "Ms. Bauer was removed from

1

the video proceeding due to her inability to show qualm and decency to the Court" and she was ordered to appear in person for a new date. *Id*.

5. On August 26, 2021, Ms. Bauer, as a pro se defendant, file a Notice: Cease and Desist Carmen Hernandez, Esq. (*See* ECF Doc. No. 50).

6. On September 14, 2021, the government filed a Motion to Revoke Defendant Bauer's Pretrial Release (*See* ECF Doc. No. 53).

7. On September 16, 2021, United States Pretrial Services Officer, Brandy Mathies submitted a report detailing Ms. Bauer's continued failure to abide by conditions of pretrial release (*See* ECF Doc. No. 55).

8. On September 17, 2021, Ms. Bauer's pretrial release was revoked due to violations of conditions of pretrial release and remanded to the custody of the United States Marshals.

9. On September 17, 2021, Ms. Bauer, through her stand-by-counsel, Carmen Hernandez, submitted a Motion to Review Order of Detention pursuant to 18 U.S.C. § 3142(f) (*See* ECF Doc. No. 60).[1]

10. On September 24, 2021, that motion was denied.

11. On November 5, 2021, Ms. Bauer submitted a Second Motion for Reconsideration of Detention Order (*See* ECF Doc. No. 73).[2]

12. On January 25, 2022, that motion was also denied (*See* ECF Doc. No. 97).

13. On March 16, 2022, a superseding indictment was filed on March 16, 2022, with the same alleged violations but without co-defendant, William Blauser, Jr. (*See* ECF Doc. No. 116).

---

[1] Within the motion, Ms. Bauer states that her detention would create a financial hardship upon her and her employees.
[2] Within the motion, Ms. Bauer pledges to abide by all pretrial conditions.

14.     On May 20, 2022, undersigned counsel respectfully entered his appearance on behalf of Ms. Bauer (*See* ECF Doc. No. 129).

## LEGAL STANDARD

15.     Pursuant to 18 U.S.C. § 3142(f), "the [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."

16.     Pursuant to 18 U.S.C. § 3142(f), "defendants may reopen detention hearings by introducing new information." *Unites States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 U.S. Dist. LEXIS 108271 (D.D.C. June 9, 2021).

## ARGUMENT

17.     Ms. Bauer is a 54-year-old woman who has lived an exemplary life.

18.     Following Ms. Bauer's revocation of pretrial release on September 17, 2022, Ms. Bauer's sister, Pamela ceased her employment at a local high school outside of Pittsburgh, Pennsylvania, and relocated to Kane, Pennsylvania (approximately 2 ½ hours away) to run and operate Ms. Bauer's restaurant, Bob's Trading Post, and Graybill Marine boat storage (*See* Exhibit A), in her absence (*See* Exhibit B).

19.     Pamela's relocation was not intended to be long-term but was immediately necessary to maintain the businesses as they are relied upon in her community and to prevent Ms. Bauer's family from going through financial ruin.[3] After 9 months, Pamela is no longer able to

---

[3] Bob's Trading Post is located in Kane, Pennsylvania. It is the epicenter of community gatherings and provided unparalleled support to the elderly and local veterans during COVID-19.

3

physically maintain the long hours at the restaurant on her feet while cooking and serving as well as the numerous other activities such as bookkeeping, estimating bulk food orders, etc. Both Bob's Trading Post and Graybill Marine are in a high-demand season. Although Pamela maintained the restaurant over the winter, when coupled with replacing Ms. Bauer's responsibilities at Graybill Marine, the businesses are in jeopardy. When Pamela returns to her family, difficult decisions must be made as to the future of the businesses. While Ms. Bauer is married, Mr. Bauer lacks the requisite knowledge and experience to maintain the businesses by himself.

20. In February 2022, Ms. Bauer's father had a stroke, resulting in lasting medical conditions requiring around-the-clock assistance from family members (*See* Exhibit C). Should Ms. Bauer be released, she would share in the duties of caring for her father (*See* Exhibit D).

21. Ms. Bauer now asserts that information exists, which was not known to her at the time of her defiance of pretrial conditions and lack of decorum while in Court.

22. Following her indictment, Ms. Bauer was confused, upset, and unfortunately inundated by individuals providing misguided and somewhat confusing advice on how to posture moving forward. On or about the time of being retained, undersigned counsel had a long discussion with Ms. Bauer in regard to pretrial conditions, deeply examining her purported theories, effectiveness, and consequences. In addition, Ms. Bauer's love and devotion to her family and community/patrons, and financial future have truly served to put the concessions of pretrial conditions into perspective. She has also been incarcerated since September 17, 2021, while worrying about her father and having an inability to easily communicate with her lawyer in order to prepare for trial.

---

Kane, Pa is a small town on the edge of the Allegheny National Forest with a population of 3, 479 people. Ms. Bauer bought Bob's Trading Post 15 years ago. (*See* Exhibit E).

23. Specifically, the D.C. Correctional Treatment Facility, as a result of the re-opening of visitation halls, currently enforces a policy of only allowing attorney-client legal video conferences (via "DOC WebEx") on Fridays. This policy places an undue burden on Ms. Bauer's ability to communicate freely with her attorney, who is based in Pittsburgh, Pennsylvania. Although willing and having travelled to Washington D.C. to visit Ms. Bauer, a Friday only video visitation is restrictive and the last video visit was cancelled due to COVID-19 and rescheduled to July 1, 2022, when undersigned counsel is travelling. Thus, Ms. Bauer additionally faces the difficulties of preparing for trial while incarcerated 263 miles from her attorney.[4]

24. The material changes are Ms. Bauer's circumstances of her father being sick, her role in the community, both of her businesses being in jeopardy, and not having the ability to freely and effectively communicate with undersigned counsel and participate more actively in her own defense. It is believed in good faith that Ms. Bauer's willingness to comply with the terms and conditions of pretrial release is sincere and forthright.

25. On June 21, 2022, undersigned counsel spoke to Assistant United States Attorneys James Peterson and Joseph McFarlane, who objected to the relief sought within this motion.

WHEREFORE, Ms. Bauer respectfully requests that this Honorable Court reconsider its order of detention.

Respectfully submitted,

/s/ *Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466

Maknoon & Associates, LLC

---

[4] Due to the number of January 6 cases, an unprecedented number of retained attorneys are located out of town.

        309 Smithfield St., 4th Floor
        Pittsburgh, PA 15222
        (412) 201-1802
        (412) 774-8424 FAX

        Attorney for Defendant, Pauline Bauer