# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 1:21-cr-00386-TNM-2** |
| | : | |
| **PAULINE BAUER** | : | |
| | : | |
| **Defendant.** | : | |

## REPLY TO THE RESPONSE – OMNIBUS MIL

The United States of America, by and through the United States Attorney for the District of Columbia, files this reply to the response to its Omnibus Motion in Limine concerning (1) any alibi defense, (2) any intent to "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt" pursuant to Federal Rule of Criminal Procedure 12.2, (2) informing a jury about any potential sentence, and (4) jury nullification issues.

The government understands and appreciates that counsel recently entered his appearance in this case on May 20, 2022 and that there exists a voluminous amount of discovery in this case. The government simply asks for timely notice of the issues addressed in its motion filed on April 22, 2022.  *See* United States District Court, District of Columbia Local Rule LCrR 47(b).

## I.   ALIBI DEFENSE

The government understands and appreciates that counsel recently entered his appearance in this case.   Defendant Bauer has not complied with the demand and the government does not believe that her presence in the U.S. Capitol is likely to be in dispute. Absent a timely response, the United States requests that the Court order the defendant, her counsel, and her witnesses to refrain from presenting evidence on—or mentioning—an alibi defense.

## II.      INSANITY DEFENSE OR MENTAL HEALTH DEFENSE

With respect to notice of an intent to "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt" pursuant to Federal Rule of Criminal Procedure 12.2, Ms. Bauer filed a notice of intent to introduce expert evidence on May 6, 2022.   ECF No. 125.   On May 18, 2022, Ms. Bauer filed a pleading withdrawing "the Notice (ECF 125) she previously filed pursuant to FED. R. CRIM. PROC. 12.2(b)(1) that she may seek to introduce expert evidence relating to a mental condition bearing on the issue of guilt."   ECF No. 127.

## III.     POTENTIAL SENTENCE

The defendant Ms. Bauer agrees to not present any evidence or argument concerning "the potential punishment associated with the counts with which Ms. Bauer is charged" in light of the well-established case law in this area.

## IV.     JURY NULLIFICATION

Ms. Bauer cites to two cases in opposition to the government's motion to preclude her from offering evidence or argument for nullification: *United States v. Greene*, 489 F.2d 1145 (D.C. Cir. 1974) and *United States v. Dougherty*, 473 F.2d 1113, 1137 (D.C. Cir. 1972).   Those cases, however, are inapposite and do not support the defendant's argument.

The *Greene* case cited by Ms. Bauer was not a substantive opinion.   *See Greene*, 489 F.2d at 1159 ("ORDERED by the Court *en banc* that the suggestion for rehearing *en banc* is denied, a majority of the Circuit Judges who are in regular active service not having voted in favor of it"). The specific quote cited by the defendant was simply the "Statement of Chief Judge Bazelon as to why he would grant rehearing *en banc*."   *Id*., at 1159 and 1177.   Accordingly, the dissenting

statement concerning the Judge's thoughts on why he would grant a rehearing *en banc*, which was not concurred in by a majority of the Court, has no precedential value.   More troubling to Ms. Bauer's opposition, the Court's statement relied upon cites to *United States v. Dougherty*, 154 U.S. App. D.C. 76, 473 F.2d 1113, 1130-37 (1972) (refusal to give jury nullification instruction not error although jury has prerogative to disregard legal requirements in reaching verdict), and more specifically to Judge Bazelon's dissenting opinion in *Dougherty*.   *See Greene*, 489 F.2d at fn. 91.

The *Dougherty* opinion does not support Ms. Bauer's opposition, standing as it does for the legal proposition that a defendant is not entitled to a nullification instruction.   *Dougherty*, 473 F.2d at 1137.   It also bears mentioning that the language cited by the defendant in support of her position is in the context of a *pro se* defendant.   When the Court in *Dougherty* stated that what is "tolerable or even desirable as an informal, self-initiated exception" and that "the jury system provides flexibility for the consideration of interests of justice outside the formal rules of law," the Court was speaking about the leeway that Court's afford *pro se* defendants such as the "ability to present his demeanor and often even a kind of testimony, without exposure to impeachment or cross-examination, [which] may be a tactical consequence of pro se representation, and even a moving cause of its invocation, but this is not to say it is an objective of the law."   *Id*.   Stated simply, *Dougherty* does not stand for the proposition defendant claims it does, and it does not support her opposition to the government's motion.

*Dougherty* supports the government here.   The most recent citation by the D.C. Circuit to *Dougherty* makes this clear.   *See United States v. Wilkerson*, 966 F.3d 828, 834 (D.C. Cir. 2020). In *Wilkerson*, the D.C. Circuit ruled for the first time that the Sixth Amendment does not preclude a Court from dismissing a juror "for refusing to apply the relevant substantive law."   The Court

held:

> We have already decided as much with regard to trial proceedings that come before jury deliberations. In particular, we have held that the Sixth Amendment provides no right to a jury instruction on nullification. *United States v. Dougherty*, 473 F.2d 1113, 1130-37, 154 U.S. App. D.C. 76 (D.C. Cir. 1972).   As we later explained, a "jury has no more 'right' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant 'guilty.'" *United States v. Washington*, 705 F.2d 489, 494, 227 U.S. App. D.C. 184 (D.C. Cir. 1983). Rather, "it is the duty of juries in criminal cases to take the law from the court, and apply that law to the facts as they find them to be from the evidence." *Sparf v. United States*, 156 U.S. 51, 102, 15 S. Ct. 273, 39 L. Ed. 343 (1895). Were it otherwise, juries would "become a law unto themselves," such that "our government [would] cease to be a government of laws, and [would] become a government of men." *Id*. at 101, 103.

*Wilkerson*, 966 F.3d at 834.   Far from supporting Ms. Bauer's opposition, the *Dougherty* opinion undercuts her position.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant the government's motion and order Defendant, her counsel, and her witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any alibi defense, the sentencing consequences of a guilty verdict, or any other nullification argument. It further requests that this Court set a deadline for Defendant to give notice of an insanity or mental health defense, and if she fails to provide such notice, that it order Defendant, her counsel, and her witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about any insanity or mental health defense.


Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

4

DC BAR NO. 481052

By:    */s/ James D. Peterson*
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

*s/ Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov