UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| **PAULINE BAUER** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY TO THE RESPONSE - MIL TO PRECLUDE
EVIDENCE AND ARGUMENT PERTAINING TO OTHER JANUARY 6 DEFENDANTS**

The United States of America, by and through the United States Attorney for the District of Columbia, files this reply to the response to its Motion in Limine to preclude evidence or argument at trial about the status, disposition, or pendency of other cases arising out of the events of January 6, 2021. Any such evidence is irrelevant to the factual disputes in Defendant Pauline Bauer's case. In addition, any such evidence or argument would confuse the issues, mislead the jury, cause undue delay, and waste time, in violation of Federal Rule of Evidence 403.

The Defendant concedes "that evidence of selective prosecution is not admissible at trial" and impliedly concedes that evidence or argument at trial about the status, disposition, or pendency of other cases arising out of the events of January 6, 2021 is not relevant or admissible at trial. *See* ECF No. 135. Rather, defendant takes a more narrow position that she "should not be precluded from introducing evidence of the action or conduct of others during the January 6 incident in as so much to show Ms. Bauer's mental state as a result of the overall intensity and chaos that day." ECF No. 135, pg. 2. It follows from Ms. Bauer's statement that evidence of the "status, disposition, or pendency of other cases arising out of the events of January 6, 2021" could not, of course, have influenced her mental state because all charges arose after the events of January 6, 2021. Put another way, it appears that Ms. Bauer is in agreement that charging

decisions, case status, and case dispositions are irrelevant to her state of mind because those subsequent occurrences could not have influenced her conduct on January 6, 2021.

Defendant further suggests, for the first time, that she may attempt to present expert testimony concerning "mob mentality." *Id*. Ms. Bauer does not elaborate, and separately asks for more time to respond to the government's request for notice of a mental health defense, stating "undersigned counsel respectfully requests additional time to determine whether raising such a defense would be appropriate in this case." ECF No. 134, pg. 2. The government requests timely notice of any such claim or offer of expert testimony so that it can litigate any appropriate issues. The government notes the questionable relevance and admissibility of such "mob mentality" testimony. *See United States v. Stagliano*, 729 F. Supp. 2d 222, 225 (D.D.C. 2010) (Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), if a party proffers expert testimony that is scientific in nature, it is admissible only if the trial court concludes: (1) that the reasoning or methodology underlying the testimony is scientifically valid, and (2) that the reasoning or methodology will assist the trier of fact to understand or determine a fact in issue). Moreover, a defendant does not have a right to present expert testimony, or any defense, simply based upon a claim that it is applicable to a *mens rea* defense. *See Caldwell v. Davis*, 757 Fed. Appx. 336 (5th Cir. 2018) (citing *Clark v. Arizona*, 548 U.S. 735 for declining to consider a rule limiting expert psychiatric testimony to insanity defenses and excluding its application to *mens rea* defenses). *See also,* Note, *Feasibility and Admissibility of Mob Mentality Defenses*, 108 Harv. L. Rev. 1111 (1995) ("The expert testimony that must form the backbone of a mob mentality defense suffers from crippling insufficiencies that should foreclose its admission into evidence").

Finally, the government disagrees with Ms. Bauer claims that "[w]hile the government

raises these issues, it does not cite any case law or make argument to support its belief that introduction of such evidence would result in the aforementioned issues." ECF No. 135, pg. 1. Such evidence is irrelevant to the issues at trial. See Fed. R. Evid. 401, *see also United States v. Becton*, 601 F.3d 588 (D.C. Cir. 2010). District Court determinations on relevancy are reviewed for an abuse of discretion. *United States v. Askew*, 88 F.3d 1065, 1074, 319 U.S. App. D.C. 2 (D.C. Cir. 1996). Such evidence would also confuse the issues, mislead the jury, cause undue delay, wastes time, and is in violation of Federal Rule of Evidence 403. Any inquiry into the charges, non-charges, dispositions and status of other unrelated cases would result in essentially many mini trials and much delay, "two of the problems that Rule 403 seeks to avoid." *See United States v. Baylor*, 97 F.3d 542, 545 (D.C. Cir. 1996).

## CONCLUSION

For these reasons, the Court should preclude Bauer from introducing any evidence or argument concerning the status, disposition, or pendency of other cases arising out of the events of January 6, 2021.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By:  */s/ James D. Peterson*
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

*s/ Joseph McFarlane*

3

                                          PA Bar No. 311698
                                        United States Department of Justice
                                        1400 New York Ave NW
                                        Washington, D.C. 20005
                                        Desk: (202) 514-6220
                                        Mobile: (202) 368-6049
                                        joseph.mcfarlane@usdoj.gov