IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EARLY DISCLOSURE OF ALL "JENCKS ACT" MATERIAL**

AND NOW, to-wit, comes Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through his counsel, Komron Jon Maknoon, Esquire, and files this Motion for Early Disclosure of All "Jencks Act" Material and in support thereof avers as follows:

1. On June 4, 2021, Ms. Bauer was indicted on alleged violations of 18 U.S.C. § 1512(c)(2) and 2, 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G) (*See* ECF Doc. No. 11).

2. On March 16, 2022, a superseding indictment was filed with the same alleged violations but without co-defendant, William Blauser, Jr. (*See* ECF Doc. No. 116).

3. On May 20, 2022, undersigned counsel respectfully entered his appearance on behalf of Ms. Bauer (*See* ECF Doc. No. 129).

4. The Government has a policy of declining to release Jencks Act material until after a witness testifies at trial, or after a history of "nudging" by judges in this judicial district, until a few days prior to the start of the trial.

5. The Jencks Act, 18 U.S.C. Section 3500(b), requires the government to disclose prior recorded statements of its witnesses, related to the subject matter of the in-

court testimony, after the witness testifies on direct examination. *United States v. Emor*, 387 U.S. App. D.C. 309, 573 F.3d 778 (2009); *see* also *United States v. Holton,* 325 U.S. App. D.C. 360, 116 F.3d 1536 (1997).

6. While the Jencks Act itself does not require the government to produce the discovery of statements by witnesses prior to trial, the Court has the inherent power to implement discovery procedures entailing the production of Jencks material before trial to assure a fair trial, allow a Defendant to adequately prepare his defense, and facilitate the defense's preparation for cross-examination. *Robinson v. United States,* 825 A.2d 318 (D.C. 2003); *United States v. Tarantino*, 269 U.S. App. D.C. 398 n.12, 846 F.2d 1384, 1415 (1988).

7. Delayed production will have the following impact on the orderly administration of justice and conduct of trial:

   a. It will necessitate delays during the trial in order for Ms. Bauer to file additional motions or to conduct additional investigations in order to seek rebuttal witnesses, and also to conduct effective cross examination;

   b. If the Court does not allow for trial recesses caused by the delayed production of Jencks Act material, it will deprive Ms. Bauer of effective assistance of counsel.

8. There is no prejudice to the Government from the granting of the motion.

WHEREFORE, Ms. Bauer respectfully requests this Court order the production of Jencks Act materials thirty (30) days prior to trial.

Respectfully submitted,

*s/ Komron Jon Maknoon*

Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

Maknoon & Associates, LLC
309 Smithfield Street, 4th Floor
Pittsburgh, PA 15222
(412) 201-1802
(412) 774-8424 (FAX)

Attorney for Defendant, Pauline Bauer

*s/ Komron Jon Maknoon*

Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

Maknoon & Associates, LLC
309 Smithfield Street, 4th Floor
Pittsburgh, PA 15222
(412) 201-1802
(412) 774-8424 (FAX)

Attorney for Defendant, Pauline Bauer