IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING IN SUPPORT OF DEFENDANT'S CLAIM OF SELECTIVE PROSECUTION AS IT RELATES TO COUNTS ONE THROUGH FIVE**

AND NOW, comes Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her counsel, Komron Jon Maknoon, Esquire, and files this Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution as It Relates to Counts One Through Five. In support thereof, she avers as follows:

1. On June 4, 2021, Ms. Bauer was indicted on alleged violations of 18 U.S.C. §§ 1512(c)(2) and 2, 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G) in connection with the events at the United States Capitol Building on January 6, 2021 (*See* ECF Doc. No. 11).

2. A superseding indictment was issued on March 16, 2022, with the same alleged violations, but without her codefendant (*See* ECF Doc. No. 116).

3. On May 20, 2022, undersigned counsel respectfully entered his appearance on behalf of Ms. Bauer (*See* ECF Doc. No. 129).

4. The government "may not pick and choose for the purpose of selecting expressions of viewpoint pleasing to it and suppressing those that are not favored." *United States v. Crowthers*, 456 F.2d 1074, 1078 (7th Cir. 1972).

5. The Fifth Amendment prohibits the federal government from pursuing criminal charges against a citizen that amount to a "'practical denial' of equal protection of law," and a claim of "selective prosecution" guards against this illegality. *United States v. Armstrong,* 512 U.S. 456, 465 (1996) (quoting *Yick Wo v. Hopkins,* 118 U.S. 356, 373 (1886)).

6. To prove a claim of selective prosecution, Defendant must show by "clear evidence" both discriminatory effect and discriminatory intent. *See Att'y Gen. of U.S. v. Irish People, Inc.,* 684 F.w2d 928, 932 (D.C. Cir. 1982); *see also Armstrong,* 517 U.S. at 465.

7. To produce evidence supporting a claim of selective prosecution, Defendant often requires discovery on this issue. *See* Johnathan J. Marshall, *Selective Civil Rights Enforcement and Religious Liberty,* 72 Stan. L. Rev. 1421, 1448 (2020).

8. To get discovery for a claim of selective prosecution, Defendant must offer "some evidence" tending to show both a discriminatory effect and a discriminatory intent. *United States v. Bass,* 536 U.S. 862, 863 (2002).

9. To show discriminatory effect, Defendant must show "some evidence that similarly situated defendants . . . could have been prosecuted, but were not." *Armstrong,* 517 U.S. at 469; *Branch Ministries v. Rossotti,* 211 F.3d 137, 144 (D.C. Cir. 2000).

10. A determination that others qualify as similarly situated hinges on whether the "circumstances present no distinguishable legitimate prosecutorial factors that might justify making different prosecutorial decision with respect" to the comparator. *Rossotti,* 211 F.3d at 145 (quoting *Irish People, Inc.,* 684 F.2d at 946).

11.     Thousands of individuals were present at the United States Capitol Building on January 6, 2021, and only slightly over 700 people have been arrested in connection with these events, meaning that many individuals were not arrested or charged in connection with these events.

12.     Mr. Ray Epps of Arizona is one example of a person who was present during and even instigated the events of January 6, 2021, but was not charged in connection to these events.[1]

13.     Mr. Epps "appears to have worked alongside several individuals – many of them suspiciously unindicted – to carry out a breach of the police barricades that induced a subsequent flood of unsuspecting MAGA protesters to unwittingly trespass on Capitol restricted grounds and place themselves in legal jeopardy."[2]

14.     While Mr. Epps was originally "Suspect 16" in the FBI's Washington Field Office's request for the public's help in identifying suspects from January 6, 2021, and Mr. Epps was featured on the FBI Capitol Violence Most Wanted List, Mr. Epps was removed from the FBI's Capitol Violence Most Wanted List on July 1, 2021.[3]

15.     To date, Mr. Epps has never been arrested or charged in relation to the events on January 6, 2021.[4]

16.     Furthermore, the FBI and Justice Department have not released any information regarding whether Mr. Epps was served with a search warrant.[5]

---

[1] *Meet Ray Epps: The Fed-Protected Provocateur Who Appears to Have Led the Very First 1/6 Attack on the U.S. Capitol*, REVOLVER (October 25, 2021), https://www.revolver.news/2021/10/meet-ray-epps-the-fed-protected-provocateur-who-appears-to-have-led-the-very-first-1-6-attack-on-the-u-s-capitol/.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

17.     Ms. Bauer alleges that Mr. Epps serves as one example of many individuals who actively participated in and encouraged the events which took place on January 6, 2021, and yet were not indicted for their involvement.

18.     Mr. Epps serves as just one example of an individual who is "similarly situated" to Ms. Bauer who was never indicted for his actions.

19.     The existence of Mr. Epps, and the existence of others like him, who participated in the Capitol Breach but were not charged in connection with their actions, demonstrates "some evidence" that Ms. Bauer was specifically targeted for selective prosecution.

20.     Additionally, the FBI's removal of Mr. Epps' image from the Most Wanted list and failure to take any action towards arresting him shows they specifically intended to cause a discriminatory impact on individuals who, like Ms. Bauer, were charged in January 6, 2021, cases.

21.     Defense respectfully requests permission to make timely amendments to the within motion upon the discovery of new information about known and unknown individuals who are "similarly situated" but were not indicted for the events which took place on January 6, 2021.

WHEREFORE, the defendant Pauline Bauer, respectfully requests that this Honorable Court grant the Motion for Discovery and an Evidentiary Hearing in Support of Defendant's Claim of Selective Prosecution as It Relates to Counts One, Two, Three, Four, and Five.

                Respectfully submitted,

                *s/ Komron Jon Maknoon*

                Komron Jon Maknoon, Esquire
                PA I.D. No. 90466

                MAKNOON & ASSOCIATES, LLC
                309 Smithfield Street
                4th Floor
                Pittsburgh, PA 15222
                (412) 201-1802

(412) 774-8424

kjm@maknoon-law.com

Attorney for Defendant, Pauline Bauer