# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-386 (TNM)** |
| **v.** | : | |
| | : | |
| **PAULINE BAUER,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to Defendant Pauline Bauer's Motion for Reconsideration of Detention Order (the "Motion"). The Motion neither presents new evidence nor identifies a clear error by this Court. Indeed, it is nothing more than yet *another* attempt to relitigate this Court's detention order, which has been affirmed by the D.C. Circuit. The Motion should be denied.

## I.     BACKGROUND

The defendant was charged by Complaint on May 18, 2021, with violating 18 U.S.C. § 1512(c)(2) (Obstruction of Justice/Congress); 18 U.S.C. § 1752(a)(1) and (2) (knowingly entering or remaining in any restricted building or grounds without lawful authority); and 40 U.S.C. § 5104(e)(2) (D) and (G) (violent entry or disorderly conduct), concerning her presence and actions during the January 6, 2021 attack at the United States Capitol. ECF Docket No. 2. Defendant was arrested on May 19, 2021, in Pennsylvania. ECF Docket No. 10. On May 19, 2021, Defendant Bauer appeared before a judge in the Western District of Pennsylvania for her

initial appearance.  A report dated June 20, 2021, submitted by the U.S. Probation and Pretrial

Services Office for the Western District of Pennsylvania (hereinafter "PA Pretrial Services")

stated that, "Ms. Bauer was argumentative with the Court at her initial appearance, and she has

been argumentative and uncooperative since she began pretrial supervision."  ECF Docket No.

16-1.  PA Pretrial Services reported that the Pretrial Officer "has been trying to bring Ms. Bauer

into compliance; however, [the Pretrial Officer] has been unsuccessful" and "[Bauer] refused to

participate in a pretrial services interview."  *Id.* at 1.  "Additionally, Ms. Bauer refused to report

for an office visit."  *Id.* at 2.

On June 4, 2021, Defendant Bauer was charged via Indictment.  ECF Docket No. 11.

On June 11, 2021, Defendant appeared remotely for her initial appearance in D.C.  *See*

*Minute Entry 6/11/21*.  Per the Court's June 11 Minute Entry, "Ms. Bauer was removed from the

video proceeding due to her inability to show qualm and decency to the Court" and she was

ordered to appear in person for a new date.  *Id.*

On June 21, 2021, Defendant appeared in person before Magistrate Judge Faruqui for the

continued initial appearance.  Due to the Defendant's conduct, she was held in contempt and

then remanded and held without bond. On June 22, the hearing resumed and Defendant was

released and ordered to comply with the conditions of pretrial release.  *See Minute Entry 6/22/21*;

ECF No. 21.

On June 28, 2021, Pretrial Services Agency for the District of Columbia (hereinafter "DC

PSA") filed a report regarding Defendant Bauer's noncompliance.  ECF Docket No. 23.  DC

PSA reported that Defendant was not compliant with the conditions of release imposed by the

Court and PSA requested that the defendant provide PA Pretrial Services with her current home

address and surrender her passport.  Defendant reported by phone on June 24, 2021.  On June 28,

2021, the Court directed Defendant to provide her current home address and to surrender her passport. *See Minute Entry 6/28/21*.

On August 16, 2021, DC PSA filed another report regarding Defendant Bauer's noncompliance with conditions of pretrial release. DC PSA's report stated, "defendant is not compliant with the conditions of release imposed by the Court. PSA is requesting that the defendant be removed from supervision since she has repeatedly failed to report to the Western District of Pennsylvania as directed, failed to provide the Western District of Pennsylvania access to her residence to verify her address and failed to surrender her passport." ECF No. 47 at 2. DC PSA further reported the following:

> Bauer failed to report to the Western District of Pennsylvania. . . .
>
> Ms. Bauer failed to verify her address. On 8/12/2021, a home assessment was attempted at her residence and she was asked to come outside so that a home assessment tour could be completed. She refused the tour. It was explained to Ms. Bauer on the phone that she is on Pretrial supervision and there are certain conditions of release she must abide by and that the Judge ordered her to allow Pretrial officers to tour her residence. Ms. Bauer stated that it was a directive by the judge and not an order and she did not have to follow it. She also stated that she did not sign any conditions that she need to abide by. She indicated that the Court are depriving her of her rights and "this is one more charge against you."

