UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-386 (TNM) |
| v. | : | |
| | : | |
| PAULINE BAUER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S AMENDED MOTION FOR DISCOVERY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Defendant Pauline Bauer's Amended Motion For Discovery (the "Motion") (ECF No. 144). In the Motion, Defendant submits a boilerplate laundry list of discovery requests, covering Rule 16 material, *Brady* material, impeachment material, Jencks Act material, and *Giglio* information. For the reasons that follow, the Motion should be denied.

**BACKGROUND**

In this case, the Government has produced case-specific information related to Defendant and her conduct at the Capitol on January 6, 2021. It has also produced the following:

- 1,676 files consisting of body-worn (BWC) footage from the Metropolitan Police Department recorded between 1:00 p.m. and 6:00 p.m. on January 6, 2021;

- 4,044 files (over one terabyte) consisting of U.S. Capitol Police (USCP) Closed Circuit Video (CCV) footage from 118 cameras (see September 29, 2021 discovery letter);

- 11,176 files (over 3 terabytes) consisting of USCP CCV footage from 339 cameras;
- 1,705 files consisting of USCP CCV footage from 58 cameras; and
- 142 files consisting of U.S. Secret Service surveillance exterior camera footage from January 6, 2021.

Defendant has not provided any reciprocal discovery, despite repeated requests from the Government.

## ARGUMENT

The Motion seeks discovery under Rule 16, *Brady*, Jencks and *Giglio*, a witness list, and the identification of expert witnesses. The Motion's boilerplate laundry lists of requests should be denied, as most of them are moot and the rest are premature.

First, the Motion seeks discovery under Rule 16 (*see* Motion Requests a, b, c, d, f, h). As discussed above, the Government has made voluminous discovery productions in this case, and these productions include all the material required to be produced under Rule 16. As a result, the requests for Rule 16 discovery should be denied as moot.[1]

Second, the Motion seeks various forms of *Brady* material (*see* Motion Requests e, o, p). To the extent such *Brady* material exists, it has been produced as part of the discovery discussed above. Thus, these requests should be denied as moot.

Third, the Motion seeks information about the Government's witnesses, including a list of witnesses and expert witnesses, Jencks Act material for those witnesses, and *Giglio* information

---

[1] Request g asks the Government to preserve evidence. The Government is taking such steps and, in any event, has produced evidence related to Defendant.

2

about those witnesses (*see* Motion requests i, j, k, l, m, n, q, r, s, t).[2] The Court has not yet set a scheduling order for the identification of trial witnesses. As a result, it is premature to order the Government to identify witnesses and premature for the Government to produce Jencks and *Giglio* information as to any witnesses. The Government is willing to agree to a scheduling order that sets forth deadlines for identification of witnesses and allows for a reasonable time period after that deadline to produce *Giglio* and Jencks material. Also, the Government notes that it does not intend to call any expert witnesses. In sum, these requests are premature and should be denied.

## CONCLUSION

The Motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ James D. Peterson*
JAMES D. PETERSON
Bar No. VA 35373
United States Department of Justice
1331 F Street N.W. 6th Floor
Washington, D.C. 20530
Desk: (202) 353-0796
James.d.peterson@usdoj.gov

*s/ Joseph McFarlane*

---

[2] These requests were also made in Defendant's Motion For Early Disclosure of All "Jencks Act" Materials (ECF No. 146); Motion To Compel Disclosure of Plea Bargains, Preferential Treatment, And Promises To Government Witnesses (ECF No. 143) and Motion to Compel Government to Disclose the Identity of Any Expert Witness (ECF No. 145). The Government incorporates herein its responses to those motions.

                PA Bar No. 311698
                United States Department of Justice
                1400 New York Ave NW
                Washington, D.C. 20005
                Desk: (202) 514-6220
                Mobile: (202) 368-6049
                joseph.mcfarlane@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Response was served on all counsel of record via the Court's electronic filing service.

                                           /s/ Joseph McFarlane
                                           JOSEPH MCFARLANE
                                           Trial Attorney

Date: August 8, 2022