UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 1:21-cr-386-TNM-2** |
| | : | |
| PAULINE BAUER | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DISCOVERY IN SUPPORT OF SELECTIVE-PROSECUTION CLAIM

Defendant Pauline Bauer seeks (ECF No. 148) to compel production of internal government correspondence concerning its charging decisions in her case. Bauer seeks such materials in aid of an allegation that the government selectively targeted her for prosecution. Because Bauer fails to establish the threshold showing required by *United States v. Armstrong*, 517 U.S. 456 (1996), her motion should be denied.

## FACTUAL BACKGROUND

The grand jury charged Bauer by superseding indictment (ECF No. 116) with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) & 2; entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(l); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

These charges stem from Bauer's conduct at the U.S. Capitol on January 6, 2021, as a Joint Session of Congress convened to certify the 2020 U.S. Presidential Election. The Capitol Building and exterior grounds were closed to the public and surrounded by law enforcement officers, barricades, and signage. As the congressional session convened, Bauer and others breached the

barricaded perimeter and charged the Capitol Building.  Video footage depicts Bauer entering the Capitol Building through the East Rotunda door tunnel at 2:43 p.m.  Minutes later, Bauer confronted law enforcement inside the Capitol Rotunda and yelled at officers to "bring them out or we're coming in" and "bring them out now, they're criminals and they need to hang."



Bauer further screamed, "bring Nancy Pelosi out here now we want to hang that f******g b***h!" and "we're coming in if you don't bring her out."



When an officer pushed Bauer back into the Rotunda interior, she yelled "f**k you - you son of a bitch, you back up" and pushed the officer back.



At 3:02 p.m., Bauer briefly engaged in another skirmish with law enforcement at the South entrance.

## ARGUMENT

Bauer's motion fails the threshold evidentiary showing for discovery on a selective-prosecution claim.  Her request should be denied.

### I.  Legal Framework

Because "[t]he Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws," a "presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their duties."  *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation marks and citations omitted).  This presumption "rests in part on an assessment of the relative competence of prosecutors and courts."  *Id.* at 465.  "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."  *Id.* (citation omitted); *see also United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) ("[J]udicial authority is … at its most limited when reviewing the Executive's charging determinations" because "the Judiciary …

generally is not competent to undertake that sort of inquiry.") (internal quotation marks and citations omitted).

To overcome that presumption, a defendant must present "clear evidence" that a decision to prosecute was "based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Armstrong*, 517 U.S. at 464-465. "The claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Id*. at 465 (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)).

Concerned that selective-prosecution inquiries "will divert prosecutors' resources and may disclose the Government's prosecutorial strategy," the Supreme Court has also imposed a "correspondingly rigorous standard for discovery in aid of such a claim." *Armstrong*, 517 U.S. at 468. The defendant must initially produce "some evidence tending to show the existence of the essential elements of" selective prosecution: "discriminatory effect and discriminatory intent." *Id*. (citation omitted). The defendant's evidence must also be "credible"—something more than "personal conclusions based on anecdotal evidence." *Id*. at 470. "If either part of the test is failed," the defendant cannot "subject[] the Government to discovery." *Att'y Gen. of United States v. Irish People, Inc*., 684 F.2d 928, 947 (D.C. Cir. 1982).

## II.   Discussion

Bauer alleges that the government selectively targeted her for prosecution. But her motion fails to adduce any credible evidence—as *Armstrong* demands—supporting an inference that (1) the government has treated her differently than other similarly situated January 6 defendants, or (2) any such disparity implicates her political association or another protected class.

### A.      Bauer's motion adduces no evidence of discriminatory effect.

In claiming disparate treatment, Bauer asserts that "[t]housands of individuals were present at the United States Capitol Building on January 6, 2021" but "many individuals were not arrested or charged in connection with these events."  ECF No. 148, at 3.

That the government has not yet charged everyone who involved in breaching the U.S. Capitol on January 6 says nothing.  The government has not cleared them of criminal conduct; these individuals have not yet been charged because the government has had to marshal an unprecedented level of investigatory resources to identify and charge each defendant who participated in the U.S. Capitol attack.  As this Court has correctly observed, "the Government continues to charge new individuals with offenses related to January 6."[1]  *United States v. Griffin*, 549 F. Supp. 3d 49, 58 (D.D.C. 2021).  For that reason, Bauer's effort to claim disparate treatment in comparison to an ever-expanding sample size is "unsupportable."  *Id*.

Bauer references one individual (Ray Epps) who breached police barricades and trespassed on Capitol Grounds.  ECF No. 148, at 3-4.  As just explained, the fact that any one person is not presently under indictment fails to demonstrate disparate treatment because the government's investigation and indictments continues to expand.  In addition, Bauer makes no effort to demonstrate that she is similarly situated to Epps.  Bauer forced her way into the Capitol Building, threatened to hang the Speaker of the House and other congressional members, and repeatedly scuffled with law-enforcement officers attempting to secure the building.  All this occurred as "[t]housands of congressional staffers," "hundreds of legislators and the Vice President" were

---

[1] As of July 7, 2022, the government had arrested 855 defendants for criminal conduct associated with the January 6 attack on the U.S. Capitol.  *See* U.S. Dep't of Justice, "18 Months Since the Jan. 6 Attack on the Capitol," at https://www.justice.gov/usao-dc/18-months-jan-6-attack-capitol (last visited July 26, 2022).  In the intervening month, the government has continued to investigate, arrest, and charge additional individuals.

inside the complex to attend "a constitutionally mandated proceeding." *United States v. Judd*, No. 1:21-cr-40, 2021 WL 6134590, at *5 (D.D.C. Dec. 28, 2021).   Given these clear conduct distinctions, Bauer has "failed to make a credible showing of different treatment of similarly situated persons"—as *Armstrong*'s first prong demands. *Id*. at *6 (internal quotation marks omitted); *see generally Branch Ministries v. Rossotti*, 211 F.3d 137, 145 (D.C. Cir. 2000) (asking whether "distinguishable legitimate prosecutorial factors … might justify making different prosecutorial decisions" in the defendant's case) (citation omitted).

  **B.**  **Bauer's motion adduces no evidence of discriminatory purpose.**

  With respect to *Armstrong*'s second prong, Bauer failed to adduce any evidence that improper motives undergird this prosecution.   Bauer's motion implies that the government charged her based on her political views.   But Bauer's comparator class—the rioters alongside her in the U.S. Capitol Building—"presumably … share [her] 'politics.'"   *Griffin*, 549 F. Supp. 3d at 58. That circumstance negates any inference that she has been singled out due to her political associations.

  The U.S. Attorney for the District of Columbia—as an officer of this Court—further represents that Bauer's political views played no role in his office's charging decisions in this case.

## CONCLUSION

For these reasons, Bauer's motion to compel discovery should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    /s/
James D. Peterson
Special Assistant United States Attorney
VA Bar 35373
1331 F Street N.W., 6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov


*s/ Joseph McFarlane*
PA Bar No. 311698
United States Department of Justice
1400 New York Ave NW
Washington, D.C. 20005
Desk: (202) 514-6220
Mobile: (202) 368-6049
joseph.mcfarlane@usdoj.gov