UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **PAULINE BAUER**, <br><br> Defendant. | Case No. 1:21-cr-00386-2 (TNM) |

### ORDER

A grand jury indicted Pauline Bauer on five counts related to her alleged conduct in the U.S. Capitol on January 6, 2021.  *See* Superseding Indictment, ECF No. 116.  This Order addresses some but not all of the ripe motions filed before Bauer's trial.

**ORDERED** that the Government's [122] Motion in Limine to Preclude Evidence-Argument in Other January 6 Cases is **GRANTED**; it is further

**ORDERED** that Defendant's [80] Motion to Dismiss Count One and [142] Amended Motion to Dismiss Count One of the Superseding Indictment are **DENIED**.  Many of the arguments Defendant makes against 18 U.S.C. § 1512(c)(2)'s application in these circumstances have already been rejected by this and other courts in this district.  *See, e.g.*, *United States v. Hale-Cusanelli*, No. 21-cr-37, 2022 WL 4300000, at *1 (D.D.C. Sept. 19, 2022).  Defendant also argues that certification of the Electoral College vote is not a "proceeding before the Congress" as defined in 18 U.S.C. § 1515(a)(1)(B) because it does not involve the administration of justice.  This is not persuasive.  The Court agrees with "[m]ost judges in this district" that § 1512(c) is not limited to a specific obstruction offense such as obstruction of the administration of justice.

*United States v. Seefried*, No. 21-cr-287, 2022 WL 16528415 (D.D.C. Oct. 29, 2022); *see also, e.g.*, *United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021).  It is further

**ORDERED** that Defendant's [147] Motion to Compel Retention of *Brady* or *Jencks* Material is **DENIED** as moot.  Defendant's request is unnecessary considering existing statutory and constitutional rights.  "Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83, 1194 (1963), all impose duties on the Government to disclose certain materials and evidence to criminal defendants."  *United States v. Vega*, 826 F.3d 514, 533 (D.C. Cir. 2016).  Relevant here, "those duties to disclose include[] a correlative duty to preserve that evidence in the first place."  *Id.*  It is further

**ORDERED** that Defendant's [145] Motion to Compel Disclosure of Expert Witnesses is **GRANTED**.

**SO ORDERED**.

Dated: December 14, 2022                                             TREVOR N. McFADDEN, U.S.D.J.