UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:21-cr-00386-TNM-2 |
| | : | |
| PAULINE BAUER | : | |
| | : | |
| **Defendant.** | : | |

## SUPPLEMENTAL AUTHORITY AND REFERENCE TO ADMITTED BUT UNREFERENCED EXHIBITS

The United States, by and through its attorneys, respectfully submits this supplemental brief providing additional authority and reference to admitted, but unreferenced, trial exhibits.

On January 20, 2023, after the conclusion of the presentation of evidence, this Court inquired as to the following question: if the Court credited an argument that the defendant believed the certification process was complete at the time she entered the U.S. Capitol building, would that be a bar to a conviction under 18 U.S.C. § 1512(c)(2).  The short answer is no if the defendant took any substantial step to fulfill her intent.   If the defendant genuinely believed the certification proceeding was over and fully complete, and never took any substantial step to fulfill her intent, then she cannot be found guilty of the 1512.   In order to prove a violation of 18 U.S.C. § 1512(c)(2), the government must prove that the defendant corruptly intended to obstruct, influence, or impede any official proceeding, or attempted to do so.   Merely obstructing the general business of Congress is not sufficient under 18 U.S.C. § 1512 (c)(2).

To start, the Court's question requires it to credit the defendant's testimony that her hearing someone else saying that "Pence threw Trump under the bus" equates to the certification process being over, and thus, her conduct was wholly independent from the proceeding in and of itself. As

previously argued, the evidence belies that contention. *See generally* defendant's Facebook posts (Exhibits 100-111, 122), as well as the video footage that captures the defendant's words and conduct from the time of the East Plaza breach at 1:59 pm until her breach of the East Rotunda door at 2:44 pm (Exhibits 114-118, 217-221, 301-323).

More importantly, the government believes that her testimony did not articulate a coherent belief that the proceedings were over. *See, in contrast*, *United States v. Griffin*, 21-cr-92 (TNM) Mar. 22, 2022, trial transcript pgs. 283-4.[1]  Instead, the defendant testified that she thought that Speaker Pelosi had the authority to decertify the Presidential election on January 6, 2021, that she had blacked out, that she was triggered, and that she heard that "Pence threw Trump under the bus." *See also* Exhibit 112 (where the defendant yells "Bring Nancy Pelosi out here now. We want to hang that fucking bitch."), Exhibit 105 (where the defendant comments on Jan. 8, 2021 "We all got maced trying to stop what was happening"), Exhibit 203, time stamp 1:55:03 pm – 1:59:24 pm showing the motorcade relocating from the East Plaza but no politicians or officials get into the vehicles).  In fact, the trial record demonstrates that the Electoral College certification ***objection*** process began after Vice President Pence refused to recognize an alternate slate of electors. *See* Exhibits 201 at elapsed time 2:32 Cong. Rec., 505, 506.  This level of ambiguity neither supports the defendant's personalized contention that she believed that the proceeding had concluded nor supports any reasonable inference that such was the case. It is also patently unreasonable to believe that a person who repeatedly talks – before, during, and after the riot – about the election certification just miraculously believed it was all over right before she entered the building.

---

[1] The government ordered an expedited copy of the trial transcript, but as of the time of filing the government has not received the transcript.

Conversely (and to the contrary), the government proved beyond a reasonable doubt that the defendant's intent was clear, and her *actus reus* – participating in a mob and trespassing into the U.S. Capitol during the time the proceeding was supposed to occur – sufficiently establishes her corrupt purpose and understanding.[2]

Indeed, a person need not physically enter the building to prove a Section 1512 violation in this context either. *See, e.g.*, *United States v. Guy Reffitt*, 21-cr-32-DLF (jury finding the defendant violated §1512 but did not enter the building) and *United States v. Elmer Stewart Rhodes III*, 22-cr-15-APM (same). Rather, so as long as the defendant possesses the specific intent to obstruct or hinder the proceeding, the burden has been satisfied. Moreover, to the extent there is any plausible evidence that the defendant genuinely believed the certification to be over, the defendant may still be convicted under the attempt portion of the statute. To that end, if the defendant took any substantial step in furtherance of her corrupt intent – i.e., trespassing or joining a mob – she certainly attempted to obstruct Congress, even if her timing failed. *See United States v. Gordon*, 710 F.3d 1124, 1148 (10th Cir. 2013) (liability under 18 U.S.C. § 1512 (c)(2) for attempt); Government's Trial Brief, ECF No. 171, at 10 (aid and abet). Here, the defendant exhibited specific intent when she explicitly stated on January 4, 2021 "Make sure you decertify the Presidential election Nancy. The Lord is watching" and on January 3 "You have 3 days to make it right. Chose wisely because we the people are done with your lies" (Exhibit 122), Chants of "Stop the Steal" at the East Rotunda door shortly before entry at 2:44 pm (Exhibit 116, elapsed

---

[2] As the Court knows, the *actus reus* element of §1512(c)(2) is admittedly broad. *See, e.g.*, *Marinello v. United States*, 138 S. Ct. 1101, 1106 (2018) ("The statutory words "obstruct or impede" are broad. They can refer to anything that "block[s]," "make[s] difficult," or "hinder[s].'").

3

time 1:12- 1:28).³   Of course, the aforementioned Exhibit 105 is the defendant's statement of her own intent on January 6, 2021, made after January 6, 2021.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        DC BAR NO. 481052

By:

        /s/ James D. Peterson
        James D. Peterson
        Special Assistant United States Attorney
        Bar No. VA 35373
        United States Department of Justice
        1331 F Street N.W. 6th Floor
        Washington, D.C. 20530
        Desk: (202) 353-0796
        Mobile: (202) 230-0693
        James.d.peterson@usdoj.gov


        *s/ Joseph McFarlane*
        PA Bar No. 311698
        United States Department of Justice
        1400 New York Ave NW
        Washington, D.C. 20005
        Desk: (202) 514-6220
        Mobile: (202) 368-6049
        joseph.mcfarlane@usdoj.gov

---

³ To be clear, the government must prove – in the context of this charge – that the defendant understood that some relevant proceeding was occurring before the Congress. Merely obstructing the general business of Congress would not be sufficient. *See United States v. Rodriguez*, 2022 U.S. Dist. LEXIS 157483, at *7-8 (D.D.C. Aug. 31, 2022). While the law does not require that the defendant knew the intricacies or details of the certification process itself, it does require that the defendant have in mind a proceeding, rather than some generic knowledge of congressional operations.