IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL REQUEST FOR DOWNWARD VARIANCE**

**AND NOW**, comes Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her attorney, Komron Jon Maknoon, Esquire, pursuant to 18 U.S.C. § 3553, and hereby respectfully requests this Honorable Court grant her a downward variance from the properly calculated recommended Guideline sentencing range. As grounds in support thereof, Ms. Bauer files the within Supplemental Motion for Downward Variance and avers the following:

**INTRODUCTION**

"The history of the Sentencing Reform Act and the Guidelines commentary demonstrate that departures were intended to play a vital role in the operation of the guidelines system; first, by informing the Sentencing Commission of factors not adequately considered in the Guidelines that could be subject of future amendments, and second, by providing sentencing courts an opportunity to adjust sentences to the infinite variety of individual circumstances that no system of guidelines could conceivably take into account*." United States v. Emmenegger*, 329 F.Supp.2d 416 (S.D.N.Y. 2004) (citing *Koon v. United States*, 518 U.S. 81, 92-94 (1996)). Departure is thus "essential to the satisfactory functioning of the sentencing system." *United States v. Milikowsky*, 65 F.3d. 4, 7 (2d Cir. 1995).

1

Courts have granted downward variances under §3553(a) factors including defendant's lack of criminal history, *see United States v. Huckins,* 529 F.3d 1312 (10th Cir. 2008); characteristics of the defendant such as motivation, intelligence, and stability, *see United States v. Autery*, 555 F.3d 864 (9th Cir. 2009); family circumstances of the defendant, *see United States v. Lehmann,* 513 F.3d 805 (8th Cir. 2008); and diminished need to protect the public due to low risk of reoffending, *see United States v. Grossman,* 513 F.3d 592 (6th Cir. 2008). A court may grant a departure and a variance in the same sentence.

"Post-Booker precedent instructs district courts to follow a three-step sentencing process." *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), citing *United States v. King*, 454 F.3d 187 (3d Cir. 2006). First, the district courts must calculate the defendant's Guidelines sentence as they would before *Booker;* second, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-Booker case law, which continues to have advisory force." *King*, 454 F.3d at 196; third, they must "'exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors,' *Id.* at 194 (quoting Cooper, 437 F.3d at 329), in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines." *Gunter,* 462 F.3d at 247.

Pursuant to the newly proposed federal sentencing guidelines amendment, Ms. Bauer asserts there is a justifiable reason for a downward variance from the standard sentencing guidelines. Based upon a total offense level of 16 and a criminal history category of I, the advisory guideline range for Ms. Bauer was 21 months to 27 months. Ms. Bauer was sentenced to a term of 27 months of incarceration on Count 1s, a term of 12 months of incarceration on Counts 2s, 3s, and a term of six (6) months of incarceration on Counts 4s, 5s, with all terms to run concurrently.

**FACTORS SUPPORTING DOWNWARD VARIANCE**

    A. <u>Amendment 821</u>

On November 1, 2023, a proposed amendment to the federal sentencing guidelines referred to as "Amendment 821" or the "2023 Criminal History Amendment" took effect. Amendment 821 created a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders) providing a decrease of two levels from the offense level determined under Chapters Two and Three "if the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848."[1]

In light of this new amendment, Ms. Bauer respectfully requests the court for a two-point reduction as she is a true zero-point offender who did not receive any criminal history points under

---

[1] *See* https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text amendments/202305_Amendments.pdf

Chapter Four, Part A. While Ms. Bauer believes she meets all the criteria to be eligible for the two-point reduction, she also finds it important to address aggravating factor number three (3) to illustrate how it does not apply to her offense. The first prong of aggravating factor number (3) states that to be eligible for a decrease of two levels, the defendant must not have used violence in connection with the offense. The term "violence" is defined as the use of physical force, usually accompanied by fury, vehemence, or outrage; especially physical force unlawfully exercised with the intent to harm. *See* VIOLENCE, Black's Law Dictionary (11th ed. 2019). In the instant case, while Officer T.C. was performing his duties, he attempted to push Ms. Bauer away from the area he was protecting. In response, Ms. Bauer used slight force to push him/his arm away. This was a pure reaction to being pushed by Officer T.C. rather than physical force with the intent to harm or accompanied by fury, vehemence, or outrage. Thus, Ms. Bauer's conduct should be considered an immediate reaction rather than violence in connection with the offense.

Further, the second prong of aggravating factor number three (3) indicates that the defendant must not have used credible threats of violence in connection with the offense. Here, a credible threat means "a threat made with the intent and the apparent ability to carry out the threat." S.D. Codified Laws § 22-19A-6. At the time of the offense, Ms. Bauer yelled, "We want Nancy Pelosi, that's who we want" and "bring them out, you bring them out or we're coming in." She then yelled, "They're criminals. They need to hang," and "Bring Nancy Pelosi out here now. We want to hang that fucking bitch. Bring her out." Although Ms. Bauer's statements are serious, she did not have the ability at the time of the offense to carry out her threat due to the numerous officers guarding the corridor. It is also important to recognize that Ms. Bauer did not make any attempts to break through the line of officers to carry out the threats, thereby making her threats of violence not credible. Additionally, Ms. Bauer's demand to bring Nancy Pelosi outside was clearly

impracticable and clearly said out of anger. Her actions never illustrated that she actually intended to "hang Nancy Pelosi." Therefore, aggravating factor number three (3) does not apply to Ms. Bauer's offense. Thus, Ms. Bauer's offense did not involve any of the specified aggravating factors listed in the amendment. If the two-point reduction is applied to Ms. Bauer's offense level, this would bring her guideline range down to 15 months to 21 months.

Undersigned counsel is currently awaiting a response from Assistant United States Attorney Jim Peterson to an email sent on November 10, 2023, regarding his position on the within motion.

**WHEREFORE,** for the above-stated reasons, Ms. Bauer respectfully requests this Honorable Court grant her request for a downward variance.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

MAKNOON & ASSOCIATES, LLC.
438 Division St., 2nd Floor
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Pauline Bauer