IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 1:21-cr-00386 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| PAULINE BAUER, | ) | The Honorable Trevor N. McFadden |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT
PAULINE BAUER'S SUPPLEMENTAL REQUEST FOR DOWNWARD VARIANCE**

**AND NOW**, comes Defendant, Pauline Bauer (hereinafter "Ms. Bauer"), by and through her attorney, Komron Jon Maknoon, Esquire, and files this reply to the government's response (*See* ECF Doc. No. 193) to Ms. Bauer's Supplemental Request for Downward Variance (*See* ECF Doc. No. 192). As grounds in support thereof, Ms. Bauer avers the following:

### I.     APPLICATION OF U.S.S.G. § 4C1.1

In this instant matter, the Defense is in agreement with the government regarding the elements of United States Sentencing Commission Guidelines § 4C1.1 that should be considered by this Court and that it may be applied retroactively pursuant to § 1B1.10. The Defense and government disagree on the applicability of exclusionary criteria as argued in their respective briefs.

### II.    REPLY TO GOVERNMENT'S POSITION THAT APPLICATION OF § 4C1.1 IS NOT WARRANTED

**A.  Ms. Bauer is not subject to any of the ten exclusionary criteria.**

1

In the government's opposition to Ms. Bauer's eligibility for a reduction under Amendment 821 to the Guidelines, § 4C1.1, Ms. Bauer's actions towards Officer T.C. are discussed. The government states that Ms. Bauer "physically assaulted officer T.C. by laying hands on him and telling him 'Fuck you, you fucking [-----]'" (*See* ECF Doc. No. 193 at 5). The government cites Officer T.C.'s testimony in which he states that Ms. Bauer pushed back against his baton, while he used a "civil disturbance technique" of pushing his baton forward as he told the crowd to back up. Ms. Bauer asserts that her conduct in this situation, while serious, does not amount to the definition of "violence." As addressed in Ms. Bauer's Supplemental Request for Downward Variance, the term "violence" is defined as the use of physical force, usually accompanied by fury, vehemence, or outrage; especially physical force unlawfully exercised *with the intent to harm*. *See* VIOLENCE, Black's Law Dictionary (11th ed. 2019). The slight force Ms. Bauer used to push Officer T.C.'s baton back was a pure reaction to being pushed forward by Officer T.C.'s baton. Ms. Bauer's physical force was not accompanied by the intent to harm or by fury, vehemence, or outrage towards Officer T.C. directly. Thus, Ms. Bauer's conduct should be considered an immediate reaction rather than violence in connection with the offense.

The government further argues that Ms. Bauer is not eligible for a reduction under § 4C1.1 considering her "credible threat of violence against Speaker of the House Nancy Pelosi" (*See* ECF Doc. No. 193 at 5). The government claims that Ms. Bauer's threats towards Nancy Pelosi were credible because she was "only feet from Speaker Pelosi's office." *Id.* As seen on the map of the Capitol floor (*See* ECF Doc. No. 193 at 7; *see also* ECF Doc. No. 171 at 6), Ms. Bauer's location in the Rotunda is two hallways down, at least 15 yards, from Nancy Pelosi's office. Additionally, the government's use of publicly released videos depicting other individuals searching for Nancy

2

Pelosi near her office is simply inflammatory and does not make Ms. Bauer's threat more or less real or imminent.

Finally, the government asserts that because the events on January 6, 2021, were violent as whole, Ms. Bauer should not be eligible for a reduction under § 4C1.1. In its opposition, the government states, "every rioter, whether or not they personally engaged in violence or personally threatened violence, contributed to this harm" (*See* ECF Doc. No. 193 at 7). This argument fails as the requirement under § 4C1.1 states that *the defendant* must not have used violence or credible threats of violence in connection with the offense. Thus, when determining eligibility under § 4C1.1, it is a crucial factor whether the individual personally engaged in violence or personally threatened violence.

### B. Reply to the government's assertion that Section 3553(a) factors advise against a sentence reduction.

In opposition to Ms. Bauer's request for a downward variance based on Amendment 821, the government illustrates that a district court has discretion in deciding whether to reduce a sentence. First, the government claims that Ms. Bauer's conduct of perjuring herself while testifying should also be considered in addition to her actions on January 6, 2021. The government presents a plethora of cases in which courts have denied sentence reductions based on circumstances outside of the defendants' conduct. Notably, the case law presented is only persuasive authority. On the other hand, this Court has granted sentence reductions despite circumstances outside of the defendant's conduct.[1] During Ms. Bauer's sentencing, she revealed

---

[1] *See, e.g., United States v. Harris*, 258 F. Supp. 3d 137 (D.D.C. 2017) (granting of sentence reduction despite defendant's conduct based on factors including compliance with supervised release terms, respectful and honest demeanor at the motion hearing, the change in his circle of friends, his gainful employment, and his diligence in working to improve his life); *United States v. Wilson*, 680 F. Supp. 2d 229, 231 (D.D.C. 2010) (reduction in sentence granted despite the

that she had never been interested in politics and had never thought of herself as a political person until the onset of the COVID-19 pandemic. Her visit to Washington, D.C. was motivated by her desire to witness Senator Mastriano addressing state issues that directly impacted her restaurant. Senator Mastriano was scheduled to speak at Freedom Plaza, but the location was changed to the Capitol Building. So, Ms. Bauer and her group headed to the west side of the Capitol Building to listen to Senator Mastriano's speech.

Following her sentencing hearing, Ms. Bauer demonstrated exemplary behavior during her incarceration. Since her release to the half way house in Pittsburgh, Pennsylvania, she has diligently complied with the terms of the center and this Court. Additionally, she has successfully obtained employment at a local restaurant. Notably, she has chosen not to engage in discussions about the events of January 6, 2021, and she remains committed to maintaining a non-political stance. Mr. Bauer's post-sentencing behavior illustrates her dedication to reintegration.

Further, the government notes that a sentence reduction for Ms. Bauer would counter the need for deterrence, considering the predictiveness of recidivism for defendants who engaged in the events of January 6. To support this claim, the government looks towards "the degree to which individuals, including defendants who have been sentenced, continue to propagate the same visceral sentiments which motivated the attack" (*See* ECF Doc. No. 193 at 9). While this might be accurate for some individuals, Ms. Bauer's interaction with the criminal justice system has significantly deterred her from future criminal behavior and she has developed a deep respect for the law. Ms. Bauer has reflected on her conduct at the Capitol and genuinely regrets her actions. Since being arrested for the instant offense, Ms. Bauer has not used social media and has refrained

---

defendant's misconduct at the federal institution where he was serving his sentence because reducing the sentence furthered the policy objectives to be achieved through federal sentencing including the need to impose a sentence sufficient but not greater than necessary).

from engaging with negative influences. She now identifies as non-political and intends to remain that way. Therefore, Ms. Bauer poses no threat to society and her post-sentencing conduct is positive, indicating a high probability of rehabilitation.

**WHEREFORE,** for the above-stated reasons, Ms. Bauer respectfully requests this Honorable Court grant her request for a downward variance.

Respectfully submitted,

 *s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

MAKNOON & ASSOCIATES, LLC.
438 Division St., 2nd Floor
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Pauline Bauer