*Id.*

The Government contacted DC PSA for an update on Defendant's compliance. On September 10, 2021, DC PSA indicated that they contacted PA Pretrial Services and PA stated that Bauer remains noncompliant, that PA had not heard from Bauer since the refused home assessment in August. PA indicated that they have not been able to supervise Bauer due to her noncompliance. Bauer was directed to call in to PA Pretrial Services weekly but has only done

that twice since starting her supervision, with the last call on June 30, 2021.  DC PSA was informed

that PA Pretrial Services agreed that Bauer should be removed from supervision.

Based on the above failures to comply with her conditions of release, the Government filed

a motion to revoke Defendant's pretrial release on September 14, 2021.  ECF No. 53.  The Court

held a hearing on the motion on September 17, 2021.   At the hearing, Defendant repeatedly

interrupted the Court, argued with the Court, and raised frivolous arguments. *See* Ex. A, 9/17/21

Transcript, at 3:1-17; 4:6; 10:6-10; 11:4-25; 14:11-25; 15:2-8.   Ultimately, Defendant refused to

agree to the conditions of her pretrial release and to cooperate with the Probation Office.   The

following colloquy is just one example of her conduct at the hearing:

> **The Court**:  Okay, ma'am, I'd love to hear from you on this.  So the
> Government is suggesting that you have not followed my directions, you've not
> allowed the Pretrial Services to tour your home, and you've not been in contact
> with the Probation Office.  If you'd approach and –
>
> **Defendant Bauer**:  Wouldn't that be agreeing to a tacit agreement, sir?
>
> …
>
> **The Court:**  All right.  Ma'am, am I correct in understanding that you've
> not been in contact with the Probation Office?
>
> **Defendant Bauer**:  No, sir, I don't want to agree to a tacit agreement which
> puts me back in the water, sir.
>
> *Id.* at 16:19-25; 18:19-23.

Following this exchange, the Court revoked defendant's pretrial release. *Id.* at 21:17-23.

Defendant filed an emergency motion for review of the detention order, ECF 60, and the

Court held a hearing on September 24, 2021, giving defendant yet another opportunity to

demonstrate a willingness to comply with conditions of pretrial release.  Once again, Defendant

was disrespectful and disruptive.  *See* Ex. B, 9/24/21 Transcript at 2:11-25; 3:15, 4:5-21.  She

stated to the Court that "I won't agree to your rules, codes, statutes, ordinance, bylaws and tacit agreement." *Id.* at 5:2-4. When the Court tried to ask her if she would cooperate with probation, Defendant interrupted the Court and challenged its jurisdiction. *Id.* at 6:18-24. The Court gave Defendant one last change to follow its directions and her response was "You know, judgment day is going to come for all of you that are doing things to make money off of mankind." *Id.* at 10:4-13. The Court declined to release Defendant. The D.C. Circuit affirmed. *See United States v. Bauer*, 2022 WL 298923, at *1 (D.C. Cir. Jan. 24, 2022) (noting defendant's "repeated insistence that the district court lacked jurisdiction over her and the thorough explanation of the conditions provided by both the district court and the magistrate judge").

On November 5, 2021, Defendant filed a second motion for reconsideration of the detention order, ECF No. 73, which the Court denied on January 25, 2022. ECF No. 97. Two days later, Defendant filed yet another motion for release, ECF No. 100, which the Court denied on February 8, 2022.

On June 27, 2022, the defendant filed another motion seeking reconsideration of the Court's decision – the Motion. ECF No. 137.

## II.     ARGUMENT

### A.  Standard of Review

Pursuant to 18 U.S.C. § 3142(f)(2), a court may reconsider pretrial detention determination at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See also United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014). In other words, the statute requires that a movant provide information that

is both "new" and "material." *See United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). And, in the context of a motion for reconsideration of a detention order – as the defendant has styled her motion – "a court will grant [such as motion] only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order", or "where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court." *United States v. Gamble*, No. 19 Cr. 348 (CKK), 2020 WL 588323, at *3 (D.D.C. Feb. 6, 2020) , *vacated and remanded on other grounds*, 810 F. App'x 7 (D.C. Cir. 2020) (internal citations and quotation marks omitted).

It follows, then, that "'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F.Supp.2d 9, 14 (D.D.C. 2010)). Indeed, "where litigants have once battled for the court's decision, they should [not] be ... permitted[ ] to battle for it again." *United States v. Hong Vo*, 978 F. Supp. 2d 41, 48 (D.D.C. 2013) (quoting *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (alterations in original)).

Previously available information—even if "material"—is not grounds to reopen a detention hearing. *See Lee*, 451 F. Supp. 3d at 5. And any "new" information is only "material" if it is "essential to, or capable of significantly affecting, the detention decision." *United States v. Worrell*, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021); *see also Lee*, 451 F. Supp. 3d at 5 (stating that, for purposes of reopening a detention hearing, information has a "material bearing" on detention if it "casts different light on any of [the Bail Reform Act] factors," and citing Black's Law Dictionary (11th ed. 2019), which defines "material" as "[h]aving some logical connection

6

with the consequential facts" or "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential.")).

### B.     The Defendant Has Not Presented Any New, Material Information or Identified Any Clear Error Warranting Pretrial Release.

In her Motion, Defendant cites four supposedly new and material facts that warrant reconsideration of the Court's detention order: (1) her father's illness; (2) "her role in the community"; (3) "both of her businesses being in jeopardy"; and (4) "not having the ability to freely and effectively communicate with" her new counsel. *See* Motion ¶ 24.  The latter three facts are not "new" and thus cannot provide a basis for reconsideration.  In any event, none of these facts have any bearing on whether Defendant is willing to comply with the conditions of pretrial release, and therefore they are not material to the issue.

As an initial matter, underlying the Motion is Defendant's assertion that she is now willing to abide by conditions of her pretrial release.  Motion ¶ 24.  This supposed change of heart, however, is not a "new" fact, as she previously made this assertion in prior motions for reconsideration.  *See* ECF Nos. 60, 73.  Nor is this opportunistic assertion particularly credible. Defendant made this same assertion in her original motion for reconsideration, ECF No. 60, and then days later refused to comply with conditions of release at the September 24 hearing.  *See* Ex. B, 9/24/21 Transcript at 5:2-4 ("I won't agree to your rules, codes, statutes, ordinance, bylaws and tacit agreement.").

Even assuming Defendant's change of heart is new or credible, none of the four facts asserted in the Motion warrant reconsideration of the detention order.  The Government will address each fact in turn.

First, Defendant notes that her father had a stroke in February 2022 and is now in need of constant assistance. Motion ¶ 20. Her father's medical condition, while regrettable, has no bearing on whether Defendant will comply with the terms of her pretrial release or her rejection of the Court's jurisdiction and authority.

Second, Defendant argues that her "role in the community" justifies reconsideration of the Court's pretrial release. There is nothing "new" about Defendant's role in the community that justifies reconsideration and, indeed, she raised this point in her prior motion to reconsider. *See* ECF No. 100. And nothing about her role in the community has any bearing on whether she is willing and able to comply with the conditions of her release. This fact, thus, carries no weight.

Third, Defendant argues that her businesses are in jeopardy and that this new fact justifies her release. Again, this fact has no bearing on her willingness to comply with conditions of pretrial release. Moreover, this fact is not truly new, as Defendant previously argued that she should be released because her presence was necessary for her business. *See* ECF Nos. 60, 100. This fact, thus, is neither material nor new.

Fourth, Defendant argues that her inability to easily communicate with counsel and prepare her defense justify pretrial release. She does not explain how this fact has any materiality regarding whether she is willing and able to comply with the conditions of her release. And, again, this fact is not truly new, as she previously asserted that her pretrial detention made it difficult to communicate with standby counsel and review evidence. *See* ECF No. 100. Notably, courts in this District have rejected arguments that covid-related restrictions on attorney visits justify pretrial release. *See, e.g.*, *United States v. Otunyo*, 2020 WL 2065041, at *9-10 (D.D.C. Apr. 28, 2020); *United States v. Leake*, 2020 WL 1905150, at *3-4 (D.D.C. Apr. 17, 2020). If the Court were to

accept Defendant's argument that detention hampered one's ability to prepare for trial, nearly every pretrial detainee would have a basis for being released.

In sum, the facts set forth by Defendant are neither new nor material to the issue of whether she will abide by the conditions of her release.  Reconsideration is therefore not warranted and the Court should deny the Motion in its entirety.

## CONCLUSION

Defendant has not proffered any facts that would materially alter this Court's decision to detain the defendant.  For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ James D. Peterson*
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

*s/ Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov

9

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Opposition to Defendant's Motion for

Reconsideration of Detention Order was served on all counsel of record via the Court's

electronic filing service.


_/s/ Joseph McFarlane_____
JOSEPH MCFARLANE
Trial Attorney


Date: July 11, 2